# EXHIBIT
# P

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VISTO CORPORATION, | CIVIL NO. 2:06-CV-181(TJW) |
| **PLAINTIFF** | |
| VS. | |
| RESEARCH IN MOTION LIMITED, AND RESEARCH IN MOTION CORPORATION | |
| **DEFENDANTS.** | |

## AGREED PROTECTIVE ORDER

Plaintiff Visto Corporation ("Visto") and Defendants Research In Motion Limited ("RIM Ltd.") and Research In Motion Corporation ("RIM Corp.") (collectively, "RIM") stipulate that the following Protective Order regarding confidential information may be entered by the Court:

1.    **INTRODUCTION AND SCOPE**

This Protective Order shall govern all documents and things (whether or not embodied in any physical medium) exchanged during this action, including but not limited to documents produced by the parties or non-parties, testimony taken at a hearing or other proceeding, and discovery, including but not limited to deposition testimony, interrogatory answers, and responses to requests for admission.

Production or disclosure of "CONFIDENTIAL," "CONFIDENTIAL –
ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY –

COMPUTER SOURCE CODE" information under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.

## 2.    DISCOVERY RULES REMAIN UNCHANGED

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure  and the Court's Deadlines set out in the applicable Scheduling Order.  Nothing in this Order shall be construed to require a party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court.

## 3.    DEFINITIONS AND DESIGNATIONS

### 3.1    Discovery Material

The term "Discovery Material" shall refer to all documents and information governed by this Order.

### 3.2    Protected Information

Protected Information is defined in this Order as any Discovery Material that the Disclosing Party in good faith designates as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE."

Any Protected Information obtained by any party from any person pursuant to discovery in this litigation or otherwise may be used only for purposes of preparation and litigation of this matter and matters between the same parties or Related Entities to this litigation, and may not be used for any other purpose, including but not limited to use in other unrelated

litigations, use for business purposes, or use for patent prosecution or for providing strategic patent prosecution advice other than specifically provided for in Section 5 of this Protective Order.

### 3.3    Confidential Information

Discovery Material may be designated as "CONFIDENTIAL INFORMATION" where such Discovery Material relates to non-public, sensitive or confidential information. For purposes of this Protective Order ("Order"), "CONFIDENTIAL INFORMATION" shall mean all information or material which is produced for or disclosed, either through the formal discovery process or informally, to a Receiving Party; which a Producing Party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential research, development, commercial, or other information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

**3.4**    The following is not "CONFIDENTIAL INFORMATION," "CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE:"

    a. any information which, at the time of disclosure to a Receiving Party, is lawfully in the public domain;

    b. any information which, after disclosure to a Receiving Party, lawfully becomes part of the public domain as a result of publication not involving a violation of this Order;

3

c.  any information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; and

d.  any information that a Receiving Party can show was independently developed by it after the time of disclosure by personnel who have not had access to the Producing Party's Protected Information.

**3.5    Confidential - Attorney's Eyes Only**

A party may additionally designate Discovery Material as "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Discovery Material may be designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" if such Discovery Material contains particularly sensitive confidential information that the Designating Party believes in good faith cannot be disclosed to a competitor without threat of competitive injury because such Discovery Material contains trade secret or other proprietary or commercially sensitive information.

**3.6    Confidential - Attorneys Eyes Only - Computer Source Code**

Discovery Material containing computer source code or similar confidential programming statements or instructions that in general are converted into machine language by compilers, assemblers, or interpreters may be designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE."

**3.7    Outside Counsel**

The term "Outside Counsel" shall mean outside attorneys for the parties working on this case or other cases between the same parties or Related Entities, including support personnel, technical advisors, paralegals, consultants, legal secretaries, and legal clerks in connection with this case or cases between the same parties or Related Entities.

