1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Geoffrey L. Smith
Texas State Bar No. 24041939
gsmith@mckoolsmith.com
MCKOOL SMITH, P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8702
Telecopier: (512) 692-8744

Martin C. Robson
Texas State Bar No. 24004892
mrobson@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Attorneys for Plaintiff Visto Corporation
(Additional counsel listed on signature pages)

MCKOOL SMITH
A PROFESSIONAL CORPORATION • ATTORNEYS
DALLAS, TEXAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VISTO CORPORATION,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>RESEARCH IN MOTION LIMITED, and, RESEARCH IN MOTION CORPORATION<br><br>Defendants and Counterclaim-Plaintiffs. | Case No.  CV-08-80031-JSW (JL)<br><br>Court of Original Jurisdiction:<br>Civil Action No. 2-06-CV-181-TWJ(CE)<br>United States District Court for the Eastern District of Texas - Marshall Division<br><br>**VISTO'S OPPOSITION TO GOOGLE'S MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; VISTO'S CROSS-MOTION TO COMPEL; MEMORANDUM OF POINTS AND AUTHORITIES [REDACTED]**<br><br>Date:  April 23, 2008<br>Time: 9:30 a.m.<br>Judge: Magistrate Judge Larson |

1

**TABLE OF CONTENTS**

2

I. INTRODUCTION ...................................................................................................1

3

II. FACTUAL BACKGROUND ................................................................................2

4

    A.    The Underlying Lawsuit. .............................................................................2

5

    B.    RIM Tells Visto That Certain Accused Instrumentalities
           Are Supported By Google's Email Services.................................................3

6

7

    C.    Visto Serves Subpoena on Google..............................................................3

    D.    Google Refuses to Comply with the Subpoenas.........................................4

8

III. ARGUMENT......................................................................................................6

9

10

    A.    The Federal Rules Allow Visto to Seek All Relevant
           Information. ..................................................................................................7

11

    B.    The Information Visto Seeks Is Relevant to the Underlying
           Lawsuit........................................................................................................8

12

13

    C.    Microsoft, AOL, and Yahoo Have Complied With Similar
           Subpoenas from Visto...................................................................................8

14

    D.    The Information Visto Seeks is Uniquely Available from
           Google..........................................................................................................9

15

16

    E.    Visto Minimized the Burden on Google by Narrowly
           Tailoring the Information it Seeks. ...........................................................12

17

    F.    Google Cannot Meet Its Burden to Justify Withholding
           Information Responsive to the Subpoenas.................................................12

18

19

          1.    Google's Objections that the Document Requests
                 and Deposition Topics are Unduly Burdensome,
                 Overly Broad, Vague and Ambiguous Are

20

                 Unfounded...................................................................................13

21

          2.    Google Cannot Avoid Producing Documents
                 Merely by Alleging the Existence of Proprietary

22

                 and/or Confidential Information in the Responsive
                 Documents. .................................................................................14

23

IV. CONCLUSION..................................................................................................16

24

25

26

27

28

McKOOL SMITH
A PROFESSIONAL CORPORATION · ATTORNEYS
DALLAS, TEXAS

McKool Smith
A Professional Corporation · Attorneys
Dallas, Texas

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Coker v. Duke & Co.,*
    177 F.R.D. 682 (M.D. Ala. 1998) ................................................................................ 13

*Cornell Research Foundation, Inc. v. Hewlett-Packard Co.,*
    223 F.R.D. 55 (N.D.N.Y. 2003) ........................................................................... 7, 8, 9

*Culinary Foods v. Raychem Corp.,*
    151 F.R.D. 297 (N.D. Ill. 1993) ................................................................................. 14

*Del Campo v. Kennedy,*
    236 F.R.D. 454 (N.D. Cal. 2006) .................................................................................. 6

*Electro Scientific Indus., Inc. v. Dynamic Details, Inc.,*
    307 F.3d 1343 (Fed. Cir. 2002) .................................................................................... 7

*Heat and Control Inc. v. Hester Indus.,*
    785 F.2d 1017 (Fed. Cir. 1986) .................................................................................... 6

*Mead Corp. v. Riverwood Natural Resources Corp.,*
    145 F.R.D. 512 (D. Minn. 1992) ................................................................................ 12

*Oppenheimer Fund Inc. v. Sanders,*
    437 U.S. 340 (1978) ...................................................................................................... 7

*Tantivity Communications, Inc. v. Lucent Technologies, Inc.,*
    No. 2:04-CV-79, 2005 U.S. Dist. LEXIS 29981 (E.D. Tex. Nov. 1, 2005) ............. 11

*THK Am. v. NSK Co.,*
    157 F.R.D. 637 (N.D. Ill. 1993) ................................................................................. 14

