## A. The Federal Rules Allow Visto to Seek All Relevant Information.

The Federal Rules of Civil Procedure set out a broad relevancy standard: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). Federal Rule of Civil Procedure 30(a) expressly permits a party to take the testimony of any person, including non-parties, by deposition without leave of court. FED. R. CIV. P. 30(a). Further, documents sought through discovery need not be admissible at trial to be relevant (*i.e.*, discoverable) within the meaning of Rule 26(b)(1). That is, documents are discoverable so long as they "appear reasonably calculated to lead to the discovery of admissible evidence." *Id*. Indeed, "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" is discoverable. *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978). This same relevancy standard applies to third-party subpoenas. *See Truswall Sys. Corp. v. Hydro Air Eng'g Inc.*, 813 F.2d 1207, 1209-12 (Fed. Cir. 1987).

The key issue in the underlying Lawsuit, and in any patent infringement lawsuit, is whether the accused instrumentalities literally or equivalently contain each and every limitation of the asserted patent claims. *See Electro Scientific Indus., Inc. v. Dynamic Details, Inc.*, 307 F.3d 1343, 1350 (Fed. Cir. 2002). For this reason, discovery regarding the design, development, function, operation, and hardware of systems involving accused instrumentalities is relevant to showing how the accused instrumentalities operate. *See Cornell Research Foundation, Inc. v. Hewlett-Packard Co.*, 223 F.R.D. 55, 67 (N.D.N.Y. 2003) (finding defendant's third-party materials to be relevant to plaintiff's infringement case and ordering defendant to produce them).

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                Page 7
Dallas 252930v6

### B. The Information Visto Seeks Is Relevant to the Underlying Lawsuit.

One of the many services Google offers to its customers is an email account (known as "Gmail") that runs on Google servers. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. (Robson Decl., Ex. B, at 7-8; Ex. F; and Ex G). The BlackBerry Internet Service is an "Accused Instrumentality" in the Lawsuit.

The documents requested in the subpoenas are relevant to Visto's prosecution of its patent infringement claims against RIM. For example, Visto seeks information regarding how Google's email servers utilize and interact with RIM's BlackBerry Internet Service to synchronize email. Further, Visto seeks information regarding where the Google email servers are located, in terms of country, to help rebut RIM's argument that the Visto U.S. patents do not reach RIM's services. Visto also seeks confirmation that Google's email servers are protected by firewalls, as several claims refer to firewalls. Visto similarly seeks information regarding the number Google email accounts operating with RIM's BlackBerry Internet Service, to rebut RIM's arguments regarding damages. Without this information, Visto cannot fully analyze infringement and will be prejudiced in its preparation of its case against RIM. Google's knowledge and documents regarding the information requested in the subpoenas, including documents showing the design, development, function, operation, notification and communications protocols of Google's email system, and the location of Google's email servers, are therefore important to Visto's case. *See, e.g., Cornell Research*, 223 F.R.D. at 67.

### C. Microsoft, AOL, and Yahoo Have Complied With Similar Subpoenas from Visto.

In addition to seeking third-party discovery from Google, Visto issued nearly identical subpoenas to Yahoo, AOL, and Microsoft. Counsel for Yahoo, AOL, and Microsoft agreed to comply with the subpoenas and worked with counsel for Visto to provide the requested

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena
Dallas 252930v6

Page 8

information in a timely and efficient manner. In fact, each party ultimately agreed to provide a declaration or a stipulation covering the topics contained in the subpoenas, and Visto is continuing to work with Yahoo to finalize a declaration from Yahoo. Visto worked together with RIM and the third parties to achieve this goal thereby avoiding the need for corporate representative depositions. Google, on the other hand, refused to work with Visto, opting instead to assert frivolous objections to the document requests and file a motion to quash the noticed deposition. Google's actions have not only delayed the discovery of relevant information but have caused undue expense and unnecessarily wasted the Court's resources.

D. **The Information Visto Seeks is Uniquely Available from Google.**

Google argues that it need not comply with the subpoenas because "virtually all" of the information sought by Visto is equally available from RIM. (Dkt. No. 1, at 1). Google also argues that Visto has not made a reasonable effort to obtain this information from RIM. Google's assertions are wrong. (*Id*. at 4). First, much of the information sought, by its very nature, would be in the sole possession of Google. Second, Visto has sought discovery and deposition testimony from RIM on the information sought in the subpoenas. RIM, however, cannot provide full discovery regarding Google's email system because that information is uniquely in Google's possession.

