1  Steven J. Pollinger
   Texas State Bar No. 24011919
2  spollinger@mckoolsmith.com
   Geoffrey L. Smith
3  Texas State Bar No. 24041939
   gsmith@mckoolsmith.com
4  McKOOL SMITH, P.C.
   300 West Sixth Street, Suite 1700
5  Austin, Texas 78701
6  Telephone: (512) 692-8702
   Telecopier: (512) 692-8744
7

8  Martin C. Robson
   Texas State Bar No. 24004892
9  mrobson@mckoolsmith.com
   McKOOL SMITH, P.C.
10 300 Crescent Court, Suite 1500
11 Dallas, Texas 75201
   Telephone: (214) 978-4000
12 Telecopier: (214) 978-4044

13 Attorneys for Plaintiff Visto Corporation
   (Additional counsel listed on signature pages)
14

15                UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                  SAN FRANCISCO DIVISION

18

19 VISTO CORPORATION,                    Case No.  CV-08-80031-JSW (JL)

20 Plaintiff and Counterclaim-Defendant,  Court of Original Jurisdiction:
                                          Civil Action No. 2-06-CV-181-TWJ(CE)
21 v.                                     United States District Court for the Eastern
                                          District of Texas - Marshall Division
22 RESEARCH IN MOTION LIMITED, and,
   RESEARCH IN MOTION                     **DECLARATION OF MARTIN C. ROBSON
23 CORPORATION                            IN SUPPORT OF VISTO'S OPPOSITION
                                          TO GOOGLE'S MOTION TO QUASH
24 Defendants and Counterclaim-Plaintiffs. SUBPOENA, OR IN THE ALTERNATIVE,
                                          FOR PROTECTIVE ORDER; VISTO'S
25                                        CROSS-MOTION TO COMPEL
                                          [REDACTED]**
26
                                          Date:  April 23, 2008
27                                        Time: 9:30 a.m.

28

McKOOL SMITH
A PROFESSIONAL CORPORATION · ATTORNEYS
DALLAS, TEXAS

1  I, Martin C. Robson, declare as follows:

2  1.  I am an attorney in the law firm of McKool Smith, P.C., counsel of record for

Visto Corporation in the above-captioned matter. I have personal knowledge of the following

facts and, if called upon to do so, I could and would testify competently thereto.

2.  Attached as Exhibit A is a true and correct copy of Visto Corporation's Original

Complaint for Patent Infringement against Research in Motion Limited and Research in Motion

Corporation in the case styled as *Visto Corporation. v. Research in Motion Limited and Research

in Motion Corporation*, C.A. No. 2-06-CV-181-TJW(CE), United States District Court for the

Eastern District of Texas, Marshall Division .

3.  Attached as Exhibit B is a true and correct copy of Research in Motion Limited

and Research in Motion Corporation's Supplemental Objections and Responses to Visto

Corporation's Sixth Set of Interrogatories dated January 18, 2008.

4.  Attached as Exhibit C is a true and correct copy of Visto Corporation's Subpoena

in a Civil Case issued to Mr. Kent Walker, General Counsel of Google, Inc., dated February 1,

2008.

5.  Attached as Exhibit D is a true and correct copy of Visto Corporation's Subpoena

in a Civil Case issued to Mr. Khari J. Tillery, outside counsel for Google, Inc., dated March 5,

2008.

6.  Attached as Exhibit E is a true and correct copy of a letter from Mr. Michael H.

Page to Mr. Geoffrey L. Smith dated March 10, 2008.

7.  Attached as Exhibit F is a true and correct copy of a webpage from Google's

corporate  website.  The  link  to  the  webpage  is

McKool Smith
A Professional Corporation · Attorneys
Dallas, Texas

Dallas 252932v1

McKool Smith
A Professional Corporation • Attorneys
Dallas, Texas

1  https://mail.google.com/support/bin/answer.py?answer=78882 and was printed on March 28,

2  2008.

3       8.      Attached as Exhibit G is a true and correct copy of a webpage from Google's

4  corporate       website.       The       link       to       the       webpage       is

5  https://mail.google.com/support/bin/answer.py?answer=14748 and was printed on March 28,

6

7  2008.

8       9.      Attached as Exhibit H is a true and correct copy of certain excerpts from the

9  February 21, 2008 Deposition of Ryan Harkins.

10      10.     Attached as Exhibit I is a true and correct copy of certain excerpts from the March

11 12, 2008 Deposition of David Clarke.

12      11.     Attached as Exhibit J is a true and correct copy of certain excerpts from the

13 February 12, 2008 Deposition of Michael Morrissey.

14

15      12.     Attached as Exhibit K is a true and correct copy of certain excerpts from the

16 February 20, 2008 Deposition of David Castell.

17      13.     Attached as Exhibit L is a true and correct copy of the January 29, 2007 Notice of

18 Scheduling Conference, Proposed Deadlines for Docket Control Order and Discovery Order

19 entered in the lawsuit styled as *Visto Corporation. v. Research in Motion Limited and Research

20 in Motion Corporation*, C.A. No. 2-06-CV-181-TJW(CE), United States District Court for the

21

22 Eastern District of Texas, Marshall Division .

23      14.     Attached as Exhibit M is a true and correct copy of a letter from Mr. Hao Ni to

24 Mr. Craig D. Leavell dated February 19, 2008.

25      15.     Attached as Exhibit N is a true and correct copy of an email string between Ms.

26 Tiffany Cunningham and Mr. Geoffrey Smith dated March 4, 2008.

27

28

Dallas 252932v1

1    16.    Attached as Exhibit O is a true and correct copy of a letter from Mr. Khari J.

2    Tillery to Mr. Geoffrey L. Smith dated March 4, 2008.

3    17.    Attached as Exhibit P is a true and correct copy of the April 2, 2007 Agreed

4    Protective Order entered in the lawsuit styled as *Visto Corporation. v. Research in Motion*

5    *Limited and Research in Motion Corporation*, C.A. No. 2-06-CV-181-TJW(CE), United States

6    District Court for the Eastern District of Texas, Marshall Division.

7

8    18.    On at least three occasions, counsel for Visto Corporation and counsel for Google,

9    Inc. conferred by telephone and attempted, unsuccessfully, to resolve the dispute regarding the

10   third-party subpoena that is the subject of Google, Inc.'s motion to quash and Visto

11   Corporation's cross-motion to compel.

12   I declare under penalty of perjury under the laws of the United Sates that the foregoing is

13   true and correct.

14

15

16   Executed this 31st day of March, 2008 at Dallas, Texas.

17

18

19                                                      Martin C. Robson

20

21

22

23

24

25

26

27

28

McKool Smith
A Professional Corporation • Attorneys
Dallas, Texas

# EXHIBIT A

RECEIVED
U.S.
2006 APR 28   PM 5:27
TX EASTERN-MARSHALL

*April 28, 2006* 5:20PM

TX EASTERN-MARSHALL

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

VISTO CORPORATION,

§
§
§
§
§
§
§
§
§
§

Plaintiff,

v.

RESEARCH IN MOTION LIMITED, and
RESEARCH IN MOTION CORPORATION,

Defendants.

Case No. **2-06CV-181**

BY

**Jury Trial Demanded**

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Visto Corporation ("Visto") alleges as follows for its Complaint against

Defendants Research In Motion Limited and Research In Motion Corporation (collectively,

"RIM"):

### PARTIES

1.    Visto is a corporation organized and existing under the laws of the State of

Delaware with a place of business at 101 Redwood Shores Parkway, 4th Floor, Redwood City,

California 94065.

2.    Research In Motion Limited is a corporation organized and existing under

the laws of Ontario, Canada with a principal place of business at 295 Phillip Street, Waterloo,

Ontario, Canada N2L 3W8, which is doing business and infringing Visto's patents in the Eastern

District of Texas and elsewhere in the United States.

3.    Research In Motion Corporation is a corporation organized and existing

under the laws of the State of Delaware and registered to do business in the State of Texas with a

Page 1

place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039, which is doing business and infringing Visto's patents in the Eastern District of Texas and elsewhere in the United States. Research In Motion Corporation is the United States distributor of Research In Motion Limited products and services.

## JURISDICTION AND VENUE

4.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6.      RIM has sufficient contacts with the Eastern District of Texas to subject it to the personal jurisdiction of this Court for purposes of this Complaint, including, without limitation, acts of infringement of Visto's patents committed by RIM within this District.

7       Venue is proper in the Marshall Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)-(c) and 28 U S C. § 1400(b).

## GENERAL ALLEGATIONS

8.      Established in 1996, Visto is a leading provider of personal and corporate wireless messaging solutions to mobile operators for personal and corporate use.   Visto's inventions enable the deployment of a complete mobility solution, which provides secure access to and synchronization of the most widely used personal information management ("PIM") data over any network and on a broad array of mobile devices, such as personal digital assistants ("PDAs"), smartphones, and the like   Visto has expended considerable resources in inventing and developing its inventions and protecting its rights therein.

9.      Visto holds all right, title, and interest in and to United States Patent No.

Page 2

6,085,192, entitled "System And Method For Securely Synchronizing Multiple Copies Of A Workspace Element In A Network" ("'192 patent"), which was duly and properly issued by the United States Patent and Trademark Office ("USPTO") on July 4, 2000 in the name of Daniel J. Mendez et al. A copy of the '192 patent is attached as Exhibit A to this Complaint. A Reexamination Certificate for the '192 patent was duly and properly issued by the USPTO on November 22, 2005. A copy of the Reexamination Certificate of the '192 patent is attached as Exhibit B to this Complaint.

10.    Visto holds all right, title, and interest in and to United States Patent No. 6,151,606, entitled "System And Method For Using A Workspace Data Manager To Access, Manipulate And Synchronize Network Data" ("'606 patent"), which was duly and properly issued by the USPTO on November 21, 2000 in the name of Daniel J. Mendez. A copy of the '606 patent is attached as Exhibit C to this Complaint.

11    Visto holds all right, title, and interest in and to United States Patent No. 6,023,708, entitled "System And Method For Using A Global Translator To Synchronize Workspace Elements Across A Network" ("'708 patent"), which was duly and properly issued by the USPTO on February 8, 2000 in the name of Daniel J Mendez et al. A copy of the '708 patent is attached as Exhibit D to this Complaint.

12    Visto holds all right, title, and interest in and to United States Patent No. 6,708,221, entitled "System And Method For Globally And Securely Accessing Unified Information In A Computer Network" ("'221 patent"), which was duly and properly issued by the USPTO on March 16, 2004 in the name of Daniel J Mendez et al A copy of the '221 patent is attached as Exhibit E to this Complaint. The '192 patent, '606 patent, '708 patent, and '221 patent are hereinafter referred to collectively as the "Patents-in-Suit".

Page 3

13.    RIM provides products and services that enable access to and/or synchronization of data in secure network environments (collectively, the "Accused Products"), including without limitation the products currently sold by RIM under the name BLACKBERRY®.

14    RIM infringes the Patents-in-Suit directly, contributorily and/or by active inducement by importing, manufacturing, using, marketing, distributing, selling, and/or supporting the Accused Products.

15.    Upon information and belief, RIM's infringement of the Patents-in-Suit has been and continues to be willful.

## COUNT I
### Infringement of U.S. Patent No. 6,085,192

16.    Visto incorporates paragraphs 1 through 15 as though fully restated herein.

17    RIM has infringed and continues to infringe the '192 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

18.    RIM has contributorily infringed and/or induced others to infringe and continues to contributorily infringe and/or to induce others to infringe the '192 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

19    Upon information and belief, RIM's infringement of the '192 patent has been and continues to be willful.

20    RIM's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law. Unless preliminarily and permanently enjoined by this Court, RIM will continue to so infringe

Page 4

the '192 patent.

## COUNT II
### Infringement of U.S. Patent No. 6,151,606

21.    Visto incorporates paragraphs 1 through 20 as though fully restated herein.

22.    RIM has infringed and continues to infringe the '606 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

23.    RIM has contributorily infringed and/or induced others to infringe and continues to contributorily infringe and/or to induce others to infringe the '606 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

24.    Upon information and belief, RIM's infringement of the '606 patent has been and continues to be willful.

25.    RIM's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law. Unless preliminarily and permanently enjoined by this Court, RIM will continue to so infringe the '606 patent.

