# EXHIBIT A

RECEIVED
U.S.
2006 APR 28  PR 5: 27

TX EASTERN-MARSHALL

April 28, 2006  5:20PM

TX EASTERN-MARSHALL

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| VISTO CORPORATION, | § | Case No. **2-06 C V - 1 8 1** |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **Jury Trial Demanded** |
| RESEARCH IN MOTION LIMITED, and | § | |
| RESEARCH IN MOTION CORPORATION, | § | |
| | § | |
| Defendants. | | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Visto Corporation ("Visto") alleges as follows for its Complaint against Defendants Research In Motion Limited and Research In Motion Corporation (collectively, "RIM"):

## PARTIES

1. Visto is a corporation organized and existing under the laws of the State of Delaware with a place of business at 101 Redwood Shores Parkway, 4th Floor, Redwood City, California 94065.

2. Research In Motion Limited is a corporation organized and existing under the laws of Ontario, Canada with a principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8, which is doing business and infringing Visto's patents in the Eastern District of Texas and elsewhere in the United States.

3. Research In Motion Corporation is a corporation organized and existing under the laws of the State of Delaware and registered to do business in the State of Texas with a

Page 1

place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039, which is doing business and infringing Visto's patents in the Eastern District of Texas and elsewhere in the United States. Research In Motion Corporation is the United States distributor of Research In Motion Limited products and services.

**JURISDICTION AND VENUE**

4.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6.      RIM has sufficient contacts with the Eastern District of Texas to subject it to the personal jurisdiction of this Court for purposes of this Complaint, including, without limitation, acts of infringement of Visto's patents committed by RIM within this District.

7       Venue is proper in the Marshall Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)-(c) and 28 U S.C. § 1400(b).

**GENERAL ALLEGATIONS**

8.      Established in 1996, Visto is a leading provider of personal and corporate wireless messaging solutions to mobile operators for personal and corporate use. Visto's inventions enable the deployment of a complete mobility solution, which provides secure access to and synchronization of the most widely used personal information management ("PIM") data over any network and on a broad array of mobile devices, such as personal digital assistants ("PDAs"), smartphones, and the like   Visto has expended considerable resources in inventing and developing its inventions and protecting its rights therein.

9.      Visto holds all right, title, and interest in and to United States Patent No.

Page 2

6,085,192, entitled "System And Method For Securely Synchronizing Multiple Copies Of A Workspace Element In A Network" ("'192 patent"), which was duly and properly issued by the United States Patent and Trademark Office ("USPTO") on July 4, 2000 in the name of Daniel J. Mendez et al. A copy of the '192 patent is attached as Exhibit A to this Complaint. A Reexamination Certificate for the '192 patent was duly and properly issued by the USPTO on November 22, 2005. A copy of the Reexamination Certificate of the '192 patent is attached as Exhibit B to this Complaint.

          10.     Visto holds all right, title, and interest in and to United States Patent No. 6,151,606, entitled "System And Method For Using A Workspace Data Manager To Access, Manipulate And Synchronize Network Data" ("'606 patent"), which was duly and properly issued by the USPTO on November 21, 2000 in the name of Daniel J. Mendez. A copy of the '606 patent is attached as Exhibit C to this Complaint.

          11     Visto holds all right, title, and interest in and to United States Patent No. 6,023,708, entitled "System And Method For Using A Global Translator To Synchronize Workspace Elements Across A Network" ("'708 patent"), which was duly and properly issued by the USPTO on February 8, 2000 in the name of Daniel J. Mendez et al. A copy of the '708 patent is attached as Exhibit D to this Complaint.

          12     Visto holds all right, title, and interest in and to United States Patent No. 6,708,221, entitled "System And Method For Globally And Securely Accessing Unified Information In A Computer Network" ("'221 patent"), which was duly and properly issued by the USPTO on March 16, 2004 in the name of Daniel J. Mendez et al. A copy of the '221 patent is attached as Exhibit E to this Complaint. The '192 patent, '606 patent, '708 patent, and '221 patent are hereinafter referred to collectively as the "Patents-in-Suit".

Page 3

13.    RIM provides products and services that enable access to and/or synchronization of data in secure network environments (collectively, the "Accused Products"), including without limitation the products currently sold by RIM under the name BLACKBERRY®.

14     RIM infringes the Patents-in-Suit directly, contributorily and/or by active inducement by importing, manufacturing, using, marketing, distributing, selling, and/or supporting the Accused Products.

