# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VISTO CORPORATION,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>RESEARCH IN MOTION LIMITED, and RESEARCH IN MOTION CORPORATION,<br><br>Defendants and Counterclaim-Plaintiffs. | Civil Action No.: 2-06-CV-181-TJW |

## NOTICE OF THIRD PARTY SUBPOENA TO GOOGLE INC.

To: Eric H. Findlay (Lead Attorney)
State Bar No. 07889886
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, TX 75702
ericf@rameyflock.com
Tel: 903-597-3301
Fax: 903-597-2413

Linda S. DeBruin
William E. Devitt
Michael A. Parks
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Tel:312-861-2000
Fax: 312-861-2200

Harry Lee Gillam, Jr. (Lead Attorney)
State Bar No. 07921800
GILLAM & SMITH, LLP
110 S. Bolivar, Suite 204
Marshall, TX 75670
gil@gillamsmithlaw.com
Tel: 903-934-8450
Fax: 903-934-9257

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Visto Corporation, through its undersigned attorneys, caused a subpoena in the form attached hereto to be served upon Google Inc.

DATED: February 1, 2008

Respectfully submitted,

/s/ Sam Baxter
Sam Baxter, Lead Attorney
TX State Bar No. 01938000
McKOOL SMITH, PC
505 East Travis Street, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Fax: (903) 927-2622
sbaxter@mckoolsmith.com

Jill F. Lynch
TX State Bar No. 24012946
William E. Davis III
TX State Bar No. 24047416
McKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-6351
Telephone: (214) 978-4044
wdavis@mckoolsmith.com

**ATTORNEYS FOR PLAINTIFF
VISTO CORPORATION**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served upon all counsel of record via electronic mail and U.S. Mail on February 1, 2008.

/s/ Geoffrey Smith
Geoffrey Smith

Austin 41675v1

▲AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Northern District of California

VISTO CORPORATION, Plaintiff

V.

RESEARCH IN MOTION LIMITED, et al., Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:06-CV-181 Eastern Dist of TX

TO: Google Inc.
Kent Walker, General Counsel
1600 Amphitheatre Pkwy
Mountain View, CA 94043

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire Deposition Services, 505 Sansome Street, Suite 502, San Francisco, CA 94111, (415) 288-4280 | 3/4/2008 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

THE DOCUMENTS IDENTIFIED IN THE ATTACHED SCHEDULE "A"

| PLACE | DATE AND TIME |
|---|---|
| Esquire Deposition Services, 505 Sansome Street, Suite 502, San Francisco, CA 94111, (415) 288-4280 | 2/22/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff [signature] | 2/1/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Geoffrey L. Smith, McKool Smith PC
300 W. 6th Street, Suite 1700, Austin, TX 78701; 512-692-8728

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____   _____
                    DATE                          SIGNATURE OF SERVER

                                        _____
                                        ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE "A"

## I. DEFINITIONS

1. As used herein, the term "you" or "your" or "Google" shall mean and refer to Google Inc., and shall include, where appropriate, any employees, agents, or anyone acting on your behalf.

2. The term "Defendants" and "RIM" refers to Research in Motion Limited, Research in Motion Corporation, and all principals, officers, directors, employees, former employees, servants, agents, attorneys, and other representatives acting on their behalf, and shall include any predecessor in interest, successor, subsidiary, affiliate, and/or division.

3. The term "Plaintiff" and "Visto" means Visto Corporation.

4. As used herein, the term "document" means and includes, but is not limited to, the following items, whether typed, printed, handwritten, drawn, created, recorded, stored, or reproduced by any means or process and whether or not a claim of privilege or other bar to discovery is asserted: notes, letters, memoranda, correspondence, e-mail, drafts, books, telegrams, telexes, telephone bills, telephone logs, notebooks, charts, tables, lists, graphs, agendas, outlines, schedules, plans, studies, applications, policies, procedures, rules, guidelines, manuals, handbooks, evaluations, worksheets, minutes, bids, bid forms, promissory notes, memoranda of understanding, statements of work, requests for proposal, requests for quotation, letters of intent, contracts, agreements, journal ledgers, accounting ledgers, invoices, spreadsheets, loan agreements, tabulations, compilations, financial statements, income statements, balance sheets, checks, registers, pro-formas, budgets, projections, strategic plans, calendars, diaries, appointment books, records and summaries of meetings, telephone conversations or interviews, investigative reports, consultant reports, credit reports, requests for information, proposals, videotapes, audio tapes, recordings, computer tapes, computer disks, DVDs, CDs, computer printouts and data stored on any computer-accessible media, databases, call tracking systems, defect tracking systems, consumer relationship systems or software, sales force automations systems, engineering notebooks, lab notebooks,

drawings, sketches, designs, illustrations, diagrams, schematics, engineering drawings, blueprints, CAD, project schedules, design reviews, project reviews, status reports, bug reports, change logs, test results, data books, data sheets, user manuals, installation guides, patch release notes, white papers, application notes, bills of material, product literature, advertising documents, competitive analyses, market share studies, presentations, price lists, product lists, customer lists, catalogs, sales reports, annual reports, government filings, press releases, patent, patent applications (including abandoned applications), file histories, prior art, prior art searches or reports, foreign patent applications, trademark applications; trademark searches, source code, server code, object code, machine code, source files, library files, data files, text files, program files, directory files, and computer applications, systems or software, including my file systems back up, and all other writings or drafts thereof as defined in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence § 1001 and all non-identical copies of the items described above.

