# EXHIBIT E

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MICHAEL H. PAGE
MPAGE@KVN.COM

March 10, 2008

**VIA FACSIMILE & U.S. MAIL**

Geoffrey L. Smith, Esq.
McKool Smith
300 West 6th Street, Suite 1700
Austin, TX 78701

Re:   *Subpoena in Visto Corporation v. Research In Motion Limited and Research In Motion Corporation, No. 2-06-CV-181 (E.D. Tex)*

Dear Mr. Smith:

As we have discussed with you by phone, Google has a number of objections to the subpoena Visto has served on it in the above-captioned matter, as follows:

## I.     Definitions

A.   "Defendants" and "RIM" (definition 2):  Google objects to this definition as overbroad, unduly burdensome, vague, and intended to harass, and further to the extent that it renders the production requests/deposition topics to seek information (a) not relevant to a claim or defense of the underlying lawsuit or reasonably calculated to lead to the discovery of admissible evidence; (b) available from a party to the litigation; (c) available from a public source; (d) subject to attorney-client, attorney-work-product, or joint-interest protections; or (e) privileged, confidential, proprietary or trade-secret information.  Google further objects to this definition as indecipherable.  Google cannot be expected to know—or to figure out—all the principals, officers, directors, employees, former employees, servants, agents, attorneys, and other representatives acting on RIM's behalf.  Google will construe the definition based on the named entities alone, and its best understanding of persons described in those definitions.

B.   Relating (definition 5):  Google objects to this definition as overbroad, unduly burdensome, vague, and intended to harass, and to the extent that it renders the production requests/deposition topics to seek information (a) not relevant to a claim or defense of the underlying lawsuit or reasonably calculated to lead to the discovery of admissible evidence, (b) available from a party to the litigation; (c) available from a

412446.02

public source, (d) subject to attorney-client, attorney-work-product, or joint-interest protections; or (e) privileged, confidential, proprietary or trade-secret information. As to documents "relating" to the "subject matter," Google will not undertake to review all documents in its possession to determine whether every one might conceivably meet the production requests/deposition topics.

## II.     Instructions

<u>General Objection (applicable to all Instructions)</u>:  Google objects to these instructions to the extent that they purport to impose any requirement beyond those contained in the Federal Rules of Civil Procedure. Specifically, none of those Rules vests with the party propounding discovery the ability to instruct the receiving party as to how that party's response and production should proceed.

## III.     Production Requests

A.     General Objections (applicable to every request):  Google objections to each request to the extent it calls for documents that are protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Google further objects to each request to the extent it calls for confidential, proprietary or trade secret information. Google objects to each request to the extent it calls for evidence that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence.

B.     Requests Nos. 2-8:  Google objects to each of these requests on grounds that it is improper to burden a third party with discovery when the same information is equally or more readily available to a party to the litigation, specifically defendants Research In Motion Limited and Research In Motion Corporation (collectively, "RIM"), and there is discovery pending against that party. It is Google's understanding, from conversations with you, that you have not yet sought or received discovery from RIM before seeking the same information from Google.

C.     Request No. 1:  Google objects to this request on grounds that it calls for highly confidential information. Google further objects to this request on grounds that it is overbroad in that it calls for the specific location of Google servers, which could not possibly have any relevance to your litigation. As we advised you, we can confirm that Google has servers both within the United States and in other countries.

D.     Request No. 2:  Google objects to this request on grounds that it is overbroad and unduly burdensome, particularly where the information is equally or more available to a party. Google does not have ready access to the number of Google users that synchronize information between Google servers and BlackBerry devices.

E.     Request No. 3: Google objects to this request on grounds that it is overbroad and unduly burdensome. Google further objects on grounds this request calls for information that is neither relevant or reasonably calculated to lead to the discovery of relevant evidence.

F.  Request Nos. 4:  Google objects to this request on grounds that it is overbroad and unduly burdensome.

G.  Request No. 5:  Google objects to this request on grounds that it is vague and ambiguous as to the meaning of "notification and/or polling protocols."  Google further objects to this request on grounds that it is overbroad and unduly burdensome to the extent it calls for "notification and/or polling protocols" for "external applications" other than those produced by RIM.

H.  Request No. 6:  Google objects to this request on grounds that it is vague and ambiguous as to the meaning of "communications protocols."  Google further objects to this request on grounds that it is overbroad and unduly burdensome.

I.  Request No. 7:  Google objects to this request on grounds that it is overbroad and unduly burdensome.  Google will consider responding to a suitably narrowed request, to the extent such request identifies the specific information sought and seeks information not available from a party to the above-captioned litigation.

## IV.    30(b)(6) Deposition Topic

Google objects to each deposition topic on the same grounds that it objects to production requests, as well as the reasons stated in Third Party Google's Motion to Quash Subpoena, or in the Alternative, for a Protective Order.

I look forward to discussing this matter with you further.  And please feel free to contact me with any questions.

Very truly yours,

Michael Page /kjt

Michael Page

MHP/kjt

412448.02

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

March 10, 2008

| To | Telephone | Facsimile |
|---|---|---|
| Geoffrey L. Smith | 512-692-8728 | 512-692-8744 |
| McKool Smith | | |

| From | Telephone | Code |
|---|---|---|
| Khari J. Tillery | (415) 773-6621 | |

Re    Subpoena in Visto Corporation v. Research In Motion Limited

**Number of Pages (Including Cover): 4**

ORIGINAL WILL FOLLOW BY U.S. MAIL

### <u>COMMENTS</u>

Please find attached correspondence

Operator _____          Time Sent _____

## IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 676-2277 OR (415) 391-5400

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.