# EXHIBIT
# L

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VISTO CORPORATION | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-181(TJW) |
| | § | |
| RESEARCH IN MOTION LIMITED, and | § | |
| RESEARCH IN MOTION CORPORATION | § | |

**NOTICE OF SCHEDULING CONFERENCE,
PROPOSED DEADLINES FOR DOCKET CONTROL ORDER
AND DISCOVERY ORDER**

The court, *sua sponte*, issues this Notice of Scheduling Conference, Proposed Deadlines for

Docket Control Order and Discovery Order.

**Notice of Scheduling Conference**

Pursuant to Fed. R. Civ. P. 16 and Local Rule CV-16, the Scheduling Conference in this case

is set for **March 6, 2007, at 10:00 a.m. in Marshall, Texas.** The parties are directed to meet and

confer in accordance with Fed. R. Civ. P. 26(f) prior to the conference. The parties are excused from

the requirement of filing a written proposed discovery plan in this case.

**Proposed Deadlines for Docket Control Order**

The proposed deadlines for docket control order set forth in the attached Appendix A shall

be discussed at the Scheduling Conference. The court will not modify the proposed trial date except

for good cause shown.

**Discovery Order**

After a review of the pleaded claims and defenses in this action and in furtherance of the

management of the court's docket under Fed. R. Civ. P. 16, it is ORDERED AS FOLLOWS:

1.      **Disclosures.** Except as provided by paragraph 1(h), and, to the extent not already disclosed,

within thirty (30) days after the Scheduling Conference, each party shall disclose to every other party the following information:

(a)    the correct names of the parties to the lawsuit;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)    any settlement agreements relevant to the subject matter of this action;

(g)    any statement of any party to the litigation;

(h)    for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

    a.    the expert's name, address, and telephone number;

    b.    the subject matter on which the expert will testify;

    c.    if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

        (a)    all documents, tangible things, reports, models, or data compilations

that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(b) the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

d. for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information;

Any party may move to modify these disclosures for good cause shown.

2. **Protective Orders.** Upon the request of any party before or after the Scheduling Conference, the court shall issue the Protective Order in the form attached as Appendix B. Any party may oppose the issuance of or move to modify the terms of the Protective Order for good cause.

3. **Additional Disclosures.** In addition to the disclosures required in Paragraph 1 of this Order, at the Scheduling Conference, the court shall amend this discovery order and require each party, without awaiting a discovery request, to provide, to the extent not already provided, to every other party the following:

(a) the disclosures required by the Patent Rules for the Eastern District of Texas;

(b) within forty-five (45) days after the Scheduling Conference, a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the case, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of

documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

    (c)    within forty-five (45) days after the Scheduling Conference, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

    (d)    within forty-five (45) days after the Scheduling Conference, those documents and authorizations described in Local Rule CV-34; and

The court shall order these disclosures in the absence of a showing of good cause by any party objecting to such disclosures.

4.    **Discovery Limitations**.  At the Scheduling Conference, the court shall also amend this discovery order to limit discovery in this cause to the disclosures described in Paragraphs 1 and 3 together with 60 interrogatories, 60 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of three (3) expert witnesses per side and forty (40) hours of additional depositions per side. "Side" means a party or a group of parties with a common interest. Any party may move to modify these limitations for good cause.

5.    **Privileged Information**.  There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  Within sixty (60) days after the Scheduling

Conference, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection. Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact within sixty (60) days after the Scheduling Conference.

6.   **Pre-trial disclosures**. Absent a showing of good cause by any party, the court shall require the following additional disclosures:

Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

(a)   The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

(b)   The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(c)   An appropriate identification of each document or other exhibit, including summaries

of other evidence, separately identifying those which the party expects to offer and
those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures shall be made at least 30 days
before trial. Within 14 days thereafter, unless a different time is specified by the court, a
party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a
deposition designated by another party under subparagraph (B), and (2) any objections,
together with the grounds therefor, that may be made to the admissibility of materials
identified under subparagraph (c). Objections not so disclosed, other than objections under
Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused
by the court for good cause shown.

7.     **Signature.** The disclosures required by this order shall be made in writing and signed by the
party or counsel and shall constitute a certification that, to the best of the signer's knowledge,
information and belief, such disclosure is complete and correct as of the time it is made. If
feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such
disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file
a notice with the court that the disclosures required under this order have taken place.

8.     **Duty to Supplement**. After disclosure is made pursuant to this order, each party is under
a duty to supplement or correct its disclosures immediately if the party obtains information
on the basis of which it knows that the information disclosed was either incomplete or
incorrect when made, or is no longer complete or true.

9.     **Disputes.**

       (a)     Except in cases involving claims of privilege, any party entitled to receive disclosures
               may, after the deadline for making disclosures, serve upon a party required to make

disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within fourteen (14) days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Any filings in excess of twenty (20) pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing.

12. **Modifications to Patent Rules.** The attached Appendix C applies to this case and supplements the Patent Rules for the Eastern District of Texas. These modifications are not intended to apply to any other case except as may be expressly provided by order of this Court.

