KEKER & VAN NEST, LLP
MICHAEL H. PAGE - #154913
ASHOK RAMANI - #200020
KHARI J. TILLERY - #215669
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Third-Party Google, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VISTO CORPORATION,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RESEARCH IN MOTION LIMITED, et al.,<br><br>　　　　　　　　Defendant. | Misc. Civil Case No. 3:08-mc-80031-JSW (JL)<br><br>Court of Original Jurisdiction<br>U.S. Dist. Ct.<br>E. District Texas<br>Marshall Division<br>Case No. 2-06-CV-181 TJW<br><br>**THIRD PARTY GOOGLE'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER, AND OPPOSITION TO MOTION TO COMPEL [REDACTED]**<br><br>Date:　　May 7, 2008<br>Time:　　9:30 a.m.<br>Judge:　　Magistrate Judge Larson |

THIRD PARTY GOOGLE'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER, AND OPPOSITION TO MOTION TO COMPEL
MISC. CIVIL CASE NO. 3:08-mc-80031-JSW (JL)

416069.01

## INTRODUCTION

Visto Corporation's opposition concedes three points that bolster Google's motion to quash:

1) Visto concedes that its subpoena as drafted is wildly overbroad and seeks mainly irrelevant information. Visto admits that it is really only interested in a smaller number of topics, not the eight broad topics listed in its subpoena. Opp'n Mot. at 9:21-10:3. Why Visto didn't seek to narrow its subpoena to these topics of interest during the parties' extensive meet-and-confer before Google filed its motion to quash is unknown. The ballyhooed declaration that Visto offers as the centerpiece of its motion in fact was *only provided to Google the day after Visto filed its opposition*. Because the proposed declaration constitutes all of the information Visto claims it seeks from Google, Visto's subpoena—which seeks far more information—is necessarily irrelevant, overbroad, and unduly burdensome, and not material to Visto's claims or defenses. The Court should therefore at the outset quash Visto deposition topics 1 through 8 to the extent that they exceed the scope of Visto's proposed declaration.

2) Visto's proposed declaration is narrower than its subpoena, but the declaration itself is overbroad and unduly burdensome. Seeking all of the world's oceans and then "narrowing" what is sought to the Pacific Ocean does not render the second request reasonable. While the parties met and conferred repeatedly these past few weeks about Visto's proposed declaration, they could not reach a negotiated solution. This is because the information sought by Visto's declaration either seeks information that Google does not track, or that Research In Motion ("RIM")—which is the Defendant that Visto has sued in the underlying action—has already provided or plainly indicated it knows. Thus, there is no cause for the Court to grant Visto's motion as to any of the topics covered by Visto's declaration.

3) Visto offers no explanation as to why it waited until the very close of discovery to subpoena Google. The depositions that Visto cites were all taken *weeks* after Visto served its subpoena on Google. Were the information as critical as Visto claims, would it really have waited until the close of discovery to seek it from a party to the underlying case let alone a third party? In any event, those depositions in fact demonstrate the opposite of what Visto posits:

1
THIRD PARTY GOOGLE'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA, OR IN THE
ALTERNATIVE, FOR PROTECTIVE ORDER, AND OPPOSITION TO MOTION TO COMPEL
MISC. CIVIL CASE NO. 3:08-mc-80031-JSW (JL)

415776.04

RIM plainly knows what Visto seeks, and Visto should not be excused from pursuing the information diligently from RIM.

For these reasons, as elaborated below and in Google's opening brief, the Court should quash Visto's deposition and document subpoena, or in the alternative, issue a protective order. Further, the Court should deny Visto's request for attorneys' fees and cost as procedurally improper and without merit.

