UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Visto Corporation, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Research in Motion Limited,<br><br>　　　　Defendants.<br>_____/ | No. C 08-80031 JSW MISC (JL)<br><br>**ORDER DENYING MOTION TO QUASH;**<br>**DENYING MOTION FOR SANCTIONS** |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Jeffrey S. White), pursuant to 28 U.S.C. §636(b) and Civil Local Rule 72. The motion of third party Google, Inc. ("Google") to quash a subpoena for 30(b)(6) deposition and production of documents (Docket #1), and Plaintiff Visto's motion for sanctions, included in its opposition to Google's motion, came on for hearing. Appearing for Plaintiff Visto Corporation ("Visto") was Steven J. Pollinger, *pro hac vice*, McCOOL SMITH P.C., Austin, Texas. Appearing for Defendant Research in Motion ("RIM") was Tiffany Cunningham. Appearing for Google was Ashok Ramani, KEKER & VAN NEST. The Court considered the moving and opposing papers and the arguments of counsel and hereby denies both motions.

**Background**

Visto is suing Research in Motion ("RIM") in the U.S. District Court for the Eastern District of Texas, Marshall Division *(Visto Corp. V. Research in Motion Ltd. Et al.*, Case No. 2-06-CV-181-TJW). It alleges that RIM is infringing five of its patents, which relate to technology that enables remote access to business information such as e-mail using smart phone such as BlackBerries.

Visto on February 1, 2008, served Google with a subpoena pursuant to FRCP 30(b)(6) on 10 topics, also requesting production of documents on those same topics. Google claims this discovery is burdensome, highly confidential, and can be obtained from Defendant RIM.

**ANALYSIS**

The parties met and conferred, as required by FRCP 37 and Civil Local Rule 37. Google then served objections to the deposition subpoenas.

**Motion to Quash**

Google asks the Court to exercise its discretion pursuant to FRCP 45(c)(3)(A)(iii) to quash the subpoenas or enter a protective order pursuant to FRCP 26(c) that the discovery not be had.

Visto has sought discovery from RIM, but RIM cannot provide full discovery regarding Google's e-mail system because that information is "uniquely in Google's possession."

Visto initially divided its subpoenas into five topics, which it narrowed to three at the hearing:1) whether Google's email servers that service its email users are located in the United States; 2) whether Google's email servers are located behind at least one firewall to protect the servers against external threats, such as hackers, coming from another network; 3) How Google's email system operates in conjunction with RIM's BlackBerry Internet Service.

**Visto limits its request for the location of Google's servers**

Visto rejects Google's contention that RIM knows where Google's servers are. To the contrary, Google protests that the location of its servers is extremely sensitive and highly confidential. (Robson Decl. Ex. E at 2). Visto recognizes this and is willing to limit its inquiry to whether Google's servers are located within the United States. (Visto Memo of P&A in Opp. At p. 10, n.2).

**RIM doesn't have the information Visto seeks from Google**

Only Google possesses information regarding the configuration and operation of its own email system and any implementations or customizations made by Google. Likewise, Google is more likely than RIM to know the number of Google customers accessing Google email accounts via RIM products.

Visto deposed RIM regarding how the Accused Instrumentality operates in conjunction with third-party email systems, including Google's. RIM's FRCP 30(b)(^) corporate representative witnesses and its 30(b)(1) individual witnesses consistently testified that RIM did not have the information Visto sought in its subpoenas to RIM. They did not know where Google's servers are located. (Robson Decl., Ex. H, at 40:17-24); Ex. I, at 58:22-24; 93:6-8; 122:11-13, and Ex. J, at 54:16-19). They could not identify the notification or communication protocols used by Google in connection with RIM's BlackBerry Internet Service. (Id. at Ex. I, 62:15-17 and 90:5-8). RIM's Vice President of Services product Marketing could not state whether Google has implemented or created any specialized software to support communication between Google's email servers and RIM's BlackBerry Internet Service. (Id. at Ex. K, 77:10-23). RIM's witnesses also testified that RIM does not track the percentage of its customers using the BlackBerry Internet Service in conjunction with Google's email services. (Id. at Ex. J, 47:21-24). Visto concludes that RIM does not have the information it seeks in the subpoenas to Google at issue in the motion to quash.

### Visto sought documents from RIM

The Eastern District of Texas requires voluntary production of documents without a formal discovery request (much like the Northern District of California initial disclosures) (*Id.* at Ex. L, at 3)

Above and beyond RIM's voluntary discovery obligations, Visto specifically requested in writing that RIM produce documents that relate to the subjects of the subpoenas served on Google. (*Id.* at Ex. M and N) RIM responded that it had "performed a reasonable search for documents within RIM's possession, custody, and control and [previously] [produced those documents." (*Id.* at Ex. N) Consequently, Visto tailored its subpoenas to Google to include only those documents unobtainable from RIM. By RIM's admissions, the documents and information Visto seeks is uniquely in the possession, custody, and control of Google.

### Visto minimized Google's burden by narrowly tailoring the requests

Visto minimized the burden on Google by narrowly tailoring its requests. Google fails to meet its burden to show specifics of how the requests would be burdensome for it to respond to. *Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D.Ala. 1998) (holding that an objection must show specifically how a [discovery request] is overly broad, burdensome, or oppressive by submitting evidence or offering evidence which reveals the nature of the burden . . .).

### There is an Attorneys-Eyes-Only Protective Order

Any proprietary interest Google may have in its highly confidential documents is assuaged by the three-tiered Protective Order in this case - - a party may designate documents or information, including deposition testimony, as "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Attorneys' Eyes Only - Computer Source Code." (Visto's Memo of P&A in Opp. At pages 15-16; Robson Decl. Ex. P at 7)

### Google should respond to subpoenas for depositions and documents ASAP

Fact discovery in the underlying case closed March 18, 2008. Time appears to be of the essence and Visto requests that the Court order Google to make a corporate

United States District Court
For the Northern District of California

1  representative available for deposition and produce documents responsive to the
2  subpoenas, within five days of the Court order.

### Motion for sanctions is denied

The Civil Local Rules for the Northern District of California require that a motion for sanctions be filed as a separate noticed motion, rather than appended to a discovery motion (Civil Local Rule 7-8). Visto did not request sanctions against Google in a separate noticed motion, but added it as the last two lines of the conclusion of its opposition to Google's motion to quash. This does not satisfy the requirements of the Local Rules. Visto's motion for sanctions is denied.

### Order

The parties shall meet and confer, and, within seven days of the date of the hearing on this matter, either agree on a sworn declaration by Google sufficient to respond to the three categories of information requested above by Visto, or make available a knowledgeable witness to testify and produce documents pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: May 9, 2008

_____
JAMES LARSON
Chief Magistrate Judge