**3.8    Outside Consultant**

The term "Outside Consultant" shall mean any outside person (and their support personnel) who is not an employee of a party and who is identified as an expert whose opinions may be presented at trial of this case or cases between the same parties or Related Entities, or is retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, including but not limited to, a proposed expert witness with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof. This term is to be construed within the meaning of Fed. R. Civ. P. 26(b)(4)(a)-(b).

**3.9    Related Entity**

A Related Entity is defined in this Order as any parent, subsidiary or other legal business entity owned or controlled by a common parent.

**4.    TIME AND MANNER OF DESIGNATION**

**4.1    Time of Designation**

Designation of Discovery Material shall be made at the following times:

4.1.1    For documents and things, prior to or at the time of the production of the document;

4.1.2    For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first;

4.1.3    For any form of testimony, either (a) at the time that such testimony is given, or (b) within thirty (30) calendar days after the receipt of the transcript of such testimony by the Designating Party. Until the expiration of thirty (30) calendar days after receipt of the transcript of such testimony by the Designating Party, all testimony will be treated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

**4.2    Manner of Designation**

Designation of Discovery Material shall be made by placing the notation "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" on the Discovery Material in the following manner:

4.2.1    For documents, on each page of such document;

4.2.2    For tangible items, on the object or container thereof; or, if not practicable, as otherwise agreed by the parties;

4.2.3    For declarations, written discovery responses, court filing or pleadings, on the face of such document;

4.2.4    For testimony, Outside Counsel for either party may designate on the record at the deposition any testimony as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" under this Order.  Each page of the designated testimony and any exhibit on which a witness gives testimony designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be treated in accordance with the terms of this Order;

4.2.5    Computer source code may be so designated by affixing the legend "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE" on the media itself;

4.2.6    All "CONFIDENTIAL INFORMATION," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Sections 4.2.1 – 4.2.5, shall be designated by informing the Receiving Party of the designation in writing; and

4.2.7   To the extent the Receiving Party subsequently generates copies of this information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations.   When documents are produced in electronic form, the Producing Party shall include the confidentiality designation on the medium containing the documents.  In the event that the Receiving Party prints documents from such medium, the Receiving Party shall mark each such page of the documents with the appropriate designation.

**4.3    Non-Party Discovery**

4.3.1   The parties recognize that, during the course of this case and cases between the same parties or Related Entities, non-parties may be called upon to produce "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" Discovery Materials.  In such a case, the non-party who must produce such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Information.

4.3.2   Information originating with a non-party and in a Producing Party's custody or control that a Producing Party reasonably and in good faith believes is subject to a confidentiality obligation may designate the Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" and the Protected Information shall be subject to the restrictions on disclosure specified in this Order. The foregoing notwithstanding, if a party has a good faith belief that the production of Discovery Material is objectionable on the

7

grounds that the requested Discovery Material is subject to a third-party confidentiality obligation, the Producing Party shall confer with the non-party to resolve the confidentiality issue.  If this issue cannot be resolved then the Producing Party shall (1) immediately notify the Receiving Party; (2) identify the non-party; (3) provide the Receiving Party with the portion(s) of any agreement containing the alleged obligation of confidentiality; and (4) provide a schedule of all documents and things being withheld on the basis of the third party confidentiality obligation.  All parties shall attempt to resolve all disputes promptly, informally, and in good faith.  If the parties are unable to resolve the matter, the prospective "Receiving Party" may seek relief from the Court.  In any such dispute, the Producing Party shall have the burden of showing good cause as to why disclosure is not warranted.  No disclosure is required until the objection is resolved.

4.3.3    A nonparty's use of this Order to designate Protected Information does not entitle that nonparty access to any other Protected Information produced by any party in this case.

**4.4      Changing the Designation of Discovery Material**

In the event any party desires to change the designation of Discovery Material that is produced from no designation to "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE," or from one such designation to another, such party may do so by notice in writing specifically identifying the Discovery Material and furnishing a copy of such Discovery Material with the new designation. In such event, the Receiving Party shall thereafter treat such information with the new designation pursuant to this Order, as well as undertake a

8

good faith effort to correct any treatment of the information inconsistent with the new designation.