*Truswall Sys. Corp. v. Hydro Air Eng'g Inc.,*
    813 F.2d 1207 (Fed. Cir. 1987) .................................................................................... 7

*Visto Corporation. v. Research in Motion Limited and Research in Motion Corporation,*
    C.A. No. 2-06-CV-181-TJW(CE) ................................................................................ 2

**OTHER AUTHORITIES**

FED. R. CIV. P. 26(b)(1) .................................................................................................. 6, 7

FED. R. CIV. P. 26(c)(7) ..................................................................................................... 14

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page ii
Dallas 252930v6

1   FED. R. CIV. P. 45(c)(3)(B)(i) ..................................................................................14

2   Federal Rule of Civil Procedure 30(a) ....................................................................6, 7

3   Federal Rules of Civil Procedure 37 and 45 ..............................................................1

4   Local Rule 37-2...........................................................................................................4

5   Rule 30(b)(1)..............................................................................................................10

6   Rule 30(b)(6)..............................................................................................................10

7

8

9

10

McKool Smith
A Professional Corporation · Attorneys
DALLAS, TEXAS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena
Dallas 252930v6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
VISTO'S OPPOSITION TO GOOGLE'S MOTION TO QUASH SUBPOENA,
OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER, AND VISTO'S CROSS-
MOTION TO COMPEL GOOGLE TO COMPLY WITH THIRD-PARTY SUBPOENA**

Pursuant to Federal Rules of Civil Procedure 37 and 45, Visto Corporation ("Visto") files this Opposition to Google's Motion to Quash Subpoena, or in the Alternative, For Protective Order, and Visto's Cross-Motion to Compel Google to Comply with Third-Party Subpoena, and in support hereof, respectfully states as follows:

## I. INTRODUCTION

Visto is the plaintiff in a patent infringement lawsuit against Research In Motion ("RIM") currently pending in the United States District Court for the Eastern District of Texas. The patent lawsuit concerns, among other things, RIM's services for obtaining emails on smartphones, *e.g.*, BlackBerries. RIM's services work with third-party internet email providers such as Microsoft, AOL, Yahoo and Google. Accordingly, Visto served third-party subpoenas on Microsoft, AOL, Yahoo, **and Google** to obtain relevant information that it was unable to obtain from RIM. Visto worked diligently with each of the third parties, to narrowly tailor the information sought and to avoid a deposition or extensive document production. Each of the third parties—except for Google—cooperated. Indeed, Visto was able to reach an agreement with both Microsoft and AOL to use a declaration (agreed upon by RIM) in lieu of a deposition and document production. Visto is similarly working in a cooperative manner with Yahoo on a declaration, and Visto believes that a similar resolution will be shortly reached with Yahoo.

Google initially indicated a willingness to similarly cooperate, and engaged Visto's counsel in several conversations in this regard. However, Google then abruptly halted the discussions and instead filed the present motion to quash. Google is the only third party that has refused to cooperate. Google is the only third party that has filed a motion to quash,

McKool Smith
A Professional Corporation · Attorneys
Dallas, Texas

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 1

unnecessarily taxing the Court's resources. Contrary to Google's uninformed assertions, Visto has sought the requested information from RIM. However, RIM does not readily have the requested information. For example, RIM does not know the country of location of Google's email server computers, and RIM cannot confirm that Google's email servers are behind one or more firewalls. Nor can RIM identify with certainty the software and processes that Google employs for allowing services such as RIM's to interface with Google email (known as "Gmail"). In fact, Visto understands that Google has implemented custom software to support RIM's access to Google email, but Visto does not know what that software is. Furthermore, Google is uniquely positioned to identify the quantity of Google email accounts accessed through RIM's services on a daily basis. If Google would have cooperated with Visto, it is likely that a declaration from Google would have provided the needed discovery, as was done with the other third parties. Visto remains willing to work with Google to this end if Google is willing to cooperate.

In short, because the subpoenaed information is relevant and uniquely in Google's possession, this Court should deny Google's motion to quash and should instead issue an order compelling Google to produce a witness for deposition and responsive documents.

## II. FACTUAL BACKGROUND

### A.    The Underlying Lawsuit.

On April 28, 2006, Visto filed its Original Complaint for Patent Infringement against Research in Motion Limited and Research in Motion Corporation (collectively, "RIM") in the case styled as *Visto Corporation. v. Research in Motion Limited and Research in Motion Corporation*, C.A. No. 2-06-CV-181-TJW(CE), United States District Court for the Eastern District of Texas, Marshall Division (the "Lawsuit"). (Declaration of Martin C. Robson

MCKOOL SMITH
A PROFESSIONAL CORPORATION · ATTORNEYS
DALLAS, TEXAS

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 2
Dallas 252930v6

1    ("Robson Decl."), Ex. A).  In the Lawsuit, Visto alleges that RIM is infringing U.S. Patents Nos.