Visto's subpoenas seek information relating to five primary topics: 1) whether Google's email servers that service its email users are located in the United States; 2) whether Google's email servers are located behind at least one firewall to protect the servers against external threats, such as hackers, coming from another network; 3) how Google's email system operates in conjunction with RIM's BlackBerry Internet Service; 4) whether Google implements or customizes any software or hardware to enable its users to utilize RIM's BlackBerry Internet

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena    Page 9
Dallas 252930v6

Service and if so, the nature of such implementations/customizations; and 5) the number of Google email users that access their email accounts with services provided by RIM's BlackBerry Internet Service. (Robson Decl., Ex. D at 6-7).

Contrary to Google's assertions, RIM cannot know the location of Google's servers. Indeed, Google has indicated that the location of its servers is extremely sensitive and highly confidential.[2] (Robson Decl., Ex. E, at 2). Thus, by Google's own admission, this is information that would not be in RIM's possession. Further, information regarding the configuration and operation of Google's email system and any implementations or customizations made by Google is information known only to Google. Likewise, the number of Google customers accessing Google email accounts via RIM products is information that should be in Google's possession, not RIM's possession. Therefore, the information Visto seeks is unique to Google's email service and uniquely in Google's possession.

Despite the fact that the information Visto seeks is uniquely in Google's possession, Visto requested RIM to provide any information it could concerning Google's email system throughout discovery in the underlying Lawsuit. During depositions Visto ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. RIM's Rule 30(b)(6) corporate representatives and Rule 30(b)(1) individual witnesses, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Robson Decl., Ex. H, at 40:17-24; Ex. I, at 58:22-24; 93:6-8; 122:11-13; and Ex. J, at 54:16-19). RIM's witnesses ▓▓▓▓▓▓▓▓▓▓

---

[2] Visto appreciates the sensitive nature of the precise location of Google's email servers. As such, as made clear to Google's counsel, Visto does not seek the specific location of the email servers but simply whether the email servers reside within the United States.

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena    Page 10
Dallas 252930v6

███████████████ (Robson Decl., Ex. I, at 62:15-17 and 90:5-8). RIM's ███

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████ (Robson Decl., Ex. K, at 77:10-23). Finally, RIM's witnesses

███████████████████████████████████████████████████████████████

██████████████████████████████ (Robson Decl., Ex. J, at 47:21-24).

Therefore, as illustrated by these examples, RIM does not have the information sought.

With respect to documents in RIM's possession, the Eastern District of Texas requires parties to produce all relevant documents voluntarily without awaiting a formal request for production of documents. (Robson Decl., Ex. L, at 3). The court also has a broad view of relevancy and "requires production of documents far in excess of what is required under the Federal Rules." *Tantivity Communications, Inc. v. Lucent Technologies, Inc.*, No. 2:04-CV-79, 2005 U.S. Dist. LEXIS 29981, at *10 (E.D. Tex. Nov. 1, 2005). Accordingly, RIM has had a duty to produce any and all documents relevant to the Lawsuit, including any documents relating to RIM's services synchronizing with Google's email servers.

Notwithstanding RIM's voluntary discovery obligations, on two separate occasions Visto specifically requested in writing that RIM produce any documents that relate to the subjects of the subpoenas served on Google. (Robson Decl., Ex. M and N). RIM responded that it has "performed a reasonable search for documents within RIM's possession, custody, or control and [previously] produced those documents." (Robson Decl., Ex. N). Given this fact, Visto tailored the subpoenas to specifically seek documents that were not produced by RIM. Therefore, Google's claim that RIM is in possession of the requested documents is without merit.

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 11
Dallas 252930v6

Visto has exhausted the proper channels of discovery in an attempt to obtain from RIM the information sought in the subpoenas. RIM has repeatedly stated that it does not have the sought information. Thus, by RIM's own admission, the information Visto seeks is uniquely in Google's possession, custody, and control.

### E. Visto Minimized the Burden on Google by Narrowly Tailoring the Information it Seeks.

Visto carefully tailored the deposition topics and document requests it served on Google to obtain only information relevant to the Lawsuit. Further, Visto discussed each request with counsel for Google and clarified the precise information it sought. Accordingly, Google's claims that the subpoenas are unduly burdensome and overly broad are disingenuous.