## COUNT III
### Infringement of U.S. Patent No. 6,023,708

26.    Visto incorporates paragraphs 1 through 25 as though fully restated herein.

27.    RIM has infringed and continues to infringe the '708 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

28.    RIM has contributorily infringed and/or induced others to infringe and

Page 5

continues to contributorily infringe and/or to induce others to infringe the '708 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

29.    Upon information and belief, RIM's infringement of the '708 patent has been and continues to be willful.

30.    RIM's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law. Unless preliminarily and permanently enjoined by this Court, RIM will continue to so infringe the '708 patent.

## COUNT IV
### Infringement of U.S. Patent No. 6,708,221

31.    Visto incorporates paragraphs 1 through 30 as though fully restated herein.

32.    RIM has infringed and continues to infringe the '221 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

33.    RIM has contributorily infringed and/or induced others to infringe and continues to contributorily infringe and/or to induce others to infringe the '221 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

34.    Upon information and belief, RIM's infringement of the '221 patent has been and continues to be willful

35.    RIM's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law.

Page 6

Unless preliminarily and permanently enjoined by this Court, RIM will continue to so infringe the '221 patent.

### PRAYER FOR RELIEF

WHEREFORE, Visto prays:

1.    That RIM and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from making, importing, using, offering for sale, selling, or causing to be sold any product falling within, or designed to conduct a method falling within, the scope of any claim of the Patents-in-Suit, or otherwise infringing or contributing to or inducing infringement of any claim of the Patents-in-Suit;

2.    That RIM and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be ordered to destroy or offer up to Visto for destruction any and all products within the scope of any claim of the Patents-in-Suit that are within RIM's possession, custody, or control;

3.    That Visto be awarded its actual damages, including lost profits and price erosion, but in no case less than a reasonable royalty, to be assessed by or under the Court's discretion, adequate to compensate Visto for RIM's infringement of the Patents-in-Suit;

4.    That Visto be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

5    That the Court order an accounting for damages;

6.    That the Court declare this to be an exceptional case pursuant to 35 U.S.C.

Page 7

§ 285 and award Visto its attorneys' fees;

7.    That the Court award enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of RIM's infringement of the Patents-in-Suit;

8.    That Visto be awarded costs of court; and

9    That Visto be awarded such other and further relief as the Court deems just and proper

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Visto demands a trial by jury on all issues triable of right by a jury.

DATED: April 28, 2006

Respectfully submitted,

Sam F Baxter, Lead Attorney
State Bar No. 01938000
McKOOL SMITH, P C.
505 East Travis Street, Suite 105
Marshall, TX 75670
Telephone: (903) 927-2111
Facsimile: (903) 927-2622

Of Counsel:

Ronald S. Katz
Robert D. Becker
J. Bruce McCubbrey
Shawn G. Hansen
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

*Attorneys for Plaintiff*
VISTO CORPORATION

Page 8

VISTO V. RIM
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
20153191 1

# EXHIBIT
# B

# FILED
# UNDER SEAL

# EXHIBIT
# C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **VISTO CORPORATION,** | |
| Plaintiff and Counterclaim-Defendant, | |
| vs. | Civil Action No.: 2-06-CV-181-TJW |
| **RESEARCH IN MOTION LIMITED, and RESEARCH IN MOTION CORPORATION,** | |
| Defendants and Counterclaim-Plaintiffs. | |

### NOTICE OF THIRD PARTY SUBPOENA TO GOOGLE INC.

To: Eric H. Findlay (Lead Attorney)    Linda S. DeBruin
    State Bar No. 07889886          William E. Devitt
    RAMEY & FLOCK, P.C.         Michael A. Parks
    100 East Ferguson, Suite 500    KIRKLAND & ELLIS LLP
    Tyler, TX 75702             200 East Randolph Drive
    ericf@rameyflock.com       Chicago, Illinois 60601
    Tel: 903-597-3301           Tel:312-861-2000
    Fax: 903-597-2413           Fax: 312-861-2200

    Harry Lee Gillam, Jr. (Lead Attorney)
    State Bar No. 07921800
    GILLAM & SMITH, LLP
    110 S. Bolivar, Suite 204
    Marshall, TX 75670
    gil@gillamsmithlaw.com
    Tel: 903-934-8450
    Fax: 903-934-9257

      PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Visto Corporation, through its undersigned attorneys, caused a subpoena in the form attached hereto to be served upon Google Inc.

DATED:  February 1, 2008                    Respectfully submitted,

                                            /s/ Sam Baxter
                                            Sam Baxter, Lead Attorney
                                            TX State Bar No. 01938000
                                            McKOOL SMITH, PC
                                            505 East Travis Street, Suite 105
                                            Marshall, Texas 75670
                                            Telephone: (903) 927-2111
                                            Fax: (903) 927-2622
                                            sbaxter@mckoolsmith.com

                                            Jill F. Lynch
                                            TX State Bar No. 24012946
                                            William E. Davis III
                                            TX State Bar No. 24047416
                                            McKOOL SMITH, PC
                                            300 Crescent Court, Suite 1500
                                            Dallas, Texas 75201
                                            Telephone: (214) 978-6351
                                            Telephone: (214) 978-4044
                                            wdavis@mckoolsmith.com

                                            **ATTORNEYS FOR PLAINTIFF**
                                            **VISTO CORPORATION**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served upon all counsel of

record via electronic mail and U.S. Mail on February 1, 2008.


                                            /s/ Geoffrey Smith
                                            Geoffrey Smith

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### Northern District of California

VISTO CORPORATION, Plaintiff

V.

RESEARCH IN MOTION LIMITED, et al., Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:06-CV-181 Eastern Dist of TX

TO:  Google Inc.
     Kent Walker, General Counsel
     1600 Amphitheatre Pkwy
     Mountain View, CA  94043

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Esquire Deposition Services, 505 Sansome Street, Suite 502, San Francisco, CA  94111, (415) 288-4280 | DATE AND TIME  3/4/2008 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

THE DOCUMENTS IDENTIFIED IN THE ATTACHED SCHEDULE "A"

| PLACE  Esquire Deposition Services, 505 Sansome Street, Suite 502, San Francisco, CA  94111, (415) 288-4280 | DATE AND TIME  2/22/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorneys for Plaintiff | DATE  2/1/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Geoffrey L. Smith, McKool Smith PC
300 W. 6th Street, Suite 1700, Austin, TX  78701; 512-692-8728

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

     DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

_____

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE "A"

## I. DEFINITIONS

1.      As used herein, the term "you" or "your" or "Google" shall mean and refer to Google Inc., and shall include, where appropriate, any employees, agents, or anyone acting on your behalf.

2.      The term "Defendants" and "RIM" refers to Research in Motion Limited, Research in Motion Corporation, and all principals, officers, directors, employees, former employees, servants, agents, attorneys, and other representatives acting on their behalf, and shall include any predecessor in interest, successor, subsidiary, affiliate, and/or division.

3.      The term "Plaintiff" and "Visto" means Visto Corporation.

4.      As used herein, the term "document" means and includes, but is not limited to, the following items, whether typed, printed, handwritten, drawn, created, recorded, stored, or reproduced by any means or process and whether or not a claim of privilege or other bar to discovery is asserted: notes, letters, memoranda, correspondence, e-mail, drafts, books, telegrams, telexes, telephone bills, telephone logs, notebooks, charts, tables, lists, graphs, agendas, outlines, schedules, plans, studies, applications, policies, procedures, rules, guidelines, manuals, handbooks, evaluations, worksheets, minutes, bids, bid forms, promissory notes, memoranda of understanding, statements of work, requests for proposal, requests for quotation, letters of intent, contracts, agreements, journal ledgers, accounting ledgers, invoices, spreadsheets, loan agreements, tabulations, compilations, financial statements, income statements, balance sheets, checks, registers, pro-formas, budgets, projections, strategic plans, calendars, diaries, appointment books, records and summaries of meetings, telephone conversations or interviews, investigative reports, consultant reports, credit reports, requests for information, proposals, videotapes, audio tapes, recordings, computer tapes, computer disks, DVDs, CDs, computer printouts and data stored on any computer-accessible media, databases, call tracking systems, defect tracking systems, consumer relationship systems or software, sales force automations systems, engineering notebooks, lab notebooks,

drawings, sketches, designs, illustrations, diagrams, schematics, engineering drawings, blueprints, CAD, project schedules, design reviews, project reviews, status reports, bug reports, change logs, test results, data books, data sheets, user manuals, installation guides, patch release notes, white papers, application notes, bills of material, product literature, advertising documents, competitive analyses, market share studies, presentations, price lists, product lists, customer lists, catalogs, sales reports, annual reports, government filings, press releases, patent, patent applications (including abandoned applications), file histories, prior art, prior art searches or reports, foreign patent applications, trademark applications; trademark searches, source code, server code, object code, machine code, source files, library files, data files, text files, program files, directory files, and computer applications, systems or software, including my file systems back up, and all other writings or drafts thereof as defined in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence § 1001 and all non-identical copies of the items described above.

5.    As used herein, the term "communication" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, letter, memorandum, note, telephone, telecopier, radio, telegraph, electronic mail (including, but not limited to, any data recovered from back up media, whether on site or off site), image, symbol, data, photograph, sound or video.

6.    The term "relating" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, consisting of, comprising, showing, commenting on, evidencing, describing, or otherwise discussing the subject matter.

7.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

8.    The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the discovery request more inclusive.

9. The term ''any'' shall mean each and every.

10. The term "any" shall include the word "all," and vice versa.

## II. INSTRUCTIONS

1.      You are required to produce for inspection and copying of all requested documents and things that are within your possession, custody, or control.

2.      A document is in your "possession, custody or control" if it is in the possession, custody or control of your representatives, attorneys, agents, servants, employees, investigators, or consultants and you have the right or ability to obtain the document, regardless of its source or present location.

3.      Pursuant to Fed. R. Civ. P. 45(d)(1), documents must be produced as they are kept in the usual course of business, with all staples and clips attached and with all associated file folders, dividers, and file labels, or shall be organized and labeled to correspond to the categories in the request.

4.      Electronic documents or computerized information must be produced in an intelligible format and together with a description of the system from which the information was collected sufficient to permit rendering the materials intelligible.

5.      Each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof). If "e-mail" has been "deleted" from a person's computer mailbox, but is still retrievable in some form, any such responsive e-mail should be retrieved, printed out, and produced.

6.      If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid. For allegedly privileged documents, include: (a) an identification of the sender and any primary or secondary recipient(s) of the document; (b) the date of the document; (c) a general description of the contents or nature of the document; and (d) any explanation of the basis for asserting the claim of privilege.

7.      If you object to any subpart of a category of documents and things to be produced, you must state your objection and respond to the unobjectionable part of the category.

4

8.      If any of the categories of documents and things cannot be produced in full after exercising reasonable diligence to secure to documents and things requested, please so state, supply any documents and things that can be produced, and set forth the reasons why the responsive documents and things could not be secured and provided.  If any responsive documents or things have been destroyed, identify these documents or things and describe in detail all facts relating to this destruction, including the date of destruction and the identity of any persons involved.

9.      These document requests shall be deemed to be continuing so as to require supplemental production if the party to whom they are addressed obtains access, possession, custody or control of any responsive document not previously produced, or obtains further information between the time the responses are served and the time of trial.

### III.  DOCUMENTS TO BE PRODUCED

1.     Documents sufficient to identify the location of servers used by Google to provide e-mail, folder, calendar, contact, address book, task, and/or memo related services to users.

2.     Documents sufficient to identify the total number of Google users that synchronize e-mail, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device

3.     All Documents relating to the design, development, function, operation, and/or location of software and/or hardware provided by Google to synchronize e-mail, folder, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device.

4.     All Documents relating to any software and/or hardware provided by RIM for installation at Google.

5.     All Documents relating to the notification and/or polling protocols used by Google to inform an external application of changes to a user's e-mail, folders, calendar, contacts, address book, tasks, and or memos.

6.     All Documents relating to communications protocols used for transmitting e-mail, folder, calendar, contact, address book, task, and or memo related information between Google and RIM.

7.     All Documents relating to the integration of e-mail, folder, calendar, contact, address book, task, and or memo related services offered by Google with RIM's BlackBerry Internet Service (or BlackBerry Web Client) and/or other services or software provided by RIM.

6

## IV.  30(b)(6) DEPOSITION TOPICS

1.      The location of servers used by Google to provide e-mail, folder, calendar, contact, address book, task, and/or memo related services to users.

2.      Efforts by Google to track the number of Google users that synchronize e-mail, folder, calendar, contacts, address book, tasks, and/or memo related information between a Google server and a BlackBerry enabled device.