15.    Upon information and belief, RIM's infringement of the Patents-in-Suit has been and continues to be willful.

## COUNT I
### Infringement of U.S. Patent No. 6,085,192

16.    Visto incorporates paragraphs 1 through 15 as though fully restated herein.

17     RIM has infringed and continues to infringe the '192 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

18.    RIM has contributorily infringed and/or induced others to infringe and continues to contributorily infringe and/or to induce others to infringe the '192 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

19     Upon information and belief, RIM's infringement of the '192 patent has been and continues to be willful.

20     RIM's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law. Unless preliminarily and permanently enjoined by this Court, RIM will continue to so infringe

Page 4

the '192 patent.

## COUNT II
### Infringement of U.S. Patent No. 6,151,606

21. Visto incorporates paragraphs 1 through 20 as though fully restated herein.

22. RIM has infringed and continues to infringe the '606 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

23. RIM has contributorily infringed and/or induced others to infringe and continues to contributorily infringe and/or to induce others to infringe the '606 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

24. Upon information and belief, RIM's infringement of the '606 patent has been and continues to be willful.

25. RIM's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law Unless preliminarily and permanently enjoined by this Court, RIM will continue to so infringe the '606 patent.

## COUNT III
### Infringement of U.S. Patent No. 6,023,708

26. Visto incorporates paragraphs 1 through 25 as though fully restated herein

27. RIM has infringed and continues to infringe the '708 patent in this District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

28. RIM has contributorily infringed and/or induced others to infringe and

Page 5

continues to contributorily infringe and/or to induce others to infringe the '708 patent in this

District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for

sale, and/or use of the Accused Products without authority or license of Visto.

        29.    Upon information and belief, RIM's infringement of the '708 patent has

been and continues to be willful.

        30.    RIM's acts have caused, and unless restrained and enjoined, will continue

to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law.

Unless preliminarily and permanently enjoined by this Court, RIM will continue to so infringe

the '708 patent.

**COUNT IV**
**Infringement of U.S. Patent No. 6,708,221**

        31.    Visto incorporates paragraphs 1 through 30 as though fully restated herein.

        32.    RIM has infringed and continues to infringe the '221 patent in this District

and elsewhere in the United States by RIM's manufacture, importation, sale, offering for sale,

and/or use of the Accused Products without authority or license of Visto.

        33.    RIM has contributorily infringed and/or induced others to infringe and

continues to contributorily infringe and/or to induce others to infringe the '221 patent in this

District and elsewhere in the United States by RIM's manufacture, importation, sale, offering for

sale, and/or use of the Accused Products without authority or license of Visto.

        34.    Upon information and belief, RIM's infringement of the '221 patent has

been and continues to be willful

        35.    RIM's acts have caused, and unless restrained and enjoined, will continue

to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law.

Page 6

Unless preliminarily and permanently enjoined by this Court, RIM will continue to so infringe the '221 patent.

### PRAYER FOR RELIEF

WHEREFORE, Visto prays:

1.      That RIM and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from making, importing, using, offering for sale, selling, or causing to be sold any product falling within, or designed to conduct a method falling within, the scope of any claim of the Patents-in-Suit, or otherwise infringing or contributing to or inducing infringement of any claim of the Patents-in-Suit;

2.      That RIM and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be ordered to destroy or offer up to Visto for destruction any and all products within the scope of any claim of the Patents-in-Suit that are within RIM's possession, custody, or control;

3.      That Visto be awarded its actual damages, including lost profits and price erosion, but in no case less than a reasonable royalty, to be assessed by or under the Court's discretion, adequate to compensate Visto for RIM's infringement of the Patents-in-Suit;

4.      That Visto be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

5       That the Court order an accounting for damages;

6.      That the Court declare this to be an exceptional case pursuant to 35 U.S.C.

Page 7

§ 285 and award Visto its attorneys' fees;

      7.    That the Court award enhanced damages pursuant to 35 U.S.C. § 284 due

to the willful and wanton nature of RIM's infringement of the Patents-in-Suit;

      8.    That Visto be awarded costs of court; and

      9    That Visto be awarded such other and further relief as the Court deems

just and proper.

## <u>DEMAND FOR A JURY TRIAL</u>

      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Visto demands a trial

by jury on all issues triable of right by a jury.

DATED: April 28, 2006           Respectfully submitted,

                          Sam F. Baxter, Lead Attorney
                          State Bar No. 01938000
                          McKOOL SMITH, P.C.
                          505 East Travis Street, Suite 105
                          Marshall, TX 75670
                          Telephone: (903) 927-2111
                          Facsimile: (903) 927-2622

                          Of Counsel:

                          Ronald S. Katz
                          Robert D. Becker
                          J. Bruce McCubbrey
                          Shawn G. Hansen
                          MANATT, PHELPS & PHILLIPS, LLP
                          1001 Page Mill Road, Building 2
                          Palo Alto, CA 94304
                          Telephone: (650) 812-1300
                          Facsimile: (650) 213-0260

                          *Attorneys for Plaintiff*
                          VISTO CORPORATION