5. As used herein, the term "communication" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, letter, memorandum, note, telephone, telecopier, radio, telegraph, electronic mail (including, but not limited to, any data recovered from back up media, whether on site or off site), image, symbol, data, photograph, sound or video.

6. The term "relating" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, consisting of, comprising, showing, commenting on, evidencing, describing, or otherwise discussing the subject matter.

7. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

8. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the discovery request more inclusive.

9. The term "any" shall mean each and every.

10. The term "any" shall include the word "all," and vice versa.

## II. INSTRUCTIONS

1. You are required to produce for inspection and copying of all requested documents and things that are within your possession, custody, or control.

2. A document is in your "possession, custody or control" if it is in the possession, custody or control of your representatives, attorneys, agents, servants, employees, investigators, or consultants and you have the right or ability to obtain the document, regardless of its source or present location.

3. Pursuant to Fed. R. Civ. P. 45(d)(1), documents must be produced as they are kept in the usual course of business, with all staples and clips attached and with all associated file folders, dividers, and file labels, or shall be organized and labeled to correspond to the categories in the request.

4. Electronic documents or computerized information must be produced in an intelligible format and together with a description of the system from which the information was collected sufficient to permit rendering the materials intelligible.

5. Each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof). If "e-mail" has been "deleted" from a person's computer mailbox, but is still retrievable in some form, any such responsive e-mail should be retrieved, printed out, and produced.

6. If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid. For allegedly privileged documents, include: (a) an identification of the sender and any primary or secondary recipient(s) of the document; (b) the date of the document; (c) a general description of the contents or nature of the document; and (d) any explanation of the basis for asserting the claim of privilege.

7. If you object to any subpart of a category of documents and things to be produced, you must state your objection and respond to the unobjectionable part of the category.

8.  If any of the categories of documents and things cannot be produced in full after exercising reasonable diligence to secure to documents and things requested, please so state, supply any documents and things that can be produced, and set forth the reasons why the responsive documents and things could not be secured and provided. If any responsive documents or things have been destroyed, identify these documents or things and describe in detail all facts relating to this destruction, including the date of destruction and the identity of any persons involved.

9.  These document requests shall be deemed to be continuing so as to require supplemental production if the party to whom they are addressed obtains access, possession, custody or control of any responsive document not previously produced, or obtains further information between the time the responses are served and the time of trial.

## III. DOCUMENTS TO BE PRODUCED

1. Documents sufficient to identify the location of servers used by Google to provide e-mail, folder, calendar, contact, address book, task, and/or memo related services to users.

2. Documents sufficient to identify the total number of Google users that synchronize e-mail, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device

3. All Documents relating to the design, development, function, operation, and/or location of software and/or hardware provided by Google to synchronize e-mail, folder, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device.

4. All Documents relating to any software and/or hardware provided by RIM for installation at Google.

5. All Documents relating to the notification and/or polling protocols used by Google to inform an external application of changes to a user's e-mail, folders, calendar, contacts, address book, tasks, and or memos.

6. All Documents relating to communications protocols used for transmitting e-mail, folder, calendar, contact, address book, task, and or memo related information between Google and RIM.

7. All Documents relating to the integration of e-mail, folder, calendar, contact, address book, task, and or memo related services offered by Google with RIM's BlackBerry Internet Service (or BlackBerry Web Client) and/or other services or software provided by RIM.

## IV. 30(b)(6) DEPOSITION TOPICS

1. The location of servers used by Google to provide e-mail, folder, calendar, contact, address book, task, and/or memo related services to users.

2. Efforts by Google to track the number of Google users that synchronize e-mail, folder, calendar, contacts, address book, tasks, and/or memo related information between a Google server and a BlackBerry enabled device.

3. The number of Google users that synchronize e-mail, folder, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device.

4. The identity, design, development, function, operation, and/or location of software and/or hardware provided by Google to synchronize e-mail, folder, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device.

5. Software and/or hardware provided by RIM for installation at Google relating to the synchronization of e-mail, folder, calendar, contact, address book, task, and/or memo related information between a Google server and a BlackBerry enabled device.

6. The notification and/or polling protocols used by Google to inform a RIM application of changes to a user's e-mail, folders, calendar, contacts, address book, tasks, and or memos.

7. The communications and/or messaging protocols used for transmitting e-mail, folder, calendar, contact, address book, task, and or memo related information between Google and RIM.

8. All efforts undertaken to integrate e-mail, folder, calendar, contact, address book, task, and/or memo related services offered by Google with RIM's BlackBerry Internet Service (or BlackBerry Web Client) and/or other services or software provided by RIM.

9. The documents requested in Section III of Schedule A to this subpoena.

10. The genuineness and authenticity of the documents produced in response to Section III of Schedule A to this subpoena.