SIGNED this 29th day of January, 2007.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**APPENDIX A**

## PROPOSED DEADLINES FOR DOCKET CONTROL ORDER

**PROPOSED DEADLINES TO BE DISCUSSED**
**AT THE SCHEDULING CONFERENCE**
**MARCH 6, 2007**

| | |
|---|---|
| **Monday,**<br>**July 7, 2008** | Jury Selection - 9:00 a.m. in **Marshall, Texas** |
| **June 26, 2008** | Pretrial Conference - 9:30 a.m. in **Marshall, Texas** |
| **June 20, 2008** | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. |
| **June 23, 2008** | **Motions in Limine (due three days before final Pre-Trial Conference).** Three (3) days prior to the pre-trial conference provided for herein, the parties shall furnish a copy of their respective Motions in Limine to the Court by facsimile transmission, **903/935-2295**. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. **The parties shall limit their motions in limine to those issues which, if improperly introduced into the trial of the cause, would be so prejudicial that the Court could not alleviate the prejudice with appropriate instruction(s).** |
| **May 15, 2008** | Response to Dispositive Motions (including *Daubert* motions) |
| **June 6, 2008** | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.** If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |

| | |
|---|---|
| **May 1, 2008** | For Filing Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions) **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |
| **April 1, 2008** | Defendant to Identify Trial Witnesses |
| **March 18, 2008** | Plaintiff to Identify Trial Witnesses |
| **March 18, 2008** | Discovery Deadline |
| _____ | **30** Days after claim construction ruling Designate Rebuttal Expert Witnesses other than claims construction Expert witness report due Refer to Discovery Order for required information. |
| _____ | **15** Days after claim construction ruling Comply with P.R. 3-8. |
| _____ | **15** Days after claim construction ruling Party with the burden of proof to designate Expert Witnesses other than claims construction Expert witness report due Refer to Discovery Order for required information. |
| **December 18, 2007** | Claim construction hearing 9:00 a.m., **Marshall, Texas**. |
| **November 26, 2007** | Comply with P.R. 4-5(c). |
| **November 19, 2007** | Comply with P.R. 4-5(b). |

| November 5, 2007 | Comply with P.R. 4-5(a). |
| October 10, 2007 | Discovery deadline–claims construction issues |
| October 3, 2007 | Respond to Amended Pleadings |
| September 19, 2007 | Amend Pleadings<br>**(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after September 19, 2007).** |
| September 19, 2007 | Comply with P.R. 4-3. |
| August 20, 2007 | Comply with P.R. 4-2. |
| July 31, 2007 | Comply with P.R. 4-1. |
| April 23, 2007 | Comply with P.R. 3-3. |
| May 7, 2007 | Privilege Logs to be exchanged by parties<br>(or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| April 5, 2007 | Join Additional Parties |
| March 16, 2007 | Comply with P.R. 3-1 |

| **To be discussed at** | Mediation to be completed |
| **Scheduling Conference** | If the parties agree that mediation is an option, the Court will appoint a mediator or the parties will mutually agree upon a mediator. If the parties choose the mediator, they are to inform the Court by letter the name and address of the mediator. The courtroom deputy will immediately mail out a "mediation packet" to the mediator for the case. The mediator shall be deemed to have agreed to the terms of Court Ordered Mediation Plan of the United States District Court of the Eastern District of Texas by going forth with the mediation. General Order 99-2. |
| **March 6, 2007** | Scheduling Conference (All attorneys are directed to Local Rule CV-16 for scope of the Scheduling Conference). |

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e),** in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

## OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   (a) The fact that there are motions for summary judgment or motions to dismiss pending;

(b)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**APPENDIX B**

| | | |
|---|---|---|
| VISTO CORPORATION | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-181(TJW) |
| | § | |
| RESEARCH IN MOTION LIMITED, and | § | |
| RESEARCH IN MOTION CORPORATION | § | |

**STANDARD PROTECTIVE ORDER**

The Court, *sua sponte*, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1.     Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.     The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.     Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such

Confidential Information; and

4.  To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.  Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorney's for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2.  Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have submitted to any governmental entity without request for confidential treatment.

3.  At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have

the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4.     Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5.     Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

(a)     Counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

(b)     Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

(c)     The Court.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6.     Counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only

identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7.     The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8.     To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

9.     Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10.    Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11.    The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

12.    After termination of this litigation, the provisions of this Order shall continue to be binding,

except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15. The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

So ORDERED AND SIGNED this _____ day of _____, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**APPENDIX C**

**ORDER RELATING TO PATENT CASES BEFORE JUDGE T. JOHN WARD**

The Court issues certain modifications to the Eastern District Patent Rules. The modifications relate to three issues: (1) Notice Requirements, (2) Infringement and Invalidity Contentions for Software, and (3) Deadlines Related to Claim Construction.