## ARGUMENT

### A. Visto's proposed declaration necessarily limits the scope of the subpoena.

Three days before filing its opposition to Google's motion (and almost two months after issuing its subpoena), Visto proposed that the entire dispute could be resolved if Google agreed to sign a declaration drafted by Visto. *See* Declaration of Khari J. Tillery ("Tillery Decl."), Exh. A (proposed declaration); *see also* Opp'n Mot. at 12:15-17. However, Visto only provided the declaration the day *after* it filed its opposition to Google's motion to quash. *Id.* The proposed declaration is narrower than Visto's subpoena or any previous position taken by Visto during the parties' prior meet and confers. *See id.*, Exh. B (meet and confer letter). Visto concedes that the declaration contains all of the information Visto would like (and could reasonably need) from Google and "would have obviated the need for a deposition and documents." *See* Opp'n Mot. at 12:15-17. Consequently, the rest of the subpoena should be quashed as necessarily irrelevant, overbroad, and unduly burdensome.

### B. Visto's declaration, while narrower than the subpoena, remains inadequate.

The categories to which Visto has narrowed its subpoena essentially are: (1) whether Google's Gmail servers are located in the United States; (2) how Google's Gmail systems interface with RIM's BlackBerry Internet Service, including technical communications protocols and any customized software or hardware to allow that communication; and (3) the number of Gmail users that access their accounts each day via RIM's BlackBerry Internet Service. Opp'n Mot. at 9:21-10:3. All of this information is either known to RIM, or can only be provided by Google, if at all, after weeks of engineering effort, or both.

2
THIRD PARTY GOOGLE'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER, AND OPPOSITION TO MOTION TO COMPEL
MISC. CIVIL CASE NO. 3:08-mc-80031-JSW (JL)

415776.04

1. **Google has already identified that its Gmail servers are located both in the United States and overseas.**

Visto has already received the answer to its first question: where are the Gmail servers located? The answer, provided in the Declaration of Edmond Choi submitted with Google's opening brief, is unambiguous: both inside and outside the United States. Declaration of Edmond Choi ("Choi Decl."), ¶ 2. Visto admits that it seeks to learn whether Google's servers are in the United States, and does not seek further geographic specificity. Tillery Decl., Exh. B (meet and confer letter). Thus, any further parsing as to the specific U.S. city or state in which *any* of Google's servers is located would be irrelevant, and particularly inappropriate in light of the highly proprietary nature of that information. *See* Choi Decl., ¶ 2.

While the Choi declaration resolves the matter, Google does not in any event track whether a BlackBerry enabled device accessing a Gmail account is in the United States. Declaration of Edmond Choi in Support of Google's Reply ("Choi Reply Decl."), ¶ 5.[1] Further, no Gmail user is consistently tied to a Gmail server in a specific country. *Id.* Thus, a Gmail user in the United States would not necessarily be served by a Gmail server in the United States. *Id.* For this reason, there is no potentially relevant information for Visto to learn by asking for further information about Google's server locations.

2. **Visto has not adequately tried to learn from RIM how BlackBerry devices access Gmail.**

Visto claims that it has tried to learn from RIM how BlackBerry devices can access Gmail accounts, but that RIM does not know the answers. Opp'n Mot. At 10:17-11:9. This notion is undermined, however, by the very discovery that Visto cites in support.

The patents at issue in the underlying litigation describe a computer-based method for synchronizing data between two clients (such as an email account and a handheld device). *See* Tillery Decl., Ex. C (complaint). Putting aside for the moment the issue of "synchronizing data," which is discussed below, Visto has not even offered a plausible explanation as to why it cannot

---

[1] Visto's unveiling of its proposed declaration contemporaneously with its Opposition Memorandum necessarily requires that Google be permitted to submit a more specific reply declaration. A moving party may submit additional factual information with its reply presentation when the opposing party introduced new material of which the moving party could

1  learn from RIM – the Defendant in the underlying patent dispute – how Gmail is accessed on
2  RIM's BlackBerry devices.
3       Visto does not deny that RIM *should* know how Gmail systems interface with RIM's
4  BlackBerry Internet Service, but claims that RIM's witnesses actually do *not* know. That notion
5  is belied by what the RIM witnesses actually testified. Far from being unable to identify the
6  communication protocols that allow BlackBerry devices to access Gmail accounts, the RIM
7  corporate designee testified about *all* of the communications protocols that Visto mentions in its
8  proposed declaration:

- REDACTED

- REDACTED

- REDACTED

23  There is no indication that Visto inquired further of RIM—specifically, whether further
24  questions were posed to the deponent on the subject, or whether anybody else at RIM (or the
25  company itself) knew the answer. Exhausting reasonable discovery avenues from the actual
26  parties to the underlying litigation is a condition precedent to Visto seeking information from
27  third parties like Google. *See Lectrolarm Custom Sys. v. Pelco Sales*, 212 F.R.D. 567, 573 (E.D.
28  

not have been aware. *Edwards v. Toys "R" Us*, 527 F.Supp.2d 1197 n.50 (C.D. Cal. 2007).