### 4.5   Resolution of Disputes Regarding Designation

The parties will use reasonable care in designating information as Protected Information. In the event that the party receiving Protected Information disagrees with the designation (or changed designation) by the Designating Party, such a challenge shall be written, shall be served on counsel for the Producing Party and shall particularly identify the documents or information that the Receiving Party contends should be designated differently. The parties will engage in an good faith effort to try to resolve the dispute on an informal basis. If the parties are unable to resolve such a dispute informally within five (5) business days of having requested a meeting of counsel, the Receiving Party may apply to the Court for relief at any time. Any such disputed items shall be treated as originally designated by the Designating Party and subject to the protections of this Order unless and until the Court determines otherwise. Neither party shall be obligated to challenge the propriety of any designation, and failure to do so shall not constitute an admission that any item or information is in fact considered proprietary.

### 4.6   No Presumption of Protected Status

This Order does not address discovery objections nor preclude either party from moving for any relief cognizable under the Federal Rules of Civil Procedure or this Court's inherent power. Nothing in this Order creates a presumption or implies that information designated as Protected Information actually constitutes a trade secret, is proprietary, or is otherwise protectable information. If a Receiving Party believes that any information is improperly designated under this Order, it may, at any time, contest such designation. Protected Information that is subject to such a dispute shall, until further order of this Court, be treated consistently with its designation by the Designating Party.

9

**5.     USE OR DISCLOSURE OF PROTECTED INFORMATION**

Documents and things exchanged during this litigation shall only be used in this case or other cases between the same parties or Related Entities (as that term is defined herein), and their use shall be governed by this Protective Order.  Documents and things exchanged during this case shall not be used for drafting, filing or prosecuting new or currently pending patent applications, including re-examination and/or reissues with the exception that

(1) persons receiving such documents and things in accordance with this Protective Order shall not be precluded from using knowledge gained from such documents and things in connection with prosecution of re-examination, reissues, and/or oppositions of patents involved in this or related suits in the United States, foreign counterparts of same, and/or reasonably related patents, provided that no such documents and things or information contained therein is disclosed in contravention of this Protective Order; and

(2) persons receiving information designated as "CONFIDENTIAL," but not designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" OR "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" under this Protective Order, shall not be precluded from using knowledge gained from such documents and things in connection with prosecution of continuations, divisionals, or foreign counterparts of patents involved in this suit or other suits between the same parties or Related Entites.

No Receiving Party or other person receiving any Protected Information in accordance with this Order shall disclose or permit the disclosure of any such Protected Information to any other person or entity, except the following:

**5.1     Disclosure of "CONFIDENTIAL INFORMATION" Discovery Material**

Protected Information that has been designated "CONFIDENTIAL INFORMATION" and such copies as are reasonably necessary for maintaining, defending or

evaluating this case or cases between the same parties or Related Entities, may be furnished and

disclosed to Outside Counsel for a Receiving Party and may be made to a maximum of eight (8)

employees or regular consultants of a party or employees in the Receiving Party's legal

department at the direction of Outside Counsel involved with maintaining, defending or

evaluating this case or cases between the same parties or Related Entities (and supporting

personnel).

Each party shall designate the employees who will receive Discovery Material

under this paragraph and must notify the Designating Party of the identity of each such employee

at least five (5) calendar days before the disclosure of Protected Information to such employee.

At the same time, the Designating Party will also provide a duly executed copy of the

Confidentiality Agreement attached as Exhibit A. If, within the five (5) calendar day period, the

Designating Party objects in good faith to the proposed disclosure to the designee and brings a

motion for protection, disclosure shall not be made until and unless this Court orders disclosure

to that designee.   This Court shall deny objections to disclosure to a designee unless the

Designating Party shows good cause why the proposed disclosure should not be permitted.