2    6,085,192; 6,151,606; 6,708,221; 6,023,708; and 7,039,679 (collectively, the "patents-in-suit").

3    Among other things, these patents relate to technology that enables remote access to business

4    information such as email using smart phones such as BlackBerries.

**B.    RIM Tells Visto That Certain Accused Instrumentalities Are Supported By**
6    **Google's Email Services.**

7        In written discovery in the Lawsuit, Visto served an interrogatory requesting RIM to

8    identify all RIM products that support over-the-air synchronization of emails.  In response, RIM

9

10

11                                                                                      (Robson Decl.,

12   Ex. B, at 7-8).

13   **C.    Visto Serves Subpoena on Google.**

14       After receiving RIM's interrogatory responses, Visto served subpoenas to the third

15   parties identified in RIM's discovery responses.  Visto served its subpoena for documents and

16   deposition on certain topics related to RIM's BlackBerry Internet Service on Google on February

17   6, 2008.  (Robson Decl., Ex. C).  In its subpoena, Visto requested the production of documents

18   relating to: (1) the location of servers used by Google to provide email services to its customers;

19

20   (2) the number of Google users that synchronize email related information between a Google

21   server and a RIM product; (3) the design, development, function, operation, and/or location of

22   software and hardware provided by Google to synchronize email applications between a Google

23   server and a RIM product; (4) any software and/or hardware provided by RIM for installation at

24   Google;  (5) the notification and/or polling protocols used by Google to inform an external

25   application of changes to a user's email; (6) communications protocols used for transmitting

26   email related information between Google and RIM; and (7) the integration of email software

27

28

McKool Smith
A Professional Corporation · Attorneys
Dallas, Texas

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                      Page 3
Dallas 252930v6

offered by Google with services or software provided by RIM. (*Id*. at 6). The subpoena also seeks a deposition of a Google corporate representative on topics relating to the document requests and Google's use and integration of RIM's BlackBerry Internet Service in its email services. (*Id*. at 7-8).

**D.    Google Refuses to Comply with the Subpoenas.**

In an effort to secure compliance with the original subpoena, counsel for Visto conferred with counsel for Google regarding the scope of the subpoena and the information sought. At Google's request, Visto granted an extension of time to respond to the subpoena. Visto also agreed to reschedule the noticed deposition and reissued an amended subpoena noticing the deposition for March 17, 2008. (Robson Decl., Ex. D). Despite Visto's best efforts to resolve the matter without Court involvement, Google served its objections to the document requests in the original subpoena and moved to quash the deposition noticed in the amended subpoena. (Robson Decl., Ex. E). To date, out of all the third parties subpoenaed, Google is the only one to refuse to comply with the subpoenas.[1]

In compliance with Local Rule 37-2, Visto sets forth its document requests below:

1.    Documents sufficient to identify the location of servers used by Google to provide e-mail, folder, calendar, contact, address book, task, and/or memo related services to users.

2.    Documents sufficient to identify the total number of Google users that synchronize e-mail, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device.

3. All Documents relating to the design, development, function, operation, and/or location of software and/or hardware provided by Google to synchronize e-mail,

---

[1] The other third parties, Yahoo, AOL and Microsoft, were served nearly identical subpoenas seeking the same type of information currently sought from Google. Each of the third parties cooperated with Visto and submitted stipulations or declarations addressing the information sought by Visto. Final agreements have been reached with Microsoft and AOL, and Visto expects to reach a similar agreement with Yahoo in the near future, in an expeditious and efficient manner without the need of depositions or motion practice.

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 4
Dallas 252930v6

McKool Smith
A Professional Corporation · Attorneys
Dallas, Texas

1    folder, calendar, contact, address book, task, and/or memo related information
     between a Google server and a BlackBerry enabled device.

2

3    4. All Documents relating to any software and/or hardware provided by RIM for
     installation at Google.

4    5. All Documents relating to the notification and/or polling protocols used by
     Google to inform an external application of changes to a user's e-mail, folders,

5    calendar, contacts, address book, tasks, and or memos.

6    6. All Documents relating to communications protocols used for transmitting e-
     mail, folder, calendar, contact, address book, task, and memo related

7    information between Google and RIM.

8    7. All Documents relating to the integration of e-mail, folder, calendar, contact,
     address book, task, and or memo related services offered by Google with RIM's

9    BlackBerry Internet Service (or BlackBerry Web Client) and/or other services or
     software provided by RIM.

10

     (Robson Decl., Ex. C).