Visto seeks limited testimony and documents relating to the email services offered by Google that interact with RIM's services or software at issue in the Lawsuit. The topics and requests are narrow in scope, and Google should not have to expend much time, money or effort to respond to them. Indeed, had Google cooperated with Visto, a short declaration addressing these topics would have obviated the need for a deposition and documents.

### F. Google Cannot Meet Its Burden to Justify Withholding Information Responsive to the Subpoenas.

The party opposing discovery requests bears the burden of showing why it should not have to respond to the discovery requests, including establishing why the discovery requests are too broad or burdensome to respond. *See Mead Corp. v. Riverwood Natural Resources Corp.*, 145 F.R.D. 512, 515-16 (D. Minn. 1992). Accordingly, Google bears the burden of demonstrating why it is not obligated to produce the requested documents.

Google, however, has not demonstrated any basis for withholding documents and information responsive to the subpoenas. Instead, Google generally objects that Visto's document requests and deposition topics are unduly burdensome, overly broad, vague and

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena                    Page 12
Dallas 252930v6

ambiguous. (Robson Decl., Ex. E, at 2-3). Google also objects that documents responsive to the location of its email servers contain highly confidential information. (*Id.* at 2). As explained below, Google's objections do not warrant its outright refusal to produce documents or support its attempt to quash the noticed deposition.

### 1. Google's Objections that the Document Requests and Deposition Topics are Unduly Burdensome, Overly Broad, Vague and Ambiguous Are Unfounded.

Google objects to Visto's document requests and deposition topics on grounds that some of the requests and topics are unduly burdensome and overly broad. (Robson Decl., Ex. E, at 2-3). These objections are improper. Federal courts have consistently stated:

> An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden . . . The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request . . . A mere showing of burden and expense is not enough.

*Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998). Google has not presented any evidence whatsoever to show that the requests are unduly burdensome or overly broad. In fact, it has not even presented an actual rationale explaining why it thinks Visto's requests are problematic. Google's conclusory assertions are exactly what federal courts have consistently stated are insufficient to support an objection.

Google also objects without basis to Document Request Nos. 5 and 6 as being vague and ambiguous. (Robson Decl., Ex. E, at 3). Document Request No. 5 seeks the production of documents relating to the notification and/or polling protocols used by Google to inform an external application such as RIM's of changes to a user's email applications. (Robson Decl., Ex. C, at 6). Document Request No. 6 seeks the production of all documents relating to the communications protocols used for transmitting email applications between Google and RIM. (*Id.*). In its objections to these requests, Google claims the phrases "notification and/or polling

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena
Dallas 252930v6
Page 13

protocols" and "communications protocols" are vague and ambiguous. (Robson Decl., Ex. E, at 3). Prior to asserting these objections, however, Google specifically inquired about the meaning of these terms with Visto's counsel. Visto explained that the terms referenced email-related protocols such as Internet Message Access Protocol (IMAP) and Post Office Protocol (POP). Google later acknowledged its understanding of the terms in a letter to Visto summarizing the parties' discussion of Document Request Nos. 5 and 6. (Robson Decl., Ex. O, at 2). Thus, the requests are neither vague nor ambiguous. For these reasons, Google's objections to the document requests and deposition topics should be overruled.

### 2. Google Cannot Avoid Producing Documents Merely by Alleging the Existence of Proprietary and/or Confidential Information in the Responsive Documents.

Google generally objects to all the document requests to the extent they seek documents containing confidential, proprietary or trade secret information and specifically objects to the production of documents relating to the location of its email servers on the grounds that such documents contain highly confidential information. (Robson Decl., Ex. E, at 2). While the Federal Rules of Civil Procedure protect "trade secret[s] or other confidential research, development, or commercial information[,]" "there is no absolute privilege against production of trade secrets and similar confidential business information." FED. R. CIV. P. 26(c)(7); *THK Am. v. NSK Co.*, 157 F.R.D. 637, 641 (N.D. Ill. 1993); *see also* FED. R. CIV. P. 45(c)(3)(B)(i). In fact, "the party seeking protection [here, Google] has the burden of establishing that (1) the information is a trade secret or confidential commercial information and (2) that the disclosure would cause a significant identifiable harm." *Culinary Foods v. Raychem Corp.*, 151 F.R.D. 297, 303 (N.D. Ill. 1993) (citation omitted). Google has made no such assertion, and has merely set forth a conclusory assertion of the confidential nature of the documents requested.