3.      The number of Google users that synchronize e-mail, folder, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device.

4.      The identity, design, development, function, operation, and/or location of software and/or hardware provided by Google to synchronize e-mail, folder, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device.

5.      Software and/or hardware provided by RIM for installation at Google relating to the synchronization of e-mail, folder, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device.

6.      The notification and/or polling protocols used by Google to inform a RIM application of changes to a user's e-mail, folders, calendar, contacts, address book, tasks, and or memos.

7.      The communications and/or messaging protocols used for transmitting e-mail, folder, calendar, contact, address book, task, and or memo related information between Google and RIM.

8.      All efforts undertaken to integrate e-mail, folder, calendar, contact, address book, task, and/or memo related services offered by Google with RIM's BlackBerry Internet Service (or BlackBerry Web Client) and/or other services or software provided by RIM.

7

9.     The documents requested in Section III of Schedule A to this subpoena.

10.    The genuineness and authenticity of the documents produced in response to Section III of Schedule A to this subpoena.

# EXHIBIT D

# McKool Smith

### A PROFESSIONAL CORPORATION • ATTORNEYS

Holly E. Engelmann
Direct Dial: (214) 978-4205
hengelmann@mckoolsmith.com

300 Crescent Court
Suite 1500
Dallas, Texas 75201

Telephone: (214) 978-4000
Telecopier: (214) 978-4044

March 5, 2008

Khari J. Tillery
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

RE:   Amended Subpoena in *Visto Corporation v. Research in Motion Limited and Research in Motion Corporation*, No. 2-06-cv-181 (E.D. Tex.)

Dear Mr. Tillery:

Enclosed is a copy of the Amended Subpoena that was prepared for service this week on Google. On behalf of Visto Corporation, I apologize in advance for the burden associated with the subpoena, but unfortunately, this is the only way to obtain the discovery requested. Please feel free to contact me if there is anything I can do to help with this process.

Sincerely,

*holly engelmann*

Holly E. Engelmann

Dallas 252549v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

VISTO CORPORATION,

    Plaintiff,

      vs.

RESEARCH IN MOTION LIMITED and
RESEARCH IN MOTION CORPORATION,

    Defendants.

Civil Action No. 2:06-CV-181 (TJW)

Hon. T. John Ward

## VISTO CORPORATION'S AMENDED NOTICE OF DEPOSITION OF GOOGLE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Visto Corporation ("Visto") shall take the deposition upon oral examination of the person(s) designated by Google as the most knowledgeable and able to testify concerning the subjects and matters identified in this notice. The deposition shall take place on March 17, 2008, beginning at 9:00 a.m. before a qualified court reporter at Esquire Deposition Services, 505 Sansome Street, Suite 502, San Francisco, CA 94111, (415) 288-4280. The deposition will be recorded stenographically, by videotape, and may employ the instant visual display of testimony by means of Livenote or other similar technology, and will be taken before a notary public or other office authorized to administer oaths. The deposition will continue from day to day until completed, Sundays and public holidays excepted, or according to a schedule mutually agreed upon by the parties. A true and correct copy of the subpoena directed to Google is attached hereto.

1

DATED: March 5, 2008

Respectfully Submitted,

/s/ Sam Baxter
Sam Baxter, Lead Attorney
TX State Bar No. 01938000
McKOOL SMITH, P.C.
505 East Travis Street, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Fax: (903) 927-2622
sbaxter@mckoolsmith.com

Steven Pollinger
TX State Bar No. 24011919
McKOOL SMITH, P.C.
300 West 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8702
Fax: (512) 692-8744
spollinger@mckoolsmith.com

Theodore Stevenson, III
TX State Bar No. 19196650
McKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-6351
Fax: (214) 978-4044
tstevenson@mckoolsmith.com

Of Counsel:
Robert D. Becker
CA Bar No. 160648
MANATT, PHELPS & PHILLIPS LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300
Fax: (650) 213-0260
rbecker@manatt.com

**ATTORNEYS FOR PLAINTIFF
VISTO CORPORATION**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served upon all counsel of record via electronic mail on March 5, 2008.

*Holly Engelmann*

Holly Engelmann

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### Northern District of California

VISTO CORPORATION

V.

RESEARCH IN MOTION LIMITED, ET AL

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:06-CV-181-TJW-CE

TO:  GOOGLE
    ATTN: Khari J. Tillery
    Keker & Van Nest LLP
    710 Sansome Street, San Francisco, CA 94111

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Esquire Deposition Services, 505 Sansome Street, Suite 502, San Francisco, CA 94111 (415) 288-4280 | DATE AND TIME  3/17/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Attorney for plaintiff* | DATE  3/5/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Holly E. Engelmann, McKool Smith PC
300 Crescent Court, St. 1500, Dallas, TX 75201: 214-978-4000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                 DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

### I. DEFINITIONS

1.      As used herein, the term "you" or "your" or "Google" shall mean and refer to Google Inc., and shall include, where appropriate, any employees, agents, or anyone acting on your behalf.

2.      The term "Defendants" and "RIM" refers to Research in Motion Limited, Research in Motion Corporation, and all principals, officers, directors, employees, former employees, servants, agents, attorneys, and other representatives acting on their behalf, and shall include any predecessor in interest, successor, subsidiary, affiliate, and/or division.

3.      The term "Plaintiff" and "Visto" means Visto Corporation.

4.      As used herein, the term "document" means and includes, but is not limited to, the following items, whether typed, printed, handwritten, drawn, created, recorded, stored, or reproduced by any means or process and whether or not a claim of privilege or other bar to discovery is asserted: notes, letters, memoranda, correspondence, e-mail, drafts, books, telegrams, telexes, telephone bills, telephone logs, notebooks, charts, tables, lists, graphs, agendas, outlines, schedules, plans, studies, applications, policies, procedures, rules, guidelines, manuals, handbooks, evaluations, worksheets, minutes, bids, bid forms, promissory notes, memoranda of understanding, statements of work, requests for proposal, requests for quotation, letters of intent, contracts, agreements, journal ledgers, accounting ledgers, invoices, spreadsheets, loan agreements, tabulations, compilations, financial statements, income statements, balance sheets, checks, registers, pro-formas, budgets, projections, strategic plans, calendars, diaries, appointment books, records and summaries of meetings, telephone conversations or interviews, investigative reports, consultant reports, credit reports, requests for information, proposals, videotapes, audio tapes, recordings, computer tapes, computer disks, DVDs, CDs, computer printouts and data stored on any computer-accessible media, databases, call tracking systems, defect tracking systems, consumer relationship systems or software, sales force automations systems, engineering notebooks, lab notebooks,

Dallas 252537v1

drawings, sketches, designs, illustrations, diagrams, schematics, engineering drawings, blueprints, CAD, project schedules, design reviews, project reviews, status reports, bug reports, change logs, test results, data books, data sheets, user manuals, installation guides, patch release notes, white papers, application notes, bills of material, product literature, advertising documents, competitive analyses, market share studies, presentations, price lists, product lists, customer lists, catalogs, sales reports, annual reports, government filings, press releases, patent, patent applications (including abandoned applications), file histories, prior art, prior art searches or reports, foreign patent applications, trademark applications; trademark searches, source code, server code, object code, machine code, source files, library files, data files, text files, program files, directory files, and computer applications, systems or software, including my file systems back up, and all other writings or drafts thereof as defined in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence § 1001 and all non-identical copies of the items described above.

5.      As used herein, the term "communication" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, letter, memorandum, note, telephone, telecopier, radio, telegraph, electronic mail (including, but not limited to, any data recovered from back up media, whether on site or off site), image, symbol, data, photograph, sound or video.

6.      The term "relating" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, consisting of, comprising, showing, commenting on, evidencing, describing, or otherwise discussing the subject matter.

7.      The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

8.      The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the discovery request more inclusive.

2

9. The term "any" shall mean each and every.

10. The term "any" shall include the word "all," and vice versa.

3

## II. INSTRUCTIONS

1.      You are required to produce for inspection and copying of all requested documents and things that are within your possession, custody, or control.

2.      A document is in your "possession, custody or control" if it is in the possession, custody or control of your representatives, attorneys, agents, servants, employees, investigators, or consultants and you have the right or ability to obtain the document, regardless of its source or present location.

3.      Pursuant to Fed. R. Civ. P. 45(d)(1), documents must be produced as they are kept in the usual course of business, with all staples and clips attached and with all associated file folders, dividers, and file labels, or shall be organized and labeled to correspond to the categories in the request.

4.      Electronic documents or computerized information must be produced in an intelligible format and together with a description of the system from which the information was collected sufficient to permit rendering the materials intelligible.

5.      Each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).  If "e-mail" has been "deleted" from a person's computer mailbox, but is still retrievable in some form, any such responsive e-mail should be retrieved, printed out, and produced.

6.      If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid. For allegedly privileged documents, include:  (a) an identification of the sender and any primary or secondary recipient(s) of the document; (b) the date of the document; (c) a general description of the contents or nature of the document; and (d) any explanation of the basis for asserting the claim of privilege.

7.      If you object to any subpart of a category of documents and things to be produced, you must state your objection and respond to the unobjectionable part of the category.

4

8.    If any of the categories of documents and things cannot be produced in full after exercising reasonable diligence to secure to documents and things requested, please so state, supply any documents and things that can be produced, and set forth the reasons why the responsive documents and things could not be secured and provided.  If any responsive documents or things have been destroyed, identify these documents or things and describe in detail all facts relating to this destruction, including the date of destruction and the identity of any persons involved.

9.    These document requests shall be deemed to be continuing so as to require supplemental production if the party to whom they are addressed obtains access, possession, custody or control of any responsive document not previously produced, or obtains further information between the time the responses are served and the time of trial.

5

### III.  DOCUMENTS TO BE PRODUCED

1.      Documents sufficient to identify the location of servers used by Google to provide e-mail, folder, calendar, contact, address book, task, and/or memo related services to users.

2.      Documents sufficient to identify the total number of Google users that synchronize e-mail, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device

3.      All Documents relating to the design, development, function, operation, and/or location of software and/or hardware provided by Google to synchronize e-mail, folder, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device.

4.      All Documents relating to any software and/or hardware provided by RIM for installation at Google.

5.      All Documents relating to the notification and/or polling protocols used by Google to inform an external application of changes to a user's e-mail, folders, calendar, contacts, address book, tasks, and or memos.

6.      All Documents relating to communications protocols used for transmitting e-mail, folder, calendar, contact, address book, task, and or memo related information between Google and RIM.

7.      All Documents relating to the integration of e-mail, folder, calendar, contact, address book, task, and or memo related services offered by Google with RIM's BlackBerry Internet Service (or BlackBerry Web Client) and/or other services or software provided by RIM.

6

## IV. 30(b)(6) DEPOSITION TOPICS

1.    The location of servers used by Google to provide e-mail, folder, calendar, contact, address book, task, and/or memo related services to users.

2.    Efforts by Google to track the number of Google users that synchronize e-mail, folder, calendar, contacts, address book, tasks, and/or memo related information between a Google server and a BlackBerry enabled device.

3.    The number of Google users that synchronize e-mail, folder, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device.

4.    The identity, design, development, function, operation, and/or location of software and/or hardware provided by Google to synchronize e-mail, folder, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device.

5.    Software and/or hardware provided by RIM for installation at Google relating to the synchronization of e-mail, folder, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device.

6.    The notification and/or polling protocols used by Google to inform a RIM application of changes to a user's e-mail, folders, calendar, contacts, address book, tasks, and or memos.

7.    The communications and/or messaging protocols used for transmitting e-mail, folder, calendar, contact, address book, task, and or memo related information between Google and RIM.

8.    All efforts undertaken to integrate e-mail, folder, calendar, contact, address book, task, and/or memo related services offered by Google with RIM's BlackBerry Internet Service (or BlackBerry Web Client) and/or other services or software provided by RIM.

7

9.    The documents requested in Section III of Schedule A to this subpoena.

10.    The genuineness and authenticity of the documents produced in response to Section III of Schedule A to this subpoena.