**I.      Notice Requirements**

The Court has seen a dramatic increase in the number of disputes related to parties serving "supplemental," "additional," or "revised" P.R. 3-1 or P.R. 3-3 disclosures. In the past, parties were not required to provide notice to the Court regarding compliance with P.R. 3-1 or P.R. 3-3. Thus, certain parties attempted to avoid the rule that Preliminary Contentions are final except as provided in P.R. 3-6 and P.R. 3-7. Accordingly, the Court modifies P.R. 3-1 and P.R. 3-3 in the following manner:

> **P.R. 3-1(g):**  Any time a party claiming patent infringement serves Preliminary Infringement Contentions on an opposing party, the party claiming patent infringement shall also file with the Court a Notice of Compliance with P.R. 3-1.

> **P.R. 3-3(e):**  Any time a party opposing patent infringement serves Preliminary Invalidity Contentions on an opposing party, the party opposing patent infringement shall also file with the Court a Notice of Compliance with P.R. 3-3.

Under this Court's interpretation of the Patent Rules, leave of Court is required for serving "amended," "supplemental," or "revised" P.R. 3-1 or P.R. 3-3 disclosures. The Court will strike "amendments," "supplements," or "revisions" of P.R. 3-1 or P.R. 3-3 disclosures that do not comply with P.R. 3-6 or P.R. 3-7.

**II.      Infringement and Invalidity Contentions for Software**

Additional modifications to the Patent Rules regarding P.R. 3-1 and P.R. 3-3 are being made

to reduce discovery disputes and motion practice resulting from patents that contain software claim limitations. The Patent Rules require a party asserting claims of patent infringement to take a firm position in the litigation as it relates to infringement early on in the case. This and other courts in the Eastern District of Texas, however, recognize that software claim limitations present unique challenges for the parties because parties claiming patent infringement do not typically have access to an opposing party's source code before filing suit. At the same time, parties opposing a claim for patent infringement are hampered in their ability to prepare a defense absent specific infringement contentions from the party asserting claims of patent infringement.

The lack of access to source code coupled with an opponent's right to prepare a defense has led to numerous discovery disputes. To alleviate these disputes and to provide clear direction to the parties as to their rights and responsibilities under the Patent Rules, the Court modifies the Patent Rules in a manner consistent with such cases as *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558 (E.D. Tex. 2005).

The Court's modifications to P.R. 3-1and P.R. 3-3 are set out below.

**P.R. 3-1 (h):** If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

**P.R. 3-3(f):** If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Preliminary Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

Thus, if a party claiming patent infringement asserts that a claim element (or the entire claim) is software, that party need only identify the element as a software limitation in its initial compliance

with P.R. 3-1, but does not need to identify where such limitation is met in the Accused Instrumentality. After receipt of the source code for an Accused Instrumentality, the party is permitted 30 days to supplement its P.R. 3-1 disclosure to identify, with specificity, the source code of the Accused Instrumentality that allegedly satisfies the software claim elements. P.R. 3-1(g) does not allow Plaintiff the opportunity to modify or amend any non-software claim contentions.

Likewise, once a party opposing a claim of patent infringement is in receipt of a P.R. 3.1(g) disclosure, the party is allowed 30 days to modify its initial P.R. 3-3 disclosures, but only to the extent the modifications relate to the software claim elements identified by the party claiming patent infringement. P.R. 3-3(e) does not allow a party opposing a claim of infringement an opportunity to modify or amend any non-software contentions.

## III. Claim Construction Deadlines

The final amendments to the Patent Rules relate to claim construction deadlines. In the Eastern District Patent Rules, claim construction deadlines are triggered by the filing of the parties' Infringement and Invalidity Contentions. The increase of patent cases before this Court has resulted in a large number of Claim Construction hearings and, as a result, strict application of the Patent Rules yields a P.R. 4-5 deadline approximately three months or more before Court could accommodate a Claim Construction Hearing.

To facilitate the case, resolve discovery disputes, and have claim construction hearings a reasonable time after briefing is complete, the Court modifies the deadlines in P.R. 4-1 and P.R. 4-3 as set forth below:

**4-1. Exchange of Proposed Terms and Claim Elements for Construction.**
(a) Not later than *140 days before the date set for the Claim Construction Hearing*, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

**4-3. Joint Claim Construction and Prehearing Statement.**
Not later than *30 days after "Exchange of Preliminary Claim Constructions and Extrinsic Evidence" in compliance with P.R. 4.2*, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

Thus, the Court's modifications will make the trigger of P.R. 4-1 through P.R. 4-5 the date of the Claim Construction Hearing. For clarification, the Court notes that the "140 days" set forth in P.R. 4-1 was not chosen to confuse the parties but was instead chosen so as to be evenly divisible by 7. Thus, whatever the date of the Claim Construction Hearing, the deadline for complying with P.R. 4-1 will always fall on a weekday. If that weekday is a Federal Holiday, the deadline for complying with P.R. 4-1 is extended to the first day that is not a Saturday, Sunday or other Federal Holiday.