4
THIRD PARTY GOOGLE'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA, OR IN THE
ALTERNATIVE, FOR PROTECTIVE ORDER, AND OPPOSITION TO MOTION TO COMPEL
MISC. CIVIL CASE NO. 3:08-mc-80031-JSW (JL)

415776.04

Cal. 2002) (issuing protective order where plaintiff subpoenaed non-party for documents plaintiff had sought from defendant). On the record that Visto has presented, it has not come anywhere close to clearing that hurdle.

That Visto has not taken adequate discovery from RIM is no surprise. When the parties initially met and conferred in early March 2008, Visto admitted that it had not yet taken a 30(b)(6) deposition of RIM on the topics in the subpoena, despite fact discovery closing later that same month. Tillery Decl., Exh. B (meet and confer letter). *Id.* In fact, all of the depositions cited in Visto's opposition were taken only *after* Visto issued its subpoena to Google. *See* Robson Decl., Exhs. H-J. If this information were so important, Visto would have (and should have) requested it sooner from RIM, and only when it was clear that RIM did not know an answer, would (or should) Visto have troubled third parties like Google. Visto has to live with its decision to take late discovery from RIM, and should not be allowed to make up for that litigation choice at Google's expense.

### 3. Google cannot say, without expending weeks of engineering effort, how many Gmail accounts have been accessed through BlackBerry devices, and even then, cannot reliably say how many of those accounts are "U.S. accounts."

Finally, Visto wants to know how many "U.S. Google e-mail accounts have been synchronized through RIM's BlackBerry Internet Service." Tillery Decl., Ex. A (proposed declaration). Visto inappropriately contends that Gmail allows RIM devices to "synchronize" with Gmail accounts. Visto therefore assumes that "Google email accounts (Gmail accounts) can be synchronized with BlackBerry enabled handhelds through systems and services provided by RIM." *Id.* While Gmail users can *access* Gmail accounts on their BlackBerry devices through IMAP / POP industry standard email retrieval protocols, an XHTML interface, and a Java client, *see* Choi Reply Decl., ¶ 2,[2] this does not mean that Gmail accounts "can be *synchronized* with Blackberry enabled handheld devices."

Even assuming that the number of RIM users who "accessed" Gmail accounts were pertinent, it would be unduly burdensome for Google to determine the answer. Google does not,

---

[2] The ability to access Gmail on Blackberry enabled devices, via standard email retrieval protocols, is explained on Google's website. *See* Robson Decl., Exhs. F and G.

5
THIRD PARTY GOOGLE'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER, AND OPPOSITION TO MOTION TO COMPEL
MISC. CIVIL CASE NO. 3:08-mc-80031-JSW (JL)

415776.04

in the ordinary course of business, maintain records of the number of Gmail users that access their accounts via BlackBerry enabled devices. The engineering effort required to determine the number of unique Gmail users that have accessed their Gmail accounts via Blackberry enabled devices would likely take more than three weeks, assuming that a user is anyone who has accessed their Gmail account via a BlackBerry enabled device, at any point in time since October 1, 2005. Choi Reply Decl. ¶ 3. Just a few of the engineering issues that would be involved in attempting to discern this information include: (1) sourcing and retrieval of logs, (2) availability of logs, (3) development, testing and implementation of algorithms to count the number of users, which would have to address the potential for double/triple counting of users based on the multiple access methods, and (4) significant time to process over two years of logs. *Id.* Further, until recently Google did not ask for a user's country location when the user signed up for a Gmail account. *See id.* at ¶ 4. Even today, Google does not verify the accuracy of the self-identification provided. *See id.* In sum, even if Google did go to the great lengths necessary to identify the number of unique Gmail users that accessed their accounts via BlackBerry enabled devices, it would not meaningfully be able to say which of those users has a "U.S. Gmail account." Even requiring Google to make that attempt would impose an undue burden on a third party. *See id.*, ¶¶ 4-5.