### 5.2    Disclosure of "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Discovery Material

Disclosure of Protected Information that is designated "CONFIDENTIAL –

ATTORNEY'S EYES ONLY" may be made only to Outside Counsel and Outside Consultants,

as those terms are defined above, in this case or cases between the same parties or Related

Entities. Outside Consultants must comply with the provisions of Section 5.4.1, below.  In no

event shall an employee, officer, or director of any party to this action or of any competitor of

any party to this action have access to Protected Information relating to patent licensing matters,

11

related merger and acquisition activities, or source code without a court order or the written consent of the Designating Party.

**5.3    Review of Source Code**

5.3.1    To the extent source code is produced in this action, access to such source code will be given only to those individuals for the Requesting Party who are authorized under this Order to have access to Discovery Material designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY"

5.3.2    Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, a Receiving Party may only review Source Code on "stand alone" computers (i.e., computers that may be networked together by a private wired network, but that are not connected to any other network, internet or peripheral device except that the stand-alone computers may be connected to printer or printers), at (i) for RIM at the offices of Haynes and Boone in Dallas, Texas, and (ii) for Visto at the offices of McKool Smith P.C. in Dallas, Texas. Access is to be made available during regular business hours (8:00 a.m. to 6:00 p.m. local time) on 48 hours' notice. The requesting party shall make its best efforts to restrict access to normal business hours, but should circumstances require, access will also be provided from 8:00 a.m. to 6:00 p.m. on Saturdays and Sundays, and/or from 6:00 p.m. through 12:00 midnight on weekdays.

5.3.3    The parties will produce Source Code in computer searchable format. The Producing Party must allow printing of paper copies of the Source Code at the time of inspection by the Requesting Party, which the Requesting Party may take when completing an inspection. The Producing Party will provide the Receiving Party with Bates number labels and confidentiality labels stating

12

"CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE," and the Receiving Party will affix the Bates number labels and confidentiality labels to all source code printed, and provide a copy to the Producing Party. The Receiving Party of such Source Code must keep that code in a secured container or location at all times. Paper copies of Source Code may not be copied and may not be removed from a secured container or location unless in a secured, private area. Notwithstanding the foregoing sentence, Outside Counsel may make copies of the paper copies for use as exhibits in court proceedings and at depositions. The Requesting Party shall maintain a complete log of Bates numbered pages printed, and shall produce such a log at the time its first expert reports are delivered. For security purposes, this log must be produced to the Producing Party regardless of any other stipulation limiting expert discovery. Further, the log will be supplemented with each new expert report and 10 days after trial. The Producing Party shall not undertake any effort to track or otherwise determine which pages of code have been printed. The Producing Party shall not videotape or otherwise monitor review of code by the Requesting Party.

5.3.4    Diagnostic software may be used to perform searches of the source code, however, no portions of the source code may be downloaded. A back-up copy of the source code may be created on a stand-alone computer and searching tools may also be used to inspect the code, to annotate, number the lines of, and bates label the pages of, the back-up copy of the code. The back-up copy will remain on a stand-alone computer and be subject to all the provisions of this Protective Order that govern source code.

13

5.3.5   To the extent necessary, the Receiving Party may leave work product or other materials to which it claims privilege stored on the computer(s) on which the source code has been provided for a period not to exceed fourteen (14) calendar days. After notification by the Receiving Party that such work product or other materials to which it claims privilege are stored on the computer(s), personnel of the Producing Party may not examine the contents of the machine on which the source code has been provided, except for administrative reasons upon 48 hours notice explaining the reason for the necessity to examine the machine. At the expiration of this fourteen (14) calendar days period, the Receiving Party will remove any such work product or other materials to which it claims privilege and the Producing Party will no longer be restricted in its access to the machine. This clause in no way restricts a party's ability to continue its review of the source code for longer than 14 days.