11

12   Google's objections to Visto's document requests are repeated verbatim as follows:

13   A. General Objections (applicable to every request): Google objections to each
     request to the extent it calls for documents that are protected by the attorney-client

14   privilege, work product doctrine, or any other applicable privilege or immunity.
     Google further objects to each request to the extent it calls for confidential,

15   proprietary or trade secret information. Google objects to each request to the
     extent it calls for evidence that is neither relevant nor reasonably calculated to

16   lead to the discovery of relevant evidence.

17   B. Requests Nos. 2-8: Google objects to each of these requests on grounds that it
     is improper to burden a third party with discovery when the same information is

18   equally or more readily available to a party to the litigation, specifically
     defendants Research In Motion Limited and Research In Motion Corporation

19   (collectively, "RIM"), and there is discovery pending against that party. It is
     Google's understanding, from conversations with you, that you have not yet

20   sought or received discovery from RIM before seeking the same information from
     Google.

21

22   C. Request No. 1: Google objects to this request on grounds that it calls for
     highly confidential information. Google further objects to this request on grounds

23   that it is overbroad in that it calls for the specific location of Google servers,
     which could not possibly have any relevance to your litigation. As we advised

24   you, we can confirm that Google has servers both within the United States and in
     other countries.

25   D. Request No. 2: Google objects to this request on grounds that it is overbroad
     and unduly burdensome, particularly where the information is equally or more

26   available to a party. Google does not have ready access to the number of Google
     users that synchronize information between Google servers and BlackBerry

27   devices.

28

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 5
Dallas 252930v6

MCKOOL SMITH
A PROFESSIONAL CORPORATION · ATTORNEYS
DALLAS, TEXAS

1    E.  Request No. 3: Google objects to this request on grounds that it is overbroad
and unduly burdensome. Google further objects on grounds this request calls for

2    information that is neither relevant nor reasonably calculated to lead to the
discovery of relevant evidence.

3
F.  Request Nos. 4: Google objects to this request on grounds that it is overbroad

4    and unduly burdensome.

5    G.  Request No. 5: Google objects to this request on grounds that it is vague and
ambiguous as to the meaning of "notification and/or polling protocols." Google

6    further objects to this request on grounds that it is overbroad and unduly
burdensome to the extent it calls for "notification and/or polling protocols" for

7    "external applications" other than those produced by RIM.

8    H.  Request No. 6: Google objects to this request on grounds that it is vague and
ambiguous as to the meaning of "communications protocols." Google further

9    objects to this request on grounds that it is overbroad and unduly burdensome.

10   I.  Request No. 7: Google objects to this request on grounds that it is overbroad
and unduly burdensome. Google will consider responding to a suitably narrowed

11   request, to the extent such request identifies the specific information sought and
seeks information not available from a party to the above-captioned litigation.

12
(Robson Decl., Ex. E).

13
**III. ARGUMENT**

14
15       In deciding whether to compel document production and deposition testimony pursuant

16   to a subpoena, courts must balance the "relevance of the discovery sought, the requesting party's

17   need, and the potential hardship to the party subject to the subpoena." *Heat and Control Inc. v.*

18   *Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986); *Del Campo v. Kennedy*, 236 F.R.D. 454,

19   458 (N.D. Cal. 2006).  As explained below, this Court should compel Google to produce the

20   requested documents and make a corporate representative available for deposition because: (1)

21   the requested documents are relevant to the Lawsuit; (2) the requested information is uniquely in

22   the possession of Google; (3) there is *de minimi*s, if any, potential hardship to Google if the

23   requested documents are produced; and (4) Google's objections to producing the requested

24   information are unfounded.

25
26
27
28
Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 6
Dallas 252930v6

McKool Smith
A Professional Corporation · Attorneys
DALLAS, TEXAS

McKool Smith
A Professional Corporation · Attorneys
DALLAS, TEXAS

1    A.    **The Federal Rules Allow Visto to Seek All Relevant Information.**

2    The Federal Rules of Civil Procedure set out a broad relevancy standard: "Parties may

3    obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of

4    any party." FED. R. CIV. P. 26(b)(1). Federal Rule of Civil Procedure 30(a) expressly permits a

5    party to take the testimony of any person, including non-parties, by deposition without leave of

6    court. FED. R. CIV. P. 30(a). Further, documents sought through discovery need not be

7    admissible at trial to be relevant (*i.e.*, discoverable) within the meaning of Rule 26(b)(1). That

8    is, documents are discoverable so long as they "appear reasonably calculated to lead to the

9    discovery of admissible evidence." *Id.* Indeed, "any matter that bears on, or that reasonably

10   could lead to other matter that could bear on, any issue that is or may be in the case" is

11   discoverable. *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978). This same

12   relevancy standard applies to third-party subpoenas. *See Truswall Sys. Corp. v. Hydro Air Eng'g

13   Inc.*, 813 F.2d 1207, 1209-12 (Fed. Cir. 1987).

14   The key issue in the underlying Lawsuit, and in any patent infringement lawsuit, is

15   whether the accused instrumentalities literally or equivalently contain each and every limitation

16   of the asserted patent claims. *See Electro Scientific Indus., Inc. v. Dynamic Details, Inc.*, 307

17   F.3d 1343, 1350 (Fed. Cir. 2002). For this reason, discovery regarding the design, development,

18   function, operation, and hardware of systems involving accused instrumentalities is relevant to

19   showing how the accused instrumentalities operate. *See Cornell Research Foundation, Inc. v.