Moreover, even assuming that the requested documents do contain proprietary or other confidential information, Google must prove that "disclosure [of the proprietary or other confidential information] would cause a significant identifiable harm." *Id.* Further, "[t]his

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena    Page 14
Dallas 252930v6

showing requires specific demonstration of fact, rather than broad allegation of potential harm." *Id.* Google, however, has not made any "specific demonstration of fact." Google merely asserts, without any factual support, that the requested documents contain proprietary information and trade secrets. (Robson Decl., Ex. E, at 2). This statement is exactly the type of "broad allegation of potential harm" that courts have found to be insufficient.

Nonetheless, any proprietary interest Google may have in the requested documents is sufficiently protected by the Agreed Protective Order entered in the Lawsuit. The Agreed Protective Order affords non-parties such as Google the same protections of the parties to the Lawsuit:

> **4.3 Non-Party Discovery**
>
> 4.3.1 The parties recognize that, during the course of this case and cases between the same parties or Related Entities, non-parties may be called upon to produce "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" Discovery Materials. In such a case, the non-party who must produce such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Information.

(Robson Decl., Ex. P, at 7). "Confidential - Attorney's Eyes Only" is defined by the Agreed Protective Order as follows:

> **3.5 Confidential - Attorney's Eyes Only**
>
> A party may additionally designate Discovery Material as "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Discovery Material may be designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" if such Discovery Material contains particularly sensitive confidential information that the Designating Party believes in good faith cannot be disclosed to a competitor without threat of competitive injury because such Discovery Material contains trade secret or other proprietary or commercially sensitive information.

(*Id.* at 4). Section 5.2 of the Agreed Protective Order governs who may have access to materials designated as "Confidential - Attorney's Eyes Only":

> **5.2 Disclosure of "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Discovery Material**

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena    Page 15
Dallas 252930v6

> Disclosure of Protected Information that is designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be made only to Outside Counsel and Outside Consultants, as those terms are defined above, in this case or cases between the same parties or Related Entities. Outside Consultants must comply with the provisions of Section 5.4.1, below. In no event shall an employee, officer, or director of any party to this action or of any competitor of any party to this action have access to Protected Information relating to patent licensing matters, related merger and acquisition activities, or source code without a court order or the written consent of the Designating Party.

(*Id.* at 11).

All Google has to do to protect its proprietary information and/or trade secrets from public dissemination is to label each page of the documents containing such information with the notation "Confidential- Attorney's Eyes Only." (*Id.* at 6). Thus, even assuming the requested documents contain proprietary information and/or trade secrets, this Court should still compel production of those documents from Google.

## IV. CONCLUSION

Visto properly issued two subpoenas to Google seeking relevant information. The information Visto seeks is uniquely available from Google. Further, the discovery requests are narrowly tailored. As evidenced by the agreements entered into with Microsoft and AOL, Google could have provided the requested information in a manner involving minimal time and expense. However, by improperly moving to quash the deposition and unjustly withholding responsive documents, Google denied Visto the opportunity to obtain proper discovery. Accordingly, this Court should deny Google's motion to quash and compel Google to make a corporate representative available for deposition and produce documents responsive to the subpoenas, and shall require Google to do so within five (5) business days of an Order of this Court. This Court should further order Google to reimburse Visto for the attorneys' fees and costs incurred in connection with this opposition brief and cross-motion.

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena     Page 16
Dallas 252930v6

Dated: March 31, 2008

Respectfully submitted,

_____
Charles M Kagay
California State Bar No. 73377
SPIEGEL, LIAO & KAGAY, LLP
388 Market Street, Suite 900
San Francisco, California 94111
415.956.5959 (telephone)
415.362.1431 (facsimile)
CMK@slksf.com

Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Geoffrey L. Smith
Texas State Bar No. 24041939
gsmith@mckoolsmith.com
McKOOL SMITH, P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
512.692.8702 (telephone)
512.692.8744 (facsimile)

Martin C. Robson
Texas State Bar No. 24004892
mrobson@mckoolsmith.com
McKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
214.978.4000 (telephone)
214.978.4044 (facsimile)

Memorandum of Points and Authorities in Support of Visto's Opposition to Google's
Motion to Quash Subpoena, or in the Alternative for Protective Order, and Visto's
Cross-Motion to Compel Google to Comply with Third-Party Subpoena
Dallas 252930v6

Page 17