# EXHIBIT
# E

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MICHAEL H. PAGE
MPAGE@KVN.COM

March 10, 2008

**VIA FACSIMILE & U.S. MAIL**

Geoffrey L. Smith, Esq.
McKool Smith
300 West 6th Street, Suite 1700
Austin, TX 78701

Re:  *Subpoena in Visto Corporation v. Research In Motion Limited and Research In Motion Corporation, No. 2-06-CV-181 (E.D. Tex)*

Dear Mr. Smith:

As we have discussed with you by phone, Google has a number of objections to the subpoena Visto has served on it in the above-captioned matter, as follows:

### I.    Definitions

A.    "Defendants" and "RIM" (definition 2):  Google objects to this definition as overbroad, unduly burdensome, vague, and intended to harass, and further to the extent that it renders the production requests/deposition topics to seek information (a) not relevant to a claim or defense of the underlying lawsuit or reasonably calculated to lead to the discovery of admissible evidence; (b) available from a party to the litigation; (c) available from a public source; (d) subject to attorney-client, attorney-work-product, or joint-interest protections; or (e) privileged, confidential, proprietary or trade-secret information.  Google further objects to this definition as indecipherable.  Google cannot be expected to know—or to figure out—all the principals, officers, directors, employees, former employees, servants, agents, attorneys, and other representatives acting on RIM's behalf.  Google will construe the definition based on the named entities alone, and its best understanding of persons described in those definitions.

B.    Relating (definition 5):  Google objects to this definition as overbroad, unduly burdensome, vague, and intended to harass, and to the extent that it renders the production requests/deposition topics to seek information (a) not relevant to a claim or defense of the underlying lawsuit or reasonably calculated to lead to the discovery of admissible evidence, (b) available from a party to the litigation; (c) available from a

412446.02

Geoffrey L. Smith, Esq.
March 10, 2008
Page 2

public source, (d) subject to attorney-client, attorney-work-product, or joint-interest protections; or (e) privileged, confidential, proprietary or trade-secret information. As to documents "relating" to the "subject matter," Google will not undertake to review all documents in its possession to determine whether every one might conceivably meet the production requests/deposition topics.

## II. Instructions

<u>General Objection (applicable to all Instructions)</u>: Google objects to these instructions to the extent that they purport to impose any requirement beyond those contained in the Federal Rules of Civil Procedure. Specifically, none of those Rules vests with the party propounding discovery the ability to instruct the receiving party as to how that party's response and production should proceed.

## III. Production Requests

A.    General Objections (applicable to every request): Google objections to each request to the extent it calls for documents that are protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Google further objects to each request to the extent it calls for confidential, proprietary or trade secret information. Google objects to each request to the extent it calls for evidence that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence.

B.    Requests Nos. 2-8: Google objects to each of these requests on grounds that it is improper to burden a third party with discovery when the same information is equally or more readily available to a party to the litigation, specifically defendants Research In Motion Limited and Research In Motion Corporation (collectively, "RIM"), and there is discovery pending against that party. It is Google's understanding, from conversations with you, that you have not yet sought or received discovery from RIM before seeking the same information from Google.

C.    Request No. 1: Google objects to this request on grounds that it calls for highly confidential information. Google further objects to this request on grounds that it is overbroad in that it calls for the specific location of Google servers, which could not possibly have any relevance to your litigation. As we advised you, we can confirm that Google has servers both within the United States and in other countries.

D.    Request No. 2: Google objects to this request on grounds that it is overbroad and unduly burdensome, particularly where the information is equally or more available to a party. Google does not have ready access to the number of Google users that synchronize information between Google servers and BlackBerry devices.

E.    Request No. 3: Google objects to this request on grounds that it is overbroad and unduly burdensome. Google further objects on grounds this request calls for information that is neither relevant or reasonably calculated to lead to the discovery of relevant evidence.

Geoffrey L. Smith, Esq.
March 10, 2008
Page 3

F.    Request Nos. 4:  Google objects to this request on grounds that it is overbroad and unduly burdensome.

G.    Request No. 5:  Google objects to this request on grounds that it is vague and ambiguous as to the meaning of "notification and/or polling protocols."  Google further objects to this request on grounds that it is overbroad and unduly burdensome to the extent it calls for "notification and/or polling protocols" for "external applications" other than those produced by RIM.

H.    Request No. 6:  Google objects to this request on grounds that it is vague and ambiguous as to the meaning of "communications protocols."  Google further objects to this request on grounds that it is overbroad and unduly burdensome.

I.    Request No. 7:  Google objects to this request on grounds that it is overbroad and unduly burdensome.  Google will consider responding to a suitably narrowed request, to the extent such request identifies the specific information sought and seeks information not available from a party to the above-captioned litigation.

## IV.    30(b)(6) Deposition Topic

Google objects to each deposition topic on the same grounds that it objects to production requests, as well as the reasons stated in Third Party Google's Motion to Quash Subpoena, or in the Alternative, for a Protective Order.

I look forward to discussing this matter with you further.  And please feel free to contact me with any questions.

Very truly yours,

*Michael Page /kjt*

Michael Page

MHP/kjt

412448.02

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

March 10, 2008

| To | Telephone | Facsimile |
|---|---|---|
| Geoffrey L. Smith | 512-692-8728 | 512-692-8744 |
| McKool Smith | | |

| From | Telephone | Code |
|---|---|---|
| Khari J. Tillery | (415) 773-6621 | |

Re   **Subpoena in Visto Corporation v. Research In Motion Limited**

### Number of Pages (Including Cover):  4

ORIGINAL WILL FOLLOW BY U.S. MAIL

### <u>COMMENTS</u>

Please find attached correspondence

Operator _____                    Time Sent _____

## IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 676-2277 OR (415) 391-5400

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.

# EXHIBIT F

 **Help Center**    Change Language: | English (US) ▾ |

Google Help > Gmail Help > IMAP

Gmail
Overview

What's New

Gmail Help
Center

Gmail Blog

Gmail Stories

For
Organizations

Create an
Account

Getting
Started Guide

# Blackberry

To configure IMAP for your Blackberry, just follow these
steps:

1. Enable IMAP in your Gmail settings.
2. From your BlackBerry home screen, select the
   **Blackberry Set-up** icon, then choose **Personal
   Email Set-up**. (On older devices, just look for the
   **Personal Email Set-up** icon.)
3. Select **Personal Email Set-up**.
4. Accept Terms and Conditions.
5. On the Email Account Set-up page, enter your
   Gmail username (including '@gmail.com') but
   leave the password field blank. Select **Next**.
6. You'll see a screen that says 'We are unable to set
   up your email account.' Select 'I will provide the
   settings to add this email account,' then **Next**.
7. Select 'Internet Service Provider Email
   (POP/IMAP),' then **Next**.
8. Select 'I will provide the settings to add this email
   account,' then **Next**.
9. You'll see 'The BlackBerry Internet Service could
   not configure [your email] account.' Select 'Provide
   The Settings' to add email account.
10. Enter your Gmail username (including
    '@gmail.com') and your password, then **Next**.
11. Enter 'imap.gmail.com' as the email server, then
    **Next**.
12. Select **OK**.
13. Below your newly added email address, select
    **Edit**.
14. Select **Advanced Settings** at the bottom.
15. Make sure the port is set to '993' and 'Use SSL' is
    set to 'Yes.'
16. Select **Save**.

If your email set-up was successful, there should be a
new-messages icon on your home screen labeled with
the name of the account. Once you see this icon, follow
these steps to ensure proper configuration:

1. Open the mailbox icon.
2. Open the menu by pressing the jog wheel or
   BlackBerry menu button, then select **Options**.
3. Select **Email Reconciliations**.
4. Confirm the following settings:
   - Delete On: Mailbox & Handheld
   - Wireless Reconcile: On
   - On Conflicts: Mailbox Wins
5. Select **Save**.

**Search Help Center**

| Search |

**Troubleshooting**

- Error Messages
- Common Issues
- Known Issues
- POP
- IMAP

**Known issues with POP and IMAP**

- IMAP clients timeout or crash
  when downloading very large
  folders
- Non-Latin labels don't appear as
  folders in Outlook 2003 and
  Outlook Express
- Incoming message delays when
  IMAP is enabled

  See other known issues

**Learn from other Google users**

Ask questions and share
answers on the Gmail Help
Discussion Forum

updated 3/10/2008

**Was this information helpful?**

&#9675; Yes    &#9675; No

**Additional Help**

**Other articles:**
iPhone
Outlook 2003
Thunderbird 2.0

**Get help from other users in the Gmail Help Discussion group.**

---

©2008 Google - Gmail Home - About Gmail - Terms of Use - Privacy Policy - Program Policies - About Contacting Support

# EXHIBIT
# G



**Help Center**

Google Help > Gmail Help > POP

Change Language: English (US)

| | |
|---|---|
| Gmail Overview | # BlackBerry Internet Service |
| What's New | 1. Log in to your BlackBerry Internet Service account. |
| | 2. Click 'Profile' along the top of the 'Home Page.' |

Gmail Help Center



Gmail Blog

Gmail Stories

For Organizations

3. Click 'other email accounts' in the 'Email Accounts' section of your profile.

**Email Accounts**
Customize your settings to receive messages from other email accounts.

Create an Account

Getting Started Guide

4. Click 'Add Account.'
5. Enter the information for your Gmail address.
   - Email Address: Enter your full Gmail email address (including '@gmail.com').
   - User Name: Enter your Gmail username (including '@gmail.com').
   - Password: Enter your Gmail password.
   - Re-enter password: Re-enter your Gmail password.

---

**Email Accounts**

To add an email account, please provide the information below.

Email Address: nanowoodward@gmail.com        (?)

User Name: nanowoodward@gmail.com        (?)

Password: ••••••        (?)

Re-enter Password: ••••••

[ Submit ]   [ Cancel ]

---

6. Click 'Submit.'

If your BlackBerry account was successfully configured, you'll see the BlackBerry 'Email Accounts' page. You're finished!

If you receive the message, 'We were unable to configure this mailbox. Please tell us how you access this email account,' verify that you clicked 'Save Changes' after enabling POP in Gmail.

If you don't click 'Save Changes' when you enable POP in Gmail, BlackBerry Internet Service can't access your Gmail messages. Once you've enabled POP in Gmail, add the account in BlackBerry Internet Service again.

Please note that messages sent from your BlackBerry may appear in your mobile device's inbox. This POP behavior is a result of enabling recent mode to ensure that all other POP clients will be able to access your messages. We're aware of this issue, and thank you for your patience while we work to address it.

updated 3/21/2008

**Was this information helpful?**

**Search Help Center**

[ Search ]

**Troubleshooting**

- Error Messages
- Common Issues
- Known Issues
- POP
- IMAP

**Known issues with POP and IMAP**

- IMAP clients timeout or crash when downloading very large folders
- Non-Latin labels don't appear as folders in Outlook 2003 and Outlook Express
- Incoming message delays when IMAP is enabled

See other known issues

**Learn from other Google users**

Ask questions and share answers on the Gmail Help Discussion Forum

◯ Yes    ◯ No

**Additional Help**

**Other articles:**
Apple Mail 3.0
Thunderbird 2.0
Outlook 2002

**Get help from other users in the Gmail Help Discussion group.**

**Review our known issues page.**

---

©2008 Google - Gmail Home - About Gmail - Terms of Use - Privacy Policy - Program Policies - About Contacting Support

# EXHIBIT H

# FILED UNDER SEAL

# EXHIBIT
# I

# FILED
# UNDER SEAL

# EXHIBIT
# J

# FILED
# UNDER SEAL

# EXHIBIT
# K

# FILED
# UNDER SEAL

# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VISTO CORPORATION | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-181(TJW) |
| | § | |
| RESEARCH IN MOTION LIMITED, and | § | |
| RESEARCH IN MOTION CORPORATION | § | |

## NOTICE OF SCHEDULING CONFERENCE,
## PROPOSED DEADLINES FOR DOCKET CONTROL ORDER
## AND DISCOVERY ORDER

The court, *sua sponte*, issues this Notice of Scheduling Conference, Proposed Deadlines for

Docket Control Order and Discovery Order.

### Notice of Scheduling Conference

Pursuant to Fed. R. Civ. P. 16 and Local Rule CV-16, the Scheduling Conference in this case

is set for **March 6, 2007, at 10:00 a.m. in Marshall, Texas.**  The parties are directed to meet and

confer in accordance with Fed. R. Civ. P. 26(f) prior to the conference.  The parties are excused from

the requirement of filing a written proposed discovery plan in this case.

### Proposed Deadlines for Docket Control Order

The proposed deadlines for docket control order set forth in the attached Appendix A shall

be discussed at the Scheduling Conference.  The court will not modify the proposed trial date except

for good cause shown.