Finally, Visto again does not dispute that RIM *should* have this information, but rather simply claims that RIM does not, based on Visto's inadequate attempts to seek the information from RIM.

# REDACTED    REDACTED

The question is not whether RIM *does* track such information, but whether it *can* track that information. If RIM, a party to the Visto litigation, has the ability to gather this information, then the burden should not laid upon Google, a third party. In addition, Visto does not explain why it needs a breakdown of BlackBerry users by Internet email provider, instead of just the total number of internet email subscribers that synchronize their email via BlackBerry enabled devices. Indeed, Visto may already have sufficient

415776.04

6

THIRD PARTY GOOGLE'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER, AND OPPOSITION TO MOTION TO COMPEL
MISC. CIVIL CASE NO. 3:08-mc-80031-JSW (JL)

1  information from RIM.[3]

2  **C.  Visto's document requests fail for the same reasons as its deposition topics.**

3  Visto also served document requests duplicative of the deposition topics discussed above. Visto now purports to move to compel production of those documents. Opp'n Mot. at 13-16. But Visto's so-called motion to compel does not comport with the notice of motion and motion requirements of Civil Local Rule 7-2 and should therefore be denied as procedurally improper.

7  Even if the Court eventually reaches the merits of Visto's "motion," it should be denied for the same reasons already discussed. Visto concedes that its proposed declaration – which does not contemplate the production of any documents, nor reference any documents – is all that it reasonably needs from Google. Requiring the production of admittedly irrelevant documents would necessarily be an undue burden on Google. *See Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("[I]f the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever . . . would be by definition 'undue.'"). Should the Court, however, decide to order any document production at all, Google requests that the Court order the parties to meet and confer over the appropriate protective order to enter in this litigation. Contrary to Visto's claim, it would be improper to require Google to produce documents under the protective order entered by the Eastern District of Texas. Google has been subpoenaed in this District, and for purposes of this matter jurisdiction is only proper before this Court.

20  **D.  Visto's request for attorneys' fees and costs should be denied.**

21  In the last sentence of its opposition, Visto requests attorneys' fees and costs. This request should be denied for two reasons. First, it is procedurally improper. *See* Fed.R.Civ.P 37(a)(5). Second, Visto's claim for attorneys' fees and costs lacks merit. By stripping down its broad subpoena to a two-page declaration – after Google filed its motion to quash – Visto

---

[3] **REDACTED**

415776.04

THIRD PARTY GOOGLE'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER, AND OPPOSITION TO MOTION TO COMPEL
MISC. CIVIL CASE NO. 3:08-mc-80031-JSW (JL)

1  effectively admits that the rest of the subpoena was unnecessary and by extension that Google's
2  motion was meritorious. *See id.* (An award of expenses is not appropriate if "the opposing
3  party's nondisclosure, response, or objection was substantially justified[.]").

## CONCLUSION

Visto admits that most of its subpoena seeks irrelevant information. As for the information Visto does still claim to need, it has either already learned or should have learned that information from RIM, or it cannot learn the information without imposing an undue burden upon Google. Accordingly, Google respectfully requests that the Court (1) grant its motion to quash, or in the alternative, for a protective order, (2) deny Visto's motion to compel production of documents, and (3) deny Visto's request for attorneys' fees and costs.

Dated: April 23, 2008.

Respectfully submitted,
KEKER & VAN NEST, LLP

By: /s/ Ashok Ramani
MICHAEL H. PAGE
ASHOK RAMANI
KHARI J. TILLERY
Attorneys for Third-Party Google, Inc.

8
THIRD PARTY GOOGLE'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA, OR IN THE
ALTERNATIVE, FOR PROTECTIVE ORDER, AND OPPOSITION TO MOTION TO COMPEL
MISC. CIVIL CASE NO. 3:08-mc-80031-JSW (JL)

415776.04