**5.4    General Disclosures**

Notwithstanding the restrictions set forth above, the following disclosures may be made in accordance with this Order:

**5.4.1   Outside Consultants**

5.4.1.1   Subject to the requirement that the person(s) receiving the Protected Information duly execute the Confidentiality Agreement attached as Attachment A and this section, disclosure of Protected Information may be made to Outside Consultants.   Prior to disclosing any Protected Information to any Outside Consultant, Outside Counsel for the Receiving Party shall determine that disclosure of particular Protected Information to an Outside

14

Consultant is, in that counsel's good faith judgment, reasonably necessary to the party's representation.

**5.4.1.2**  Prior to the disclosure of any of the Designating Party's Protected Information to an Outside Consultant, the Receiving Party shall give at least eight (8) calendar days written notice to the Designating Party, providing:

a) the name, business title and business address of each Outside Consultant to whom the disclosure is proposed to be made;

b) a copy of the proposed Outside Consultant's executed Confidentiality Agreement;

c) a copy of their current curriculum vitae showing their education;

d) a list of any previous or current relationships (personal or professional) with any of the parties; and

e) a list of all other cases in which the Outside Consultant has testified (at trial or deposition), all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed, within the last four years. Such a listing, as appropriate, may itself be designated as Protected Information.

**5.4.1.3**  No disclosure of Protected Information shall be made to such Outside Consultant and/or staff until after the expiration of the

15

foregoing notice period. The disclosure requirement of an Outside
Consultant shall apply to all professionals working at the direction
of counsel, including testifying experts and their employees who
provide technical, engineering, accounting or financial support
services ("staff").

5.4.1.4   If, during the eight (8) calendar days notice period the Producing
Party serves a good faith objection to the proposed disclosure to
showing the Outside Consultant Protected Information, there shall
be no disclosure of said Protected Information to such Outside
Consultant pending resolution of the objection. Consent to the
disclosure of Protected Information to the Outside Consultant shall
not be unreasonably withheld. The Producing Party objecting to
disclosure of Protected Information to the Outside Consultant shall
provide an explanation of the basis of its objection. If a Producing
Party objects to the disclosure of Protected Information to an
Outside Consultant, the Receiving Party shall then have five (5)
calendar days after such objection is served  to respond to the
objection. The Producing Party shall then have five (5) calendar
days after such response is served  to file an objection with the
court and seek a motion for protection or disqualification of the
Outside Consultant or other appropriate relief, if the parties cannot
come to an agreement. No Protected Information shall be provided
to the proposed Outside Consultant until after resolution of the

16

objection either by the parties or by the Court. If the Producing Party fails to file an objection and motion for protection with the Court within the prescribed period, then any objection to the Outside Consultant is waived, and any Protected Information may be thereafter disclosed to such individual.

**5.4.1.5** No Protected Information shall be disclosed by a Receiving Party to an Outside Consultant until after the individual has signed the Confidentiality Agreement appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms.

### 5.4.2 Public Documents

None of the restrictions set forth in this Order shall apply to any documents or other information that becomes public knowledge by means not in violation of the provisions of this Order. Nothing in this Order shall prevent a party from using any information that the party properly possessed prior to receipt of any Protected Information from the other party or a non-party or that is discovered independently by the Receiving Party. In addition, the terms of the treatment of the Protected Information shall be effective only upon the effective date of this Order.

### 5.4.3 Disclosure to Author or Recipient

Notwithstanding any other provision, nothing in this Order shall prohibit Outside Counsel for a party from disclosing Protected Information to any person whom the Discovery Material clearly identifies as an author, addressee, or carbon copy recipient of such Discovery Material. In addition, regardless of its designation, if

Discovery Material makes reference to the actual or alleged conduct or statement of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other portions of the document.

### 5.4.4   Disclosure of Party's Own Information

The restrictions on the use of Discovery Material established by the Order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of this litigation.  Any party is free to use its own Discovery Material for any purpose, and no use by the Producing Party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

### 5.4.5   Disclosure to the Court or Jury

Disclosure of Protected Information may be made to this Court, its personnel and the jury for this case and cases between the same parties or Related Entities. Nevertheless, any Discovery Material designated as Protected Information that is filed with the Court shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Order.   The party filing any paper that reflects or contains any Protected Information shall file such paper in a sealed envelope bearing the title of this case or a case between the between the same parties or Related Entities, the case number, the name of the party filing the paper, the legend "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope contains documents subject to a protective order of the Court entered on [date of order].   It should not be opened nor its contents

18

disclosed, revealed or made public except by order
of the Court or agreement of the parties.