20   Hewlett-Packard Co.*, 223 F.R.D. 55, 67  (N.D.N.Y. 2003) (finding defendant's third-party

21   materials to be relevant to plaintiff's infringement case and ordering defendant to produce them).

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 7
Dallas 252930v6

**B.    The Information Visto Seeks Is Relevant to the Underlying Lawsuit.**

One of the many services Google offers to its customers is an email account (known as "Gmail") that runs on Google servers.

. (Robson Decl., Ex. B, at 7-8; Ex. F; and Ex G). The BlackBerry Internet Service is an "Accused Instrumentality" in the Lawsuit.

The documents requested in the subpoenas are relevant to Visto's prosecution of its patent infringement claims against RIM. For example, Visto seeks information regarding how Google's email servers utilize and interact with RIM's BlackBerry Internet Service to synchronize email. Further, Visto seeks information regarding where the Google email servers are located, in terms of country, to help rebut RIM's argument that the Visto U.S. patents do not reach RIM's services. Visto also seeks confirmation that Google's email servers are protected by firewalls, as several claims refer to firewalls. Visto similarly seeks information regarding the number Google email accounts operating with RIM's BlackBerry Internet Service, to rebut RIM's arguments regarding damages. Without this information, Visto cannot fully analyze infringement and will be prejudiced in its preparation of its case against RIM. Google's knowledge and documents regarding the information requested in the subpoenas, including documents showing the design, development, function, operation, notification and communications protocols of Google's email system, and the location of Google's email servers, are therefore important to Visto's case. *See, e.g., Cornell Research*, 223 F.R.D. at 67.

**C.    Microsoft, AOL, and Yahoo Have Complied With Similar Subpoenas from Visto.**

In addition to seeking third-party discovery from Google, Visto issued nearly identical subpoenas to Yahoo, AOL, and Microsoft. Counsel for Yahoo, AOL, and Microsoft agreed to comply with the subpoenas and worked with counsel for Visto to provide the requested

McKool Smith
A Professional Corporation · Attorneys
Dallas, Texas

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 8
Dallas 252930v6

1    information in a timely and efficient manner. In fact, each party ultimately agreed to provide a

2    declaration or a stipulation covering the topics contained in the subpoenas, and Visto is

3    continuing to work with Yahoo to finalize a declaration from Yahoo. Visto worked together

4    with RIM and the third parties to achieve this goal thereby avoiding the need for corporate

5    representative depositions. Google, on the other hand, refused to work with Visto, opting instead

6    to assert frivolous objections to the document requests and file a motion to quash the noticed

7
8    deposition. Google's actions have not only delayed the discovery of relevant information but

9    have caused undue expense and unnecessarily wasted the Court's resources.

10   **D.    The Information Visto Seeks is Uniquely Available from Google.**

11       Google argues that it need not comply with the subpoenas because "virtually all" of the

12   information sought by Visto is equally available from RIM. (Dkt. No. 1, at 1). Google also

13   argues that Visto has not made a reasonable effort to obtain this information from RIM.

14
15   Google's assertions are wrong. (*Id.* at 4). First, much of the information sought, by its very

16   nature, would be in the sole possession of Google. Second, Visto has sought discovery and

17   deposition testimony from RIM on the information sought in the subpoenas. RIM, however,

18   cannot provide full discovery regarding Google's email system because that information is

19   uniquely in Google's possession.

20       Visto's subpoenas seek information relating to five primary topics: 1) whether Google's

21   email servers that service its email users are located in the United States; 2) whether Google's

22
23   email servers are located behind at least one firewall to protect the servers against external

24   threats, such as hackers, coming from another network; 3) how Google's email system operates

25   in conjunction with RIM's BlackBerry Internet Service; 4) whether Google implements or

26   customizes any software or hardware to enable its users to utilize RIM's BlackBerry Internet

27
28

McKool Smith
A Professional Corporation · Attorneys
Dallas, Texas

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 9
Dallas 252930v6

1    Service and if so, the nature of such implementations/customizations; and 5) the number of

2    Google email users that access their email accounts with services provided by RIM's BlackBerry

3    Internet Service. (Robson Decl., Ex. D at 6-7).

4        Contrary to Google's assertions, RIM cannot know the location of Google's servers.

5    Indeed, Google has indicated that the location of its servers is extremely sensitive and highly

6    confidential.[2] (Robson Decl., Ex. E, at 2). Thus, by Google's own admission, this is information

7    that would not be in RIM's possession. Further, information regarding the configuration and

8    operation of Google's email system and any implementations or customizations made by Google

9    is information known only to Google. Likewise, the number of Google customers accessing

10   Google email accounts via RIM products is information that should be in Google's possession,

11   not RIM's possession. Therefore, the information Visto seeks is unique to Google's email

12   service and uniquely in Google's possession.