### Discovery Order

After a review of the pleaded claims and defenses in this action and in furtherance of the

management of the court's docket under Fed. R. Civ. P. 16, it is ORDERED AS FOLLOWS:

1.    **Disclosures.**  Except as provided by paragraph 1(h), and, to the extent not already disclosed,

within thirty (30) days after the Scheduling Conference, each party shall disclose to every other party the following information:

(a)     the correct names of the parties to the lawsuit;

(b)     the name, address, and telephone number of any potential parties;

(c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action;

(g)     any statement of any party to the litigation;

(h)     for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

    a.     the expert's name, address, and telephone number;

    b.     the subject matter on which the expert will testify;

    c.     if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

        (a)     all documents, tangible things, reports, models, or data compilations

that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (b)    the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

    d.    for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information;

Any party may move to modify these disclosures for good cause shown.

2.    **Protective Orders.**  Upon the request of any party before or after the Scheduling Conference, the court shall issue the Protective Order in the form attached as Appendix B. Any party may oppose the issuance of or move to modify the terms of the Protective Order for good cause.

3.    **Additional Disclosures.** In addition to the disclosures required in Paragraph 1 of this Order, at the Scheduling Conference, the court shall amend this discovery order and require each party, without awaiting a discovery request, to provide, to the extent not already provided, to every other party the following:

    (a)    the disclosures required by the Patent Rules for the Eastern District of Texas;

    (b)    within forty-five (45) days after the Scheduling Conference, a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the case, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of

documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

(c)    within forty-five (45) days after the Scheduling Conference, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(d)    within forty-five (45) days after the Scheduling Conference, those documents and authorizations described in Local Rule CV-34; and

The court shall order these disclosures in the absence of a showing of good cause by any party objecting to such disclosures.

4.    **Discovery Limitations**.  At the Scheduling Conference, the court shall also amend this discovery order to limit discovery in this cause to the disclosures described in Paragraphs 1 and 3 together with 60 interrogatories, 60 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of three (3) expert witnesses per side and forty (40) hours of additional depositions per side.  "Side" means a party or a group of parties with a common interest. Any party may move to modify these limitations for good cause.

5.    **Privileged Information**.  There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  Within sixty (60) days after the Scheduling

Conference, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection.  Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.   If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact within sixty (60) days after the Scheduling Conference.

6.     **Pre-trial disclosures**.  Absent a showing of good cause by any party, the court shall require the following additional disclosures:

Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

(a)     The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

(b)     The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(c)     An appropriate identification of each document or other exhibit, including summaries

of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures shall be made at least 30 days before trial.  Within 14 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

7.    **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.  The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8.    **Duty to Supplement.**  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.    **Disputes.**

(a)    Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make

disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within fourteen (14) days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.** Any filings in excess of twenty (20) pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing.

12.    **Modifications to Patent Rules.**  The attached Appendix C applies to this case and

supplements the Patent Rules for the Eastern District of Texas. These modifications are not

intended to apply to any other case except as may be expressly provided by order of this

Court.

SIGNED this 29th day of January, 2007.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**APPENDIX A**

## PROPOSED DEADLINES FOR DOCKET CONTROL ORDER

**PROPOSED DEADLINES TO BE DISCUSSED
AT THE SCHEDULING CONFERENCE
MARCH 6, 2007**

| | |
|---|---|
| **Monday,<br>July 7, 2008** | Jury Selection - 9:00 a.m. in **Marshall, Texas** |
| **June 26, 2008** | Pretrial Conference - 9:30 a.m. in **Marshall, Texas** |
| **June 20, 2008** | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. |
| **June 23, 2008** | **Motions in Limine (due three days before final Pre-Trial Conference).** Three (3) days prior to the pre-trial conference provided for herein, the parties shall furnish a copy of their respective Motions in Limine to the Court by facsimile transmission, **903/935-2295**. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. **The parties shall limit their motions in limine to those issues which, if improperly introduced into the trial of the cause, would be so prejudicial that the Court could not alleviate the prejudice with appropriate instruction(s).** |
| **May 15, 2008** | Response to Dispositive Motions (including *Daubert* motions) |
| **June 6, 2008** | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.** If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |

| | |
|---|---|
| **May 1, 2008** | For Filing Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions) **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |
| **April 1, 2008** | Defendant to Identify Trial Witnesses |
| **March 18, 2008** | Plaintiff to Identify Trial Witnesses |
| **March 18, 2008** | Discovery Deadline |
| _____ | **30** Days after claim construction ruling Designate Rebuttal Expert Witnesses other than claims construction Expert witness report due Refer to Discovery Order for required information. |
| _____ | **15** Days after claim construction ruling Comply with P.R. 3-8. |
| _____ | **15** Days after claim construction ruling Party with the burden of proof to designate Expert Witnesses other than claims construction Expert witness report due Refer to Discovery Order for required information. |
| **December 18, 2007** | Claim construction hearing 9:00 a.m., **Marshall, Texas**. |
| **November 26, 2007** | Comply with P.R. 4-5(c). |
| **November 19, 2007** | Comply with P.R. 4-5(b). |

**November 5, 2007**              Comply with P.R. 4-5(a).

**October 10, 2007**              Discovery deadline–claims construction issues

**October 3, 2007**               Respond to Amended Pleadings

**September 19, 2007**            Amend Pleadings
                                  **(It is not necessary to file a Motion for Leave to Amend
                                  before the deadline to amend pleadings except to the
                                  extent the amendment seeks to add a new patent in suit.
                                  It is necessary to file a Motion for Leave to Amend after
                                  September 19, 2007).**

**September 19, 2007**            Comply with P.R. 4-3.

**August 20, 2007**               Comply with P.R. 4-2.

**July 31, 2007**                 Comply with P.R. 4-1.

**April 23, 2007**                Comply with P.R. 3-3.

**May 7, 2007**                   Privilege Logs to be exchanged by parties
                                  (or a letter to the Court stating that there are no disputes as to
                                  claims of privileged documents).

**April 5, 2007**                 Join Additional Parties

**March 16, 2007**                Comply with P.R. 3-1

| | |
|---|---|
| **To be discussed at**<br>**Scheduling Conference** | Mediation to be completed<br>If the parties agree that mediation is an option, the Court will appoint a mediator or the parties will mutually agree upon a mediator. If the parties choose the mediator, they are to inform the Court by letter the name and address of the mediator. The courtroom deputy will immediately mail out a "mediation packet" to the mediator for the case. The mediator shall be deemed to have agreed to the terms of Court Ordered Mediation Plan of the United States District Court of the Eastern District of Texas by going forth with the mediation. General Order 99-2. |
| **March 6, 2007** | Scheduling Conference (All attorneys are directed to Local Rule CV-16 for scope of the Scheduling Conference). |

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e),** in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

## OTHER LIMITATIONS

1.　All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.　The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3.　The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

　　(a)　The fact that there are motions for summary judgment or motions to dismiss pending;

(b)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**APPENDIX B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VISTO CORPORATION | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-181(TJW) |
| | § | |
| RESEARCH IN MOTION LIMITED, and | § | |
| RESEARCH IN MOTION CORPORATION | § | |

**STANDARD PROTECTIVE ORDER**

The Court, *sua sponte*, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1.      Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to  be disclosed or produced during the course of discovery in this litigation;

2.      The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.      Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such

Confidential Information; and

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.      Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorney's for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2.      Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have submitted to any governmental entity without request for confidential treatment.

3.      At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have

the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4.    Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5.    Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

(a)    Counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

(b)    Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

(c)    The Court.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6.    Counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only

identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7.     The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8.     To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

9.     Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10.    Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11.    The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

12.    After termination of this litigation, the provisions of this Order shall continue to be binding,

except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13.  Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14.  This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15.  The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

So ORDERED AND SIGNED this _____ day of _____, 2007.


_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**APPENDIX C**

**ORDER RELATING TO PATENT CASES BEFORE JUDGE T. JOHN WARD**

The Court issues certain modifications to the Eastern District Patent Rules. The modifications relate to three issues: (1) Notice Requirements, (2) Infringement and Invalidity Contentions for Software, and (3) Deadlines Related to Claim Construction.

**I.    Notice Requirements**

The Court has seen a dramatic increase in the number of disputes related to parties serving "supplemental," "additional," or "revised" P.R. 3-1 or P.R. 3-3 disclosures. In the past, parties were not required to provide notice to the Court regarding compliance with P.R. 3-1 or P.R. 3-3. Thus, certain parties attempted to avoid the rule that Preliminary Contentions are final except as provided in P.R. 3-6 and P.R. 3-7. Accordingly, the Court modifies P.R. 3-1 and P.R. 3-3 in the following manner:

> **P.R. 3-1(g):** Any time a party claiming patent infringement serves Preliminary Infringement Contentions on an opposing party, the party claiming patent infringement shall also file with the Court a Notice of Compliance with P.R. 3-1.

> **P.R. 3-3(e):** Any time a party opposing patent infringement serves Preliminary Invalidity Contentions on an opposing party, the party opposing patent infringement shall also file with the Court a Notice of Compliance with P.R. 3-3.

Under this Court's interpretation of the Patent Rules, leave of Court is required for serving "amended," "supplemental," or "revised" P.R. 3-1 or P.R. 3-3 disclosures. The Court will strike "amendments," "supplements," or "revisions" of P.R. 3-1 or P.R. 3-3 disclosures that do not comply with P.R. 3-6 or P.R. 3-7.

**II.    Infringement and Invalidity Contentions for Software**

Additional modifications to the Patent Rules regarding P.R. 3-1 and P.R. 3-3 are being made

to reduce discovery disputes and motion practice resulting from patents that contain software claim limitations. The Patent Rules require a party asserting claims of patent infringement to take a firm position in the litigation as it relates to infringement early on in the case. This and other courts in the Eastern District of Texas, however, recognize that software claim limitations present unique challenges for the parties because parties claiming patent infringement do not typically have access to an opposing party's source code before filing suit. At the same time, parties opposing a claim for patent infringement are hampered in their ability to prepare a defense absent specific infringement contentions from the party asserting claims of patent infringement.

The lack of access to source code coupled with an opponent's right to prepare a defense has led to numerous discovery disputes. To alleviate these disputes and to provide clear direction to the parties as to their rights and responsibilities under the Patent Rules, the Court modifies the Patent Rules in a manner consistent with such cases as *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558 (E.D. Tex. 2005).

The Court's modifications to P.R. 3-1and P.R. 3-3 are set out below.

**P.R. 3-1 (h):** If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

**P.R. 3-3(f):** If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Preliminary Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

Thus, if a party claiming patent infringement asserts that a claim element (or the entire claim) is software, that party need only identify the element as a software limitation in its initial compliance

with P.R. 3-1, but does not need to identify where such limitation is met in the Accused Instrumentality. After receipt of the source code for an Accused Instrumentality, the party is permitted 30 days to supplement its P.R. 3-1 disclosure to identify, with specificity, the source code of the Accused Instrumentality that allegedly satisfies the software claim elements. P.R. 3-1(g) does not allow Plaintiff the opportunity to modify or amend any non-software claim contentions.

Likewise, once a party opposing a claim of patent infringement is in receipt of a P.R. 3.1(g) disclosure, the party is allowed 30 days to modify its initial P.R. 3-3 disclosures, but only to the extent the modifications relate to the software claim elements identified by the party claiming patent infringement. P.R. 3-3(e) does not allow a party opposing a claim of infringement an opportunity to modify or amend any non-software contentions.

## III.    Claim Construction Deadlines

The final amendments to the Patent Rules relate to claim construction deadlines. In the Eastern District Patent Rules, claim construction deadlines are triggered by the filing of the parties' Infringement and Invalidity Contentions. The increase of patent cases before this Court has resulted in a large number of Claim Construction hearings and, as a result, strict application of the Patent Rules yields a P.R. 4-5 deadline approximately three months or more before Court could accommodate a Claim Construction Hearing.

To facilitate the case, resolve discovery disputes, and have claim construction hearings a reasonable time after briefing is complete, the Court modifies the deadlines in P.R. 4-1 and P.R. 4-3 as set forth below:

> **4-1. Exchange of Proposed Terms and Claim Elements for Construction.**
> **(a)** Not later than *140 days before the date set for the Claim Construction Hearing*, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

**4-3. Joint Claim Construction and Prehearing Statement.**
Not later than *30 days after "Exchange of Preliminary Claim Constructions and Extrinsic Evidence" in compliance with P.R. 4.2*, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

Thus, the Court's modifications will make the trigger of P.R. 4-1 through P.R. 4-5 the date of the Claim Construction Hearing.  For clarification, the Court notes that the "140 days" set forth in P.R. 4-1 was not chosen to confuse the parties but was instead chosen so as to be evenly divisible by 7.  Thus, whatever the date of the Claim Construction Hearing, the deadline for complying with P.R. 4-1 will always fall on a weekday.  If that weekday is a Federal Holiday, the deadline for complying with P.R. 4-1 is extended to the first day that is not a Saturday, Sunday or other Federal Holiday.