### 5.4.6    Disclosure to Necessary Personnel

Subject to the requirement that the person(s) receiving the Protected Information

duly execute the Confidentiality Agreement attached as Attachment A, disclosure

of Protected Information may be made to court reporters, independent shorthand

reporters, videographers, interpreters, or translators engaged for depositions or

proceedings necessary to this case or cases between the same parties or Related

Entities.   The executed Confidentiality Agreement shall be retained by Outside

Counsel for the Receiving Party making such disclosures.

### 5.4.7    Disclosure to Vendors and Graphics/Trial Consultants

Subject to the requirement that the person(s) receiving the Protected Information

duly execute the Confidentiality Agreement attached as Attachment A, disclosure

of Protected Information may be made to employees of outside vendors providing

copy services, document and exhibit preparation services, and jury consultant and

research services, including mock jurors, or other counsel retained by the client or

by counsel who have not entered an appearance in the lawsuit in connection with

this case and cases between the same parties or Related Entities. The executed

Confidentiality Agreement shall be retained by Outside Counsel for the Receiving

Party making such disclosures.

### 5.5    Disclosure During Depositions

Subject to the requirement that the person(s) receiving the Protected Information

duly execute the Confidentiality Agreement attached as Attachment A, and except as otherwise

approved by the Designating Party or by an order of this Court, a party may use Protected

Information in deposing only: (a) an individual who has had or who is eligible to have access to the Protected Information by virtue of their employment with the Designating Party; (b) an individual identified in the Protected Information as an author, addressee, or carbon copy recipient of such information; (c) an individual who although not identified as an author, addressee, or carbon copy recipient of such Protected Information, has, in the ordinary course of business, seen such Protected Information, or (d) an Outside Consultant.

No one may attend or review the transcripts or the portions of any depositions at which Protected Information is shown or discussed other than those individuals qualified to see such Protected Information as set forth in this Protective Order.

### 5.6    Disclosure Pursuant to Subpoena

If any entity subpoenas or orders production of Protected Information from a Receiving Party that a Receiving Party has obtained subject to this Order, such party shall promptly notify the Designating Party of the pendency of the subpoena or order and shall not produce the information until the Designating Party shall have reasonable time (which shall be not less than ten (10) calendar days) to object or take other appropriate steps to protect the information.

### 5.7    Inadvertent Disclosure of Protected or Privileged Information

Inadvertent failure to designate as Protected Information or the inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Information, privileged, or protected by the work product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing within ten (10) calendar days after discovery of such inadvertent production or disclosure.  Such inadvertently produced or

20

disclosed documents or information, including all copies thereof, shall be returned to the Producing Party immediately upon request, and the Receiving Party shall immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged or Protected Information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned. In the case of an inadvertently produced or disclosed document, the Producing Party shall include the Discovery material in a privilege log identifying such inadvertently produced or disclosed document. The Receiving Party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

### 5.8    Duty to Return or Destroy Discovery Material

Within sixty (60) calendar days after conclusion of the above-captioned case or cases between the same parties or Related Entities (including all appeals and further proceedings resulting therefrom), all Discovery Material containing Protected Information (other than pleadings, discovery responses and exhibits contained in the official court record, and attorney work product documents) shall be either returned to the Designating Party or shall be destroyed. Counsel for any party or non-party receiving Protected Information shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to counsel for the Designating Party within ninety (90) calendar days after the conclusion of the above-captioned case or cases between the same parties or Related Entities.

21

## 6.    Miscellaneous

### 6.1    Continuing Jurisdiction

After the conclusion of the above-captioned case or cases between the same parties or Related Entities, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Protected Information pursuant to this Order, in order to enforce the provisions of this Order.