13       Despite the fact that the information Visto seeks is uniquely in Google's possession,

14   Visto requested RIM to provide any information it could concerning Google's email system

15   throughout discovery in the underlying Lawsuit. During depositions Visto ▮▮▮▮▮▮

16   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. RIM's Rule 30(b)(6) corporate representatives and Rule

18   30(b)(1) individual witnesses, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Robson Decl., Ex. H, at 40:17-24;

21   Ex. I, at 58:22-24; 93:6-8; 122:11-13; and Ex. J, at 54:16-19). RIM's witnesses ▮▮▮▮

22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] Visto appreciates the sensitive nature of the precise location of Google's email servers. As such, as made clear to Google's counsel, Visto does not seek the specific location of the email servers but simply whether the email servers reside within the United States.

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 10
Dallas 252930v6

McKool Smith
A Professional Corporation · Attorneys
Dallas, Texas

1    ████████████████████████ (Robson Decl., Ex. I, at 62:15-17 and 90:5-8).   RIM's ███

2    ███████████████████████████████████████████████████████

3    ███████████████████████████████████████████████████████

4    ███████████████████████████████████████████████████████

5

6    ████████████████████████ (Robson Decl., Ex. K, at 77:10-23).   Finally, RIM's witnesses

7    ███████████████████████████████████████████████████████

8    ████████████████████████████ (Robson Decl., Ex. J, at 47:21-24).

9    Therefore, as illustrated by these examples, RIM does not have the information sought.

10        With respect to documents in RIM's possession, the Eastern District of Texas requires

11   parties to produce all relevant documents voluntarily without awaiting a formal request for

12   production of documents.  (Robson Decl., Ex. L, at 3).  The court also has a broad view of

13   relevancy and "requires production of documents far in excess of what is required under the

14   Federal Rules." *Tantivity Communications, Inc. v. Lucent Technologies, Inc.*, No. 2:04-CV-79,

15   2005 U.S. Dist. LEXIS 29981, at *10 (E.D. Tex. Nov. 1, 2005).  Accordingly, RIM has had a

16   duty to produce any and all documents relevant to the Lawsuit, including any documents relating

17   to RIM's services synchronizing with Google's email servers.

18        Notwithstanding RIM's voluntary discovery obligations, on two separate occasions Visto

19   specifically requested in writing that RIM produce any documents that relate to the subjects of

20   the subpoenas served on Google.  (Robson Decl., Ex. M and N).  RIM responded that it has

21   "performed a reasonable search for documents within RIM's possession, custody, or control and

22   [previously] produced those documents." (Robson Decl., Ex. N).  Given this fact, Visto tailored

23   the subpoenas to specifically seek documents that were not produced by RIM.  Therefore,

24   Google's claim that RIM is in possession of the requested documents is without merit.

McKOOL SMITH
A PROFESSIONAL CORPORATION · ATTORNEYS
DALLAS, TEXAS

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 11
Dallas 252930v6

1    Visto has exhausted the proper channels of discovery in an attempt to obtain from RIM

2    the information sought in the subpoenas. RIM has repeatedly stated that it does not have the

3    sought information. Thus, by RIM's own admission, the information Visto seeks is uniquely in

4    Google's possession, custody, and control.

5

6    **E.    Visto Minimized the Burden on Google by Narrowly Tailoring the Information it Seeks.**

7    Visto carefully tailored the deposition topics and document requests it served on Google

8    to obtain only information relevant to the Lawsuit. Further, Visto discussed each request with

9    counsel for Google and clarified the precise information it sought. Accordingly, Google's claims

10   that the subpoenas are unduly burdensome and overly broad are disingenuous.

11

12   Visto seeks limited testimony and documents relating to the email services offered by

13   Google that interact with RIM's services or software at issue in the Lawsuit. The topics and

14   requests are narrow in scope, and Google should not have to expend much time, money or effort

15   to respond to them. Indeed, had Google cooperated with Visto, a short declaration addressing

16   these topics would have obviated the need for a deposition and documents.