# EXHIBIT
# M

# MCKOOL SMITH

A PROFESSIONAL CORPORATION • ATTORNEYS
300 Crescent Court
Suite 1500
Dallas, Texas 75201

Hao Ni
Direct Dial: (214) 978-4083
hni@mckoolsmith.com

Telephone: (214) 978-4000
Telecopier: (214) 978-4044

February 19, 2008

***Via Email***
Craig D. Leavell
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

RE:    *Visto Corp. v. Research In Motion Limited and Research In Motion
Corporation*, Civil Action No. 2-06-CV-181-TJW.

Dear Craig:

I write regarding the deposition of Michael Morrissey and the documents referred to in his testimony. First, with respect to the financial numbers and projections which were not collected from Mr. Morrissey, please let us know RIM's proposal for providing this information. It should be produced.

Second, with respects to RIM's document production, RIM has produced little or no documents related to the BIS Basilisk and BIS Chameleon. Also, Mr. Morrissey stated that RIM receives documents from third party mail providers such as Google, Yahoo!, AOL, and Microsoft regarding their protocols and operations for integration with the BIS email. Furthermore, Mr. Morrissey also stated that RIM tracks information regarding the number of customers that have integrated third party emails with the BIS as well as the number of customers that use the hosted email service or the mail connector.

Please produce the documents identified above by Wednesday, February 27, 2008. If you have any questions, please do not hesitate to contact me.

Sincerely,

Hao Ni

HN:fgb

Dallas 251514v1

# EXHIBIT N

**Martin C. Robson**

| | |
|---|---|
| **From:** | Geoffrey Smith |
| **Sent:** | Friday, March 14, 2008 3:48 PM |
| **To:** | Martin C. Robson |
| **Subject:** | FW: Visto v. RIM:  Correspondence |

Here is the email to RIM requesting the docs in the subpoena and RIM's non-response.

-----Original Message-----
From: Tiffany Cunningham [mailto:tcunningham@kirkland.com]
Sent: Tuesday, March 04, 2008 12:07 PM
To: Geoffrey Smith
Cc: Holly E. Engelmann; Hao Ni; jmcdole@kirkland.com; ldebruin@kirkland.com; Monica
Barbey; Steven J. Pollinger
Subject: RE: Visto v. RIM: Correspondence

Dear Geoff:

To the extent the document requests in the Google, Yahoo, AOL, and Microsoft subpoenas
("third-party
subpoenas") relate to issues in this case, we have performed a reasonable search for
documents within RIM's possession, custody, or control and produced those documents.  If
RIM finds additional documents responsive to the document requests in the third-party
subpoenas, RIM will also produce those documents.

Best regards,
Tiffany Cunningham
Kirkland & Ellis LLP
(312) 861-2251


                    <gsmith@M
                    cKoolSmit
                    h.com>                                    To
                                        <tcunningham@kirkland.c
                    02/28/200           om>
                    8 07:08                                   cc
                    PM                  <ldebruin@kirkland.com>
                                        ,
                                        <jmcdole@kirkland.com>,
                                        <spollinger@McKoolSmith
                                        .com>,
                                        <hni@mckoolsmith.com>,
                                        <mbarbey@mckoolsmith.co
                                        m>,
                                        <hengelmann@McKoolSmith
                                        .com>
                                                       Subject
                                        RE: Visto v. RIM:
                                        Correspondence


Tiffany

We are still working with Google, Yahoo!, AOL, and Microsoft to obtain the requested
discovery and will keep you informed regarding any documents that are produced and
depositions that get scheduled.

On a similar note, it is our understanding that many if not all of the documents requested
in the Google, Yahoo!, AOL, and Microsoft subpoenas relate to documents that are also
within RIM's possession, custody or control.  Please confirm that RIM has produced all
documents within RIM's possession, custody or control responsive to the document requests
in these subpoenas or let us know as soon as possible when RIM will be in a position to
produce these documents.

Regards

Geoff

-----Original Message-----
From: Tiffany Cunningham
[mailto:tcunningham@kirkland.com]
Sent: Thursday, February 28, 2008 10:28 AM
To: Geoffrey Smith
Cc: Linda DeBruin; Jamie McDole
Subject: Fw: Visto v. RIM: Correspondence


Dear Geoffrey:

I have not received a response to my February 15 letter (attached for convenience below).
Please let me know today whether the depositions that you noticed in connection with the
Google, Yahoo!, AOL, and Microsoft subpoenas are going forward.  If so, please confirm the
dates, locations, and times for these depositions.  The noticed dates are March 3-6.

Moreover, to the extent that any documents responsive to the third party subpoenas are
produced to Visto, please immediately produce to RIM, and confirm in writing that you have
produced to RIM, all documents responsive to these subpoenas.

Best regards,
Tiffany Cunningham
Kirkland & Ellis LLP
(312) 861-2251

----- Forwarded by Tiffany
Cunningham/Chicago/Kirkland-Ellis on 02/28/2008 10:11 AM -----

| Tiffany Cunningha m/Chicago /Kirkland -Ellis 02/15/200 8 05:05 PM | | |
|---|---|---|
| | To | gsmith@mckoolsmith.com |
| | cc | Visto-RIM-EDTX@manatt.c om, Visto/RIM@McKoolSmith.c om, RIM Correspondence, Linda DeBruin/Chicago/Kirklan d-Ellis@K&E, Jamie McDole/Chicago/Kirkland -Ellis@K&E |
| | Subject | Visto v. RIM: Correspondence |

2

(See attached file: 2-15-08 Cunningham Letter to
Smith.pdf)


************************************************************

The information contained in this communication is confidential, may be attorney-client
privileged, may constitute inside information, and is intended only for the use of the
addressee.  It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International
LLP.
Unauthorized use, disclosure or copying of this communication or any part thereof is
strictly prohibited and may be unlawful.  If you have received this communication in
error, please notify us immediately by return e-mail or by e-mail to
postmaster@kirkland.com, and destroy this communication and all copies thereof, including
all attachments.
************************************************************


************************************************************
The information contained in this communication is confidential, may be attorney-client
privileged, may constitute inside information, and is intended only for the use of the
addressee.  It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International
LLP.
Unauthorized use, disclosure or copying of this communication or any part thereof is
strictly prohibited and may be unlawful.  If you have received this communication in
error, please notify us immediately by return e-mail or by e-mail to
postmaster@kirkland.com, and destroy this communication and all copies thereof, including
all attachments.
************************************************************

# EXHIBIT

# O

LAW OFFICES

# KEKER & VAN NEST
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

KHARI J. TILLERY
KTILLERY@KVN.COM

March 4, 2008

**VIA FACSIMILE & U.S. MAIL**

Geoffrey L. Smith, Esq.
McKool Smith
300 West 6th Street, Suite 1700
Austin, TX 78701

Re:    *Subpoena in Visto Corporation v. Research In Motion Limited and Research In Motion Corporation, No. 2-06-CV-181 (E.D. Tex)*

Dear Mr. Smith:

It was a pleasure speaking with you on Friday. And thank you again for agreeing to extend our time to respond to the subpoena until March 10, 2008. I am writing now to confirm the details of our conversation.

You told us that the patents at issue in the *Visto v. RIM* litigation teach a system of synchronizing various data components of a user's account (email, calendar, etc.) between a server behind a firewall and handheld devices (e.g., smart phones). And it is your belief that RIM has software and/or hardware that synchronizes these data components between Google servers and RIM's BlackBerry handheld devices, and that Google may have information about this software and/or hardware.

During our conversation, we also discussed each of the seven document requests in the subpoena. The following is our understanding of what Visto is hoping to receive from Google with respect to each of the requests.

Request No. 1: Visto is not concerned about the specific location of Google's servers, but only whether some of the servers are located within the United States.

Request No. 2: Visto wants to know the total number of Google users that synchronize their data with RIM devices. As an example, you thought there might be a per customer synchronizing fee agreement between RIM and Google. As we explained, however, no such agreement exists.

412530.01

Geoffrey L. Smith, Esq.
March 4, 2008
Page 2

      Request No. 3: Visto wants design documents describing the software and/or hardware interface between RIM and Google, if any.

      Request No. 4: Visto would like documents relating to software and/or hardware provided by RIM for instillation at Google, if any, but is not interested in RIM devices used by Google employees.

      Requests Nos. 5-6: We could not understand from the subpoena what you meant by the term "protocol," as used in Requests Nos. 5-6, and you explained that this was a reference to email protocols such as Internet Message Access Protocol (IMAP) and Post Office Protocol (POP).

      Request No. 7: You described this request as a "catch-all" request meant to capture any documents evidencing system configurations, if any, that allow Google servers to communicate with RIM's BlackBerry Internet Service (or BlackBerry Web Client), such as a firewall port.

      Finally, you told us that you requested these same documents from RIM, but have not received a single responsive document. Nonetheless, you have neither moved to compel production of these documents from RIM nor noticed a 30(b)(6) deposition of RIM on these topics.

      I will call you on March 5, 2008 to further discuss the subpoena and Google's response. In the meantime, if you have any questions or concerns, please do not hesitate to call me.

                Very truly yours,

                Khari J. Tillery

KJT/dbm

cc:    Michael Page, Esq.
       Ashok Ramani, Esq.

412530.01

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

March 4, 2008

| To | Telephone | Facsimile |
|---|---|---|
| Geoffrey L. Smith McKool Smith | 512-692-8700 | 512-692-8744 |

| From | Telephone | Code |
|---|---|---|
| Khari J. Tillery | (415) 773-6621 | 0001/DBM |

Re    *Third Party Subpoena in Visto Corporation v. Research In Motion Limited and Research In Motion Corporation, No. 2-06-CV-181 (E.D. Tex)*

### Number of Pages (Including Cover): 3

### ORIGINAL WILL FOLLOW THIS TRANSMISSION

### **COMMENTS**

Operator _____                    Time Sent _____

### IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 676-2277 OR (415) 391-5400

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.

412442.01

# EXHIBIT
# P

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **VISTO CORPORATION,** | **CIVIL NO. 2:06-CV-181(TJW)** |
| **PLAINTIFF** | |
| **VS.** | |
| **RESEARCH IN MOTION LIMITED, AND RESEARCH IN MOTION CORPORATION** | |
| **DEFENDANTS.** | |

## AGREED PROTECTIVE ORDER

Plaintiff Visto Corporation ("Visto") and Defendants Research In Motion Limited ("RIM Ltd.") and Research In Motion Corporation ("RIM Corp.") (collectively, "RIM") stipulate that the following Protective Order regarding confidential information may be entered by the Court:

**1.    INTRODUCTION AND SCOPE**

This Protective Order shall govern all documents and things (whether or not embodied in any physical medium) exchanged during this action, including but not limited to documents produced by the parties or non-parties, testimony taken at a hearing or other proceeding, and discovery, including but not limited to deposition testimony, interrogatory answers, and responses to requests for admission.

Production or disclosure of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY –

COMPUTER SOURCE CODE" information under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.

**2.      DISCOVERY RULES REMAIN UNCHANGED**

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure  and the Court's Deadlines set out in the applicable Scheduling Order.  Nothing in this Order shall be construed to require a party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court.

**3.      DEFINITIONS AND DESIGNATIONS**

**3.1     Discovery Material**

The term "Discovery Material" shall refer to all documents and information governed by this Order.

**3.2     Protected Information**

Protected Information is defined in this Order as any Discovery Material that the Disclosing Party in good faith designates as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE."

Any Protected Information obtained by any party from any person pursuant to discovery in this litigation or otherwise may be used only for purposes of preparation and litigation of this matter and matters between the same parties or Related Entities to this litigation, and may not be used for any other purpose, including but not limited to use in other unrelated

2

litigations, use for business purposes, or use for patent prosecution or for providing strategic patent prosecution advice other than specifically provided for in Section 5 of this Protective Order.