### 6.2    Interpretation

Should the parties have any issues concerning the interpretation of this Order, before any party moves for this Court's assistance, they shall first endeavor to promptly meet and confer to resolve the dispute. The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

### 6.3    Modification

This Order may be modified by this Court for good cause shown or by mutual written agreement between the parties and this Court's approval of such agreement. The Court may enter a subsequent order addressing the use of Protected Information at trial or at the conclusion of the above-captioned case or cases between the same parties or Related Entities as to any party.

### 6.4    Outside Counsel's Communication with Client

Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise their client based on their review and evaluation of Protected Information produced by the opposing party, provided that such communications or advice shall not disclose or reveal Protected Information in violation of this Order.

22

**6.5    No Probative Value**

The Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Protected Information. The fact that information is designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" under this Order shall not be deemed to be determinative of what a trier of fact may determine to actually be "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE." This Order shall be without prejudice to the right of any party to bring before the Court questions regarding (a) whether any particular material is or is not properly designated or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Order, provided that in doing so, the party complies with the procedures set forth herein. The fact that any information is disclosed, used, or produced in any court proceeding in this case or cases between the same parties or Related Entities shall not be offered in any action proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

**6.6    Logging of Privileged Materials**

The parties agree that the privilege logs need not identify attorney-client communications to/from, or attorney work product created by, each party's counsel in this action from April 28, 2006. Attorney-client communications or attorney work product that a party may later rely on to support an advice-of-counsel defense to a claim of willful infringement must be included in the privilege log.

SIGNED this 2nd day of April, 2007.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

Agreed By the Parties,

/s/ Sam F. Baxter
Sam F. Baxter, Lead Attorney
TX State Bar No. 01938000
Theodore Stevenson, III
TX State Bar No. 19196650
William E. Davis III
TX State Bar No. 24047416
MCKOOL SMITH, PC
505 East Travis Street, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Facsimile: (903) 927-2622

Of Counsel:
Ronald S. Katz
CA State Bar No. 085713
Robert D. Becker
CA State Bar No. 160648
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: 650-812-1300
Facsimile: 650-213-0260

ATTORNEYS FOR DEFENDANT
VISTO CORPORATION

/s/ Eric H. Findlay
Eric H. Findlay (Lead Attorney)
State Bar No. 07889886
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, TX 75702
ericf@rameyflock.com
Tel: 903-597-3301
Fax: 903-597-2413

Harry Lee Gillam, Jr. (Lead Attorney)
State Bar No. 07921800
GILLAM & SMITH, LLP
110 S. Bolivar, Suite 204
Marshall, TX 75670
gil@gillamsmithlaw.com
Tel: 903-934-8450
Fax: 903-934-9257

Of Counsel:
Linda S. DeBruin
William E. Devitt
Michael A. Parks
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Tel:312-861-2000
Fax: 312-861-2200

ATTORNEYS FOR PLAINTIFFS
RESEARCH IN MOTION LIMITED AND
RESEARCH IN MOTION CORPORATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

VISTO CORPORATION,

      **PLAINTIFF**

**V.**

RESEARCH IN MOTION LIMITED, AND
RESEARCH IN MOTION CORPORATION,
,

      **DEFENDANTS.**

**CIVIL NO. 2:06-CV-181(TJW)**

## ATTACHMENT A

## WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE PROTECTIVE ORDER

      I, the undersigned, hereby certify that I have read the Protective Order dated,

_____, 200__, entered in the Eastern District of Texas in the case entitled Visto Corporation v. Research In Motion Limited and Research In Motion Corporation, Civil No. 2:06-CV-181(TJW).

      I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the Eastern District of Texas with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Discovery Materials marked "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" to anyone other than persons specifically authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials.

      ///

      ///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No: _____

Relationship to this action and its parties: _____

_____

_____

Dated: _____    _____

Signature

2