17

18   **F.    Google Cannot Meet Its Burden to Justify Withholding Information Responsive to the Subpoenas.**

19   The party opposing discovery requests bears the burden of showing why it should not

20   have to respond to the discovery requests, including establishing why the discovery requests are

21   too broad or burdensome to respond. *See Mead Corp. v. Riverwood Natural Resources Corp.*,

22   145 F.R.D. 512, 515-16 (D. Minn. 1992). Accordingly, Google bears the burden of

23   demonstrating why it is not obligated to produce the requested documents.

24

25   Google, however, has not demonstrated any basis for withholding documents and

26   information responsive to the subpoenas. Instead, Google generally objects that Visto's

27   document requests and deposition topics are unduly burdensome, overly broad, vague and

28

McKool Smith
A Professional Corporation · Attorneys
Dallas, Texas

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 12
Dallas 252930v6

ambiguous. (Robson Decl., Ex. E, at 2-3). Google also objects that documents responsive to the

location of its email servers contain highly confidential information. (*Id.* at 2). As explained

below, Google's objections do not warrant its outright refusal to produce documents or support

its attempt to quash the noticed deposition.

### 1. Google's Objections that the Document Requests and Deposition Topics are Unduly Burdensome, Overly Broad, Vague and Ambiguous Are Unfounded.

Google objects to Visto's document requests and deposition topics on grounds that some

of the requests and topics are unduly burdensome and overly broad. (Robson Decl., Ex. E, at 2-

3). These objections are improper. Federal courts have consistently stated:

> An objection must show specifically how a [discovery request] is overly broad,
> burdensome or oppressive, by submitting evidence or offering evidence which
> reveals the nature of the burden . . . The resisting party must make a particular and
> specific demonstration of fact and cannot rely on simple conclusory assertions
> about the difficulty of complying with a discovery request . . . A mere showing of
> burden and expense is not enough.

*Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998). Google has not presented any

evidence whatsoever to show that the requests are unduly burdensome or overly broad. In fact, it

has not even presented an actual rationale explaining why it thinks Visto's requests are

problematic. Google's conclusory assertions are exactly what federal courts have consistently

stated are insufficient to support an objection.

Google also objects without basis to Document Request Nos. 5 and 6 as being vague and

ambiguous. (Robson Decl., Ex. E, at 3). Document Request No. 5 seeks the production of

documents relating to the notification and/or polling protocols used by Google to inform an

external application such as RIM's of changes to a user's email applications. (Robson Decl., Ex.

C, at 6). Document Request No. 6 seeks the production of all documents relating to the

communications protocols used for transmitting email applications between Google and RIM.

(*Id.*). In its objections to these requests, Google claims the phrases "notification and/or polling

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                                  Page 13
Dallas 252930v6

McKool Smith
A Professional Corporation · Attorneys
Dallas, Texas

1    protocols" and "communications protocols" are vague and ambiguous. (Robson Decl., Ex. E, at

2    3). Prior to asserting these objections, however, Google specifically inquired about the meaning

3    of these terms with Visto's counsel. Visto explained that the terms referenced email-related

4    protocols such as Internet Message Access Protocol (IMAP) and Post Office Protocol (POP).

5    Google later acknowledged its understanding of the terms in a letter to Visto summarizing the

6    parties' discussion of Document Request Nos. 5 and 6. (Robson Decl., Ex. O, at 2). Thus, the

7    requests are neither vague nor ambiguous. For these reasons, Google's objections to the

8    

9    document requests and deposition topics should be overruled.

10        2.    **Google Cannot Avoid Producing Documents Merely by Alleging the**
11              **Existence of Proprietary and/or Confidential Information in the Responsive**
              **Documents.**

12        Google generally objects to all the document requests to the extent they seek documents

13   containing confidential, proprietary or trade secret information and specifically objects to the

14   production of documents relating to the location of its email servers on the grounds that such

15   documents contain highly confidential information. (Robson Decl., Ex. E, at 2). While the

16   Federal Rules of Civil Procedure protect "trade secret[s] or other confidential research,

17   development, or commercial information[,]" "there is no absolute privilege against production of

18   trade secrets and similar confidential business information." FED. R. CIV. P. 26(c)(7); *THK Am.*

19   *v. NSK Co.*, 157 F.R.D. 637, 641 (N.D. Ill. 1993); *see also* FED. R. CIV. P. 45(c)(3)(B)(i). In

20   fact, "the party seeking protection [here, Google] has the burden of establishing that (1) the

21   information is a trade secret or confidential commercial information and (2) that the disclosure

22   would cause a significant identifiable harm." *Culinary Foods v. Raychem Corp.*, 151 F.R.D.

23   297, 303 (N.D. Ill. 1993) (citation omitted). Google has made no such assertion, and has merely

24   set forth a conclusory assertion of the confidential nature of the documents requested.