### 3.3    Confidential Information

Discovery Material may be designated as "CONFIDENTIAL INFORMATION" where such Discovery Material relates to non-public, sensitive or confidential information. For purposes of this Protective Order ("Order"), "CONFIDENTIAL INFORMATION" shall mean all information or material which is produced for or disclosed, either through the formal discovery process or informally, to a Receiving Party; which a Producing Party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential research, development, commercial, or other information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

**3.4**    The following is not "CONFIDENTIAL INFORMATION," "CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE:"

    a.  any information which, at the time of disclosure to a Receiving Party, is lawfully in the public domain;

    b.  any information which, after disclosure to a Receiving Party, lawfully becomes part of the public domain as a result of publication not involving a violation of this Order;

3

c.  any information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; and

d.  any information that a Receiving Party can show was independently developed by it after the time of disclosure by personnel who have not had access to the Producing Party's Protected Information.

**3.5    Confidential - Attorney's Eyes Only**

A party may additionally designate Discovery Material as "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Discovery Material may be designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" if such Discovery Material contains particularly sensitive confidential information that the Designating Party believes in good faith cannot be disclosed to a competitor without threat of competitive injury because such Discovery Material contains trade secret or other proprietary or commercially sensitive information.

**3.6    Confidential - Attorneys Eyes Only - Computer Source Code**

Discovery Material containing computer source code or similar confidential programming statements or instructions that in general are converted into machine language by compilers, assemblers, or interpreters may be designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE."

**3.7    Outside Counsel**

The term "Outside Counsel" shall mean outside attorneys for the parties working on this case or other cases between the same parties or Related Entities, including support personnel, technical advisors, paralegals, consultants, legal secretaries, and legal clerks in connection with this case or cases between the same parties or Related Entities.

### 3.8     Outside Consultant

The term "Outside Consultant" shall mean any outside person (and their support personnel) who is not an employee of a party and who is identified as an expert whose opinions may be presented at trial of this case or cases between the same parties or Related Entities, or is retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, including but not limited to, a proposed expert witness with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof. This term is to be construed within the meaning of Fed. R. Civ. P. 26(b)(4)(a)-(b).

### 3.9     Related Entity

A Related Entity is defined in this Order as any parent, subsidiary or other legal business entity owned or controlled by a common parent.

## 4.     TIME AND MANNER OF DESIGNATION

### 4.1     Time of Designation

Designation of Discovery Material shall be made at the following times:

4.1.1   For documents and things, prior to or at the time of the production of the document;

4.1.2   For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first;

4.1.3   For any form of testimony, either (a) at the time that such testimony is given, or (b) within thirty (30) calendar days after the receipt of the transcript of such testimony by the Designating Party. Until the expiration of thirty (30) calendar days after receipt of the transcript of such testimony by the Designating Party, all testimony will be treated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

5

**4.2    Manner of Designation**

Designation of Discovery Material shall be made by placing the notation "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" on the Discovery Material in the following manner:

4.2.1    For documents, on each page of such document;

4.2.2    For tangible items, on the object or container thereof; or, if not practicable, as otherwise agreed by the parties;

4.2.3    For declarations, written discovery responses, court filing or pleadings, on the face of such document;

4.2.4    For testimony, Outside Counsel for either party may designate on the record at the deposition any testimony as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" under this Order. Each page of the designated testimony and any exhibit on which a witness gives testimony designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be treated in accordance with the terms of this Order;

4.2.5    Computer source code may be so designated by affixing the legend "CONFIDENTIAL - ATTORNEY'S EYES ONLY - COMPUTER SOURCE CODE" on the media itself;

4.2.6    All "CONFIDENTIAL INFORMATION," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Sections 4.2.1 – 4.2.5, shall be designated by informing the Receiving Party of the designation in writing; and

6

4.2.7   To the extent the Receiving Party subsequently generates copies of this information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations.   When documents are produced in electronic form, the Producing Party shall include the confidentiality designation on the medium containing the documents.  In the event that the Receiving Party prints documents from such medium, the Receiving Party shall mark each such page of the documents with the appropriate designation.

**4.3    Non-Party Discovery**

4.3.1   The parties recognize that, during the course of this case and cases between the same parties or Related Entities, non-parties may be called upon to produce "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" Discovery Materials.  In such a case, the non-party who must produce such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Information.

4.3.2   Information originating with a non-party and in a Producing Party's custody or control that a Producing Party reasonably and in good faith believes is subject to a confidentiality obligation may designate the Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" and the Protected Information shall be subject to the restrictions on disclosure specified in this Order. The foregoing notwithstanding, if a party has a good faith belief that the production of Discovery Material is objectionable on the

7

grounds that the requested Discovery Material is subject to a third-party confidentiality obligation, the Producing Party shall confer with the non-party to resolve the confidentiality issue. If this issue cannot be resolved then the Producing Party shall (1) immediately notify the Receiving Party; (2) identify the non-party; (3) provide the Receiving Party with the portion(s) of any agreement containing the alleged obligation of confidentiality; and (4) provide a schedule of all documents and things being withheld on the basis of the third party confidentiality obligation. All parties shall attempt to resolve all disputes promptly, informally, and in good faith. If the parties are unable to resolve the matter, the prospective "Receiving Party" may seek relief from the Court. In any such dispute, the Producing Party shall have the burden of showing good cause as to why disclosure is not warranted. No disclosure is required until the objection is resolved.

4.3.3    A nonparty's use of this Order to designate Protected Information does not entitle that nonparty access to any other Protected Information produced by any party in this case.

**4.4     Changing the Designation of Discovery Material**

In the event any party desires to change the designation of Discovery Material that is produced from no designation to "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE," or from one such designation to another, such party may do so by notice in writing specifically identifying the Discovery Material and furnishing a copy of such Discovery Material with the new designation. In such event, the Receiving Party shall thereafter treat such information with the new designation pursuant to this Order, as well as undertake a

8

good faith effort to correct any treatment of the information inconsistent with the new designation.

### 4.5    Resolution of Disputes Regarding Designation

The parties will use reasonable care in designating information as Protected Information. In the event that the party receiving Protected Information disagrees with the designation (or changed designation) by the Designating Party, such a challenge shall be written, shall be served on counsel for the Producing Party and shall particularly identify the documents or information that the Receiving Party contends should be designated differently. The parties will engage in an good faith effort to try to resolve the dispute on an informal basis. If the parties are unable to resolve such a dispute informally within five (5) business days of having requested a meeting of counsel, the Receiving Party may apply to the Court for relief at any time. Any such disputed items shall be treated as originally designated by the Designating Party and subject to the protections of this Order unless and until the Court determines otherwise. Neither party shall be obligated to challenge the propriety of any designation, and failure to do so shall not constitute an admission that any item or information is in fact considered proprietary.

### 4.6    No Presumption of Protected Status

This Order does not address discovery objections nor preclude either party from moving for any relief cognizable under the Federal Rules of Civil Procedure or this Court's inherent power. Nothing in this Order creates a presumption or implies that information designated as Protected Information actually constitutes a trade secret, is proprietary, or is otherwise protectable information. If a Receiving Party believes that any information is improperly designated under this Order, it may, at any time, contest such designation. Protected Information that is subject to such a dispute shall, until further order of this Court, be treated consistently with its designation by the Designating Party.

9

**5.    USE OR DISCLOSURE OF PROTECTED INFORMATION**

Documents and things exchanged during this litigation shall only be used in this case or other cases between the same parties or Related Entities (as that term is defined herein), and their use shall be governed by this Protective Order.  Documents and things exchanged during this case shall not be used for drafting, filing or prosecuting new or currently pending patent applications, including re-examination and/or reissues with the exception that

(1) persons receiving such documents and things in accordance with this Protective Order shall not be precluded from using knowledge gained from such documents and things in connection with prosecution of re-examination, reissues, and/or oppositions of patents involved in this or related suits in the United States, foreign counterparts of same, and/or reasonably related patents, provided that no such documents and things or information contained therein is disclosed in contravention of this Protective Order; and

(2) persons receiving information designated as "CONFIDENTIAL," but not designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" OR "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" under this Protective Order, shall not be precluded from using knowledge gained from such documents and things in connection with prosecution of continuations, divisionals, or foreign counterparts of patents involved in this suit or other suits between the same parties or Related Entites.

No Receiving Party or other person receiving any Protected Information in accordance with this Order shall disclose or permit the disclosure of any such Protected Information to any other person or entity, except the following:

**5.1    Disclosure of "CONFIDENTIAL INFORMATION" Discovery Material**

Protected    Information    that    has    been    designated    "CONFIDENTIAL INFORMATION" and such copies as are reasonably necessary for maintaining, defending or

evaluating this case or cases between the same parties or Related Entities, may be furnished and disclosed to Outside Counsel for a Receiving Party and may be made to a maximum of eight (8) employees or regular consultants of a party or employees in the Receiving Party's legal department at the direction of Outside Counsel involved with maintaining, defending or evaluating this case or cases between the same parties or Related Entities (and supporting personnel).

Each party shall designate the employees who will receive Discovery Material under this paragraph and must notify the Designating Party of the identity of each such employee at least five (5) calendar days before the disclosure of Protected Information to such employee. At the same time, the Designating Party will also provide a duly executed copy of the Confidentiality Agreement attached as Exhibit A. If, within the five (5) calendar day period, the Designating Party objects in good faith to the proposed disclosure to the designee and brings a motion for protection, disclosure shall not be made until and unless this Court orders disclosure to that designee. This Court shall deny objections to disclosure to a designee unless the Designating Party shows good cause why the proposed disclosure should not be permitted.

5.2    **Disclosure of "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Discovery Material**

Disclosure of Protected Information that is designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be made only to Outside Counsel and Outside Consultants, as those terms are defined above, in this case or cases between the same parties or Related Entities. Outside Consultants must comply with the provisions of Section 5.4.1, below. In no event shall an employee, officer, or director of any party to this action or of any competitor of any party to this action have access to Protected Information relating to patent licensing matters,

11

related merger and acquisition activities, or source code without a court order or the written consent of the Designating Party.

**5.3    Review of Source Code**

5.3.1    To the extent source code is produced in this action, access to such source code will be given only to those individuals for the Requesting Party who are authorized under this Order to have access to Discovery Material designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY"

5.3.2    Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, a Receiving Party may only review Source Code on "stand alone" computers (i.e., computers that may be networked together by a private wired network, but that are not connected to any other network, internet or peripheral device except that the stand-alone computers may be connected to printer or printers), at (i) for RIM at the offices of Haynes and Boone in Dallas, Texas, and (ii) for Visto at the offices of McKool Smith P.C. in Dallas, Texas. Access is to be made available during regular business hours (8:00 a.m. to 6:00 p.m. local time) on 48 hours' notice. The requesting party shall make its best efforts to restrict access to normal business hours, but should circumstances require, access will also be provided from 8:00 a.m. to 6:00 p.m. on Saturdays and Sundays, and/or from 6:00 p.m. through 12:00 midnight on weekdays.

5.3.3    The parties will produce Source Code in computer searchable format. The Producing Party must allow printing of paper copies of the Source Code at the time of inspection by the Requesting Party, which the Requesting Party may take when completing an inspection. The Producing Party will provide the Receiving Party with Bates number labels and confidentiality labels stating

"CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE," and the Receiving Party will affix the Bates number labels and confidentiality labels to all source code printed, and provide a copy to the Producing Party. The Receiving Party of such Source Code must keep that code in a secured container or location at all times. Paper copies of Source Code may not be copied and may not be removed from a secured container or location unless in a secured, private area. Notwithstanding the foregoing sentence, Outside Counsel may make copies of the paper copies for use as exhibits in court proceedings and at depositions. The Requesting Party shall maintain a complete log of Bates numbered pages printed, and shall produce such a log at the time its first expert reports are delivered. For security purposes, this log must be produced to the Producing Party regardless of any other stipulation limiting expert discovery. Further, the log will be supplemented with each new expert report and 10 days after trial. The Producing Party shall not undertake any effort to track or otherwise determine which pages of code have been printed. The Producing Party shall not videotape or otherwise monitor review of code by the Requesting Party.

5.3.4    Diagnostic software may be used to perform searches of the source code, however, no portions of the source code may be downloaded. A back-up copy of the source code may be created on a stand-alone computer and searching tools may also be used to inspect the code, to annotate, number the lines of, and bates label the pages of, the back-up copy of the code. The back-up copy will remain on a stand-alone computer and be subject to all the provisions of this Protective Order that govern source code.