25        Moreover, even assuming that the requested documents do contain proprietary or other

26   confidential information, Google must prove that "disclosure [of the proprietary or other

27   confidential information] would cause a significant identifiable harm." *Id.* Further, "[t]his

28

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                     Page 14
Dallas 252930v6

McKool Smith
A Professional Corporation · Attorneys
Dallas, Texas

showing requires specific demonstration of fact, rather than broad allegation of potential harm." *Id.* Google, however, has not made any "specific demonstration of fact." Google merely asserts, without any factual support, that the requested documents contain proprietary information and trade secrets. (Robson Decl., Ex. E, at 2). This statement is exactly the type of "broad allegation of potential harm" that courts have found to be insufficient.

Nonetheless, any proprietary interest Google may have in the requested documents is sufficiently protected by the Agreed Protective Order entered in the Lawsuit. The Agreed Protective Order affords non-parties such as Google the same protections of the parties to the Lawsuit:

> **4.3    Non-Party Discovery**
>
> 4.3.1    The parties recognize that, during the course of this case and cases between the same parties or Related Entities, non-parties may be called upon to produce "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" Discovery Materials. In such a case, the non-party who must produce such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Information.

(Robson Decl., Ex. P, at 7). "Confidential - Attorney's Eyes Only" is defined by the Agreed Protective Order as follows:

> **3.5    Confidential - Attorney's Eyes Only**
>
> A party may additionally designate Discovery Material as "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Discovery Material may be designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" if such Discovery Material contains particularly sensitive confidential information that the Designating Party believes in good faith cannot be disclosed to a competitor without threat of competitive injury because such Discovery Material contains trade secret or other proprietary or commercially sensitive information.

(*Id.* at 4). Section 5.2 of the Agreed Protective Order governs who may have access to materials designated as "Confidential - Attorney's Eyes Only":

> **5.2    Disclosure of "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Discovery Material**

McKool Smith
A Professional Corporation · Attorneys
Dallas, Texas

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                                Page 15
Dallas 252930v6

1    Disclosure of Protected Information that is designated "CONFIDENTIAL –
     ATTORNEY'S EYES ONLY" may be made only to Outside Counsel and
2    Outside Consultants, as those terms are defined above, in this case or cases
     between the same parties or Related Entities. Outside Consultants must comply
3    with the provisions of Section 5.4.1, below. In no event shall an employee,
     officer, or director of any party to this action or of any competitor of any party to
4    this action have access to Protected Information relating to patent licensing
     matters, related merger and acquisition activities, or source code without a court
5    order or the written consent of the Designating Party.

6    (*Id.* at 11).

7    All Google has to do to protect its proprietary information and/or trade secrets from

8    public dissemination is to label each page of the documents containing such information with the

9    notation "Confidential- Attorney's Eyes Only." (*Id.* at 6). Thus, even assuming the requested

10   documents contain proprietary information and/or trade secrets, this Court should still compel

11   production of those documents from Google.

12

13                                    **IV. CONCLUSION**

14   Visto properly issued two subpoenas to Google seeking relevant information. The

15   information Visto seeks is uniquely available from Google. Further, the discovery requests are

16   narrowly tailored. As evidenced by the agreements entered into with Microsoft and AOL,

17   Google could have provided the requested information in a manner involving minimal time and

18   expense. However, by improperly moving to quash the deposition and unjustly withholding

19   responsive documents, Google denied Visto the opportunity to obtain proper discovery.

20   Accordingly, this Court should deny Google's motion to quash and compel Google to make a

21   corporate representative available for deposition and produce documents responsive to the

22   subpoenas, and shall require Google to do so within five (5) business days of an Order of this

23

24   Court. This Court should further order Google to reimburse Visto for the attorneys' fees and

25   costs incurred in connection with this opposition brief and cross-motion.

26

27

28

McKool Smith
A Professional Corporation · Attorneys
Dallas, Texas

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 16
Dallas 252930v6

1 | Dated: March 31, 2008

Respectfully submitted,

Charles M Kagay
California State Bar No. 73377
SPIEGEL, LIAO & KAGAY, LLP
388 Market Street, Suite 900
San Francisco, California 94111
415.956.5959 (telephone)
415.362.1431 (facsimile)
CMK@slksf.com

Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Geoffrey L. Smith
Texas State Bar No. 24041939
gsmith@mckoolsmith.com
McKOOL SMITH, P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
512.692.8702 (telephone)
512.692.8744 (facsimile)

Martin C. Robson
Texas State Bar No. 24004892
mrobson@mckoolsmith.com
McKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
214.978.4000 (telephone)
214.978.4044 (facsimile)

McKOOL SMITH
A PROFESSIONAL CORPORATION · ATTORNEYS
DALLAS, TEXAS

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena
Dallas 252930v6

Page 17