13

5.3.5   To the extent necessary, the Receiving Party may leave work product or other materials to which it claims privilege stored on the computer(s) on which the source code has been provided for a period not to exceed fourteen (14) calendar days. After notification by the Receiving Party that such work product or other materials to which it claims privilege are stored on the computer(s), personnel of the Producing Party may not examine the contents of the machine on which the source code has been provided, except for administrative reasons upon 48 hours notice explaining the reason for the necessity to examine the machine. At the expiration of this fourteen (14) calendar days period, the Receiving Party will remove any such work product or other materials to which it claims privilege and the Producing Party will no longer be restricted in its access to the machine.  This clause in no way restricts a party's ability to continue its review of the source code for longer than 14 days.

**5.4    General Disclosures**

Notwithstanding the restrictions set forth above, the following disclosures may be made in accordance with this Order:

**5.4.1   Outside Consultants**

5.4.1.1   Subject to the requirement that the person(s) receiving the Protected Information duly execute the Confidentiality Agreement attached as Attachment A and this section, disclosure of Protected Information may be made to Outside Consultants.   Prior to disclosing any Protected Information to any Outside Consultant, Outside Counsel for the Receiving Party shall determine that disclosure of particular Protected Information to an Outside

14

Consultant is, in that counsel's good faith judgment, reasonably necessary to the party's representation.

5.4.1.2    Prior to the disclosure of any of the Designating Party's Protected Information to an Outside Consultant, the Receiving Party shall give at least eight (8) calendar days written notice to the Designating Party, providing:

a)    the name, business title and business address of each Outside Consultant to whom the disclosure is proposed to be made;

b)    a copy of the proposed Outside Consultant's executed Confidentiality Agreement;

c)    a copy of their current curriculum vitae showing their education;

d)    a list of any previous or current relationships (personal or professional) with any of the parties; and

e)    a list of all other cases in which the Outside Consultant has testified (at trial or deposition), all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed, within the last four years. Such a listing, as appropriate, may itself be designated as Protected Information.

5.4.1.3    No disclosure of Protected Information shall be made to such Outside Consultant and/or staff until after the expiration of the

15

foregoing notice period. The disclosure requirement of an Outside Consultant shall apply to all professionals working at the direction of counsel, including testifying experts and their employees who provide technical, engineering, accounting or financial support services ("staff").

5.4.1.4    If, during the eight (8) calendar days notice period the Producing Party serves a good faith objection to the proposed disclosure to showing the Outside Consultant Protected Information, there shall be no disclosure of said Protected Information to such Outside Consultant pending resolution of the objection. Consent to the disclosure of Protected Information to the Outside Consultant shall not be unreasonably withheld. The Producing Party objecting to disclosure of Protected Information to the Outside Consultant shall provide an explanation of the basis of its objection. If a Producing Party objects to the disclosure of Protected Information to an Outside Consultant, the Receiving Party shall then have five (5) calendar days after such objection is served  to respond to the objection. The Producing Party shall then have five (5) calendar days after such response is served  to file an objection with the court and seek a motion for protection or disqualification of the Outside Consultant or other appropriate relief, if the parties cannot come to an agreement. No Protected Information shall be provided to the proposed Outside Consultant until after resolution of the

16

objection either by the parties or by the Court. If the Producing Party fails to file an objection and motion for protection with the Court within the prescribed period, then any objection to the Outside Consultant is waived, and any Protected Information may be thereafter disclosed to such individual.

5.4.1.5    No Protected Information shall be disclosed by a Receiving Party to an Outside Consultant until after the individual has signed the Confidentiality Agreement appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms.

**5.4.2    Public Documents**

None of the restrictions set forth in this Order shall apply to any documents or other information that becomes public knowledge by means not in violation of the provisions of this Order. Nothing in this Order shall prevent a party from using any information that the party properly possessed prior to receipt of any Protected Information from the other party or a non-party or that is discovered independently by the Receiving Party. In addition, the terms of the treatment of the Protected Information shall be effective only upon the effective date of this Order.

**5.4.3    Disclosure to Author or Recipient**

Notwithstanding any other provision, nothing in this Order shall prohibit Outside Counsel for a party from disclosing Protected Information to any person whom the Discovery Material clearly identifies as an author, addressee, or carbon copy recipient of such Discovery Material. In addition, regardless of its designation, if

17

Discovery Material makes reference to the actual or alleged conduct or statement of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other portions of the document.

### 5.4.4   Disclosure of Party's Own Information

The restrictions on the use of Discovery Material established by the Order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of this litigation. Any party is free to use its own Discovery Material for any purpose, and no use by the Producing Party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

### 5.4.5   Disclosure to the Court or Jury

Disclosure of Protected Information may be made to this Court, its personnel and the jury for this case and cases between the same parties or Related Entities. Nevertheless, any Discovery Material designated as Protected Information that is filed with the Court shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Order. The party filing any paper that reflects or contains any Protected Information shall file such paper in a sealed envelope bearing the title of this case or a case between the between the same parties or Related Entities, the case number, the name of the party filing the paper, the legend "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope contains documents subject to a protective order of the Court entered on [date of order]. It should not be opened nor its contents

18

disclosed, revealed or made public except by order
of the Court or agreement of the parties.

### 5.4.6    Disclosure to Necessary Personnel

Subject to the requirement that the person(s) receiving the Protected Information

duly execute the Confidentiality Agreement attached as Attachment A, disclosure

of Protected Information may be made to court reporters, independent shorthand

reporters, videographers, interpreters, or translators engaged for depositions or

proceedings necessary to this case or cases between the same parties or Related

Entities.   The executed Confidentiality Agreement shall be retained by Outside

Counsel for the Receiving Party making such disclosures.

### 5.4.7    Disclosure to Vendors and Graphics/Trial Consultants

Subject to the requirement that the person(s) receiving the Protected Information

duly execute the Confidentiality Agreement attached as Attachment A, disclosure

of Protected Information may be made to employees of outside vendors providing

copy services, document and exhibit preparation services, and jury consultant and

research services, including mock jurors, or other counsel retained by the client or

by counsel who have not entered an appearance in the lawsuit in connection with

this case and cases between the same parties or Related Entities. The executed

Confidentiality Agreement shall be retained by Outside Counsel for the Receiving

Party making such disclosures.

### 5.5    Disclosure During Depositions

Subject to the requirement that the person(s) receiving the Protected Information

duly execute the Confidentiality Agreement attached as Attachment A, and except as otherwise

approved by the Designating Party or by an order of this Court, a party may use Protected

19

Information in deposing only: (a) an individual who has had or who is eligible to have access to the Protected Information by virtue of their employment with the Designating Party; (b) an individual identified in the Protected Information as an author, addressee, or carbon copy recipient of such information; (c) an individual who although not identified as an author, addressee, or carbon copy recipient of such Protected Information, has, in the ordinary course of business, seen such Protected Information, or (d) an Outside Consultant.

No one may attend or review the transcripts or the portions of any depositions at which Protected Information is shown or discussed other than those individuals qualified to see such Protected Information as set forth in this Protective Order.

### 5.6    Disclosure Pursuant to Subpoena

If any entity subpoenas or orders production of Protected Information from a Receiving Party that a Receiving Party has obtained subject to this Order, such party shall promptly notify the Designating Party of the pendency of the subpoena or order and shall not produce the information until the Designating Party shall have reasonable time (which shall be not less than ten (10) calendar days) to object or take other appropriate steps to protect the information.

### 5.7    Inadvertent Disclosure of Protected or Privileged Information

Inadvertent failure to designate as Protected Information or the inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Information, privileged, or protected by the work product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing within ten (10) calendar days after discovery of such inadvertent production or disclosure.    Such inadvertently produced or

disclosed documents or information, including all copies thereof, shall be returned to the Producing Party immediately upon request, and the Receiving Party shall immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged or Protected Information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned. In the case of an inadvertently produced or disclosed document, the Producing Party shall include the Discovery material in a privilege log identifying such inadvertently produced or disclosed document. The Receiving Party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

### 5.8    Duty to Return or Destroy Discovery Material

Within sixty (60) calendar days after conclusion of the above-captioned case or cases between the same parties or Related Entities (including all appeals and further proceedings resulting therefrom), all Discovery Material containing Protected Information (other than pleadings, discovery responses and exhibits contained in the official court record, and attorney work product documents) shall be either returned to the Designating Party or shall be destroyed. Counsel for any party or non-party receiving Protected Information shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to counsel for the Designating Party within ninety (90) calendar days after the conclusion of the above-captioned case or cases between the same parties or Related Entities.

21

6.    **Miscellaneous**

6.1    **Continuing Jurisdiction**

After the conclusion of the above-captioned case or cases between the same parties or Related Entities, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Protected Information pursuant to this Order, in order to enforce the provisions of this Order.

6.2    **Interpretation**

Should the parties have any issues concerning the interpretation of this Order, before any party moves for this Court's assistance, they shall first endeavor to promptly meet and confer to resolve the dispute. The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

6.3    **Modification**

This Order may be modified by this Court for good cause shown or by mutual written agreement between the parties and this Court's approval of such agreement. The Court may enter a subsequent order addressing the use of Protected Information at trial or at the conclusion of the above-captioned case or cases between the same parties or Related Entities as to any party.

6.4    **Outside Counsel's Communication with Client**

Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise their client based on their review and evaluation of Protected Information produced by the opposing party, provided that such communications or advice shall not disclose or reveal Protected Information in violation of this Order.

**6.5    No Probative Value**

The Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Protected Information. The fact that information is designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" under this Order shall not be deemed to be determinative of what a trier of fact may determine to actually be "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE." This Order shall be without prejudice to the right of any party to bring before the Court questions regarding (a) whether any particular material is or is not properly designated or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Order, provided that in doing so, the party complies with the procedures set forth herein. The fact that any information is disclosed, used, or produced in any court proceeding in this case or cases between the same parties or Related Entities shall not be offered in any action proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

**6.6    Logging of Privileged Materials**

The parties agree that the privilege logs need not identify attorney-client communications to/from, or attorney work product created by, each party's counsel in this action from April 28, 2006. Attorney-client communications or attorney work product that a party may later rely on to support an advice-of-counsel defense to a claim of willful infringement must be included in the privilege log.

23

SIGNED this 2nd day of April, 2007.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

Agreed By the Parties,


/s/ Sam F. Baxter

Sam F. Baxter, Lead Attorney
TX State Bar No. 01938000
Theodore Stevenson, III
TX State Bar No. 19196650
William E. Davis III
TX State Bar No. 24047416
MCKOOL SMITH, PC
505 East Travis Street, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Facsimile: (903) 927-2622

Of Counsel:
Ronald S. Katz
CA State Bar No. 085713
Robert D. Becker
CA State Bar No. 160648
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: 650-812-1300
Facsimile: 650-213-0260


ATTORNEYS FOR DEFENDANT
VISTO CORPORATION

/s/ Eric H. Findlay

Eric H. Findlay (Lead Attorney)
State Bar No. 07889886
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, TX 75702
ericf@rameyflock.com
Tel: 903-597-3301
Fax: 903-597-2413

Harry Lee Gillam, Jr. (Lead Attorney)
State Bar No. 07921800
GILLAM & SMITH, LLP
110 S. Bolivar, Suite 204
Marshall, TX 75670
gil@gillamsmithlaw.com
Tel: 903-934-8450
Fax: 903-934-9257

Of Counsel:
Linda S. DeBruin
William E. Devitt
Michael A. Parks
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Tel:312-861-2000
Fax: 312-861-2200

ATTORNEYS FOR PLAINTIFFS
RESEARCH IN MOTION LIMITED AND
RESEARCH IN MOTION CORPORATION

25

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **VISTO CORPORATION,** | |
| **PLAINTIFF** | |
| **V.** | **CIVIL NO. 2:06-CV-181(TJW)** |
| **RESEARCH IN MOTION LIMITED, AND RESEARCH IN MOTION CORPORATION,** | |
| **,** | |
| **DEFENDANTS.** | |

## ATTACHMENT A

## WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE PROTECTIVE ORDER

I, the undersigned, hereby certify that I have read the Protective Order dated, _____, 200__, entered in the Eastern District of Texas in the case entitled Visto Corporation v. Research In Motion Limited and Research In Motion Corporation, Civil No. 2:06-CV-181(TJW).

I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the Eastern District of Texas with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Discovery Materials marked "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – COMPUTER SOURCE CODE" to anyone other than persons specifically authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials.

///

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No: _____

Relationship to this action and its parties: _____

_____

_____

Dated: _